## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

FRED HANEY, MARSHA MERRILL,
SYLVIA RAUSCH, STEPHEN SWENSON,
and ALAN WOOTEN, individually, and on
behalf of all others similarly situated,

      *Plaintiffs*,

v.

GENWORTH LIFE INSURANCE
COMPANY and GENWORTH LIFE
INSURANCE COMPANY OF NEW
YORK,

      *Defendants.*

**Civil Action No.:  3:22-cv-00055-REP**

## ORDER GRANTING PRELIMINARY APPROVAL OF
## SETTLEMENT AND DIRECTING NOTICE TO CLASS

This matter is before the Court on Plaintiffs' Motion to Direct Notice of Proposed Settlement to the Class ("Motion"). ECF No. 26. Plaintiffs, individually and on behalf of the proposed settlement class ("Class"), and Genworth Life Insurance Company and Genworth Life Insurance Company of New York (collectively, "Genworth") have entered into a Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement") to resolve the above-captioned litigation. Having considered the Motion, the Memorandum of Law in support, and the Settlement Agreement, together with all Declarations, Exhibits, and attachments thereto, the record, and the briefs and oral argument in this matter, IT IS HEREBY ORDERED as follows:

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.     The Court has jurisdiction over this litigation, Plaintiffs, Genworth, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3.     On April 1, 2022, Plaintiffs filed their Motion and Memorandum of Law in support after the Parties entered into the Settlement Agreement, submitting to the Court, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties' Settlement Agreement and appendices thereto, as well as Declarations of Plaintiffs' counsel, the proposed Settlement Administrator, and the mediator in support of the Motion. ECF Nos. 26 and 27.

4.     On May 2, 2022, the Court held the hearing on the Motion. ECF No. 30.

5.     The Court has reviewed the terms of the proposed Settlement Agreement, the appendices thereto, Plaintiffs' Motion and Memorandum of Law in support, and the Declarations of Plaintiffs' counsel, the proposed Settlement Administrator, and the mediator.

6.     Based on its review of these filings, the Court finds that the Settlement Agreement is the result of considerable, informed, arm's-length negotiations conducted with an experienced

mediator, Rodney A. Max of Upchurch, Watson, White & Max Mediation Group, and further arms-length negotiations between Class Counsel and Genworth's counsel.

7.      The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class, and are fair, reasonable, and adequate, and the Court is likely to grant final approval of the Settlement.

8.      The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein, and directs that Notice be sent to the Class in the form and manner prescribed in the Settlement Agreement and discussed herein.

## PRELIMINARY CERTIFICATION OF THE CLASS

9.      Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for settlement purposes only, the Class defined as follows:

> all Policyholders[1] of GLIC and GLICNY long-term care insurance Choice 2, Choice 2.1, California CADE, California Reprice, and California Unbundled policies and state variations of those Class Policies[2] in force at any time during the Class Period[3] (defined below) and issued in any of the States[4] excluding: (1) those Policyholders whose policies entered Non-Forfeiture Status (defined below) or entered a Fully Paid-Up Status (defined below) prior to January 1, 2014; (2) those Policyholders whose Class Policy is Lapsed (defined below) and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past due premium, or whose Class Policy has otherwise Terminated

---

[1] "Policyholder(s)" means the policy owner, except: (1) where a single policy or certificate insures both a policy owner and another insured person, "Policyholder(s)" means both the policy owner and the other insured person jointly; (2) where the Class Policy at issue is certificate 7042CRT, 7044CRT, or any other Class Policy that is a certificate issued under a group long-term care insurance policy, "Policyholder(s)" means the certificate holder.

[2] "Class Policies" means Genworth long-term care insurance policies on the policy forms identified in Appendix A to the Settlement Agreement in force at any time during the Class Period and issued in any of the fifty (50) states of the United States or the District of Columbia.

[3] The "Class Period" means any time on or between January 1, 2013 and the date the Class Notice is mailed.

[4] The complete list of the Class Policy forms that are included within the definition of Class is attached hereto as **Appendix A**.

(defined below), as of the date of the Class Notice; and those Policyholders whose Class Policy is Lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past due premium or has otherwise Terminated, as of the date the Special Election Letter[5] would otherwise be mailed to the Policyholder; (3) those Policyholders who are deceased at any time before their signed Special Election Option is post-marked for mailing to Genworth, or is faxed or emailed to Genworth; (4) Genworth's current officers, directors, and employees as of the date Class Notice is mailed; and (5) Judge Robert E. Payne and his immediate family and staff.

10. The Court preliminarily finds that the Class satisfies the requirements of Fed. R. Civ. P. 23(a): (1) the Class is presently comprised of approximately 345,000 members in all fifty (50) States and the District of Columbia; (2) there are questions of law or fact common to the Class; (3) the Named Plaintiffs' claims are typical of those of Class Members; and (4) the Named Plaintiffs and their counsel will fairly and adequately protect, and have adequately protected, the interests of the Class.

11. The Court preliminarily finds that the Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3): (a) the questions of law or fact common to the Class predominate over individual questions; and (b) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

12. The Court hereby appoints Named Plaintiffs Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson and Alan Wooten as Class representatives.

13. The Court hereby appoints Brian D. Penny of Goldman Scarlato & Penny, P.C., Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP, Jonathan M. Petty of Phelan Petty, PLC, and Glen L. Abramson of Berger Montague PC as Class Counsel.

---

[5] The "Special Election Letter" means the letter that Genworth will send, as part of consideration to the Class under this Settlement that provides disclosures and settlement options available to the Class Member.

## NOTICE & ADMINISTRATION

14.     The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator to fulfill the duties of Settlement administration set forth in the Settlement Agreement.

15.     The Court approves the forms of the Class Notice and Publication Notice appended to the Settlement Agreement, and attached hereto as **Exhibits A** and **B**, respectively, and finds that the Class Notice and Publication Notice satisfy the requirements of due process and Fed. R. Civ. P. 23, and will provide the best notice practicable under the circumstances. The Class Notice and Publication Notice, as well as the plan for dissemination of the same, are reasonably calculated to apprise Class Members of the nature of this litigation, the scope of the Class, the terms of the Settlement Agreement, the right of Class Members to object to the Settlement Agreement or to exclude themselves from the Class and the processes for doing so, and of the Final Approval Hearing.

16.     The Court therefore approves the Class Notice and Publication Notice and directs the Parties and the Settlement Administrator to proceed with providing notice to Class Members pursuant to the terms of the Settlement Agreement and this Order.

17.     Under the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the Class Notice no more than 60 calendar days after entry of the instant Order ("Notice Date").

18.     Under the terms of the Settlement Agreement, the Settlement Administrator shall also publish the Publication Notice. The Publication Notice shall be an eighth of a page in size, and will be published for one business day in the national edition of *The New York Times*, *The Wall Street Journal*, and *USA Today*, no later than 40 days before the Final Approval Hearing.

19.     The Court further approves the form of the Special Elections Letter to be mailed to Class Members, subject to any necessary changes as a result of discussions with or input of state regulators, as well the administration and/or auditing procedures with respect to the same described in the Settlement Agreement.

## EXCLUSIONS AND OBJECTIONS

20.     Class Members who wish to opt-out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, postmarked no later than sixty (60) calendar days after the mailing of Class Notice.  Each request for exclusion must include: (1) the Class Member(s)' name(s), (2) the Class Member(s)' address(es), (3) if available, the Class Member(s)' policy number(s), (4) a statement that the Class Member(s) is/are "requesting exclusion" from the Settlement Agreement, (5) the name of the case and case number (*Haney v. Genworth Life Ins. Co.*, Case No. 3:22-cv-00055-REP), and (6) the Class Member(s)' signature(s). All Class Members who do not opt out shall be bound by the terms of the Settlement.

21.     Class Members who wish to object to the Settlement Agreement may do so only by submitting a written objection to the Court with a copy to the Settlement Administrator in accordance with the procedures outlined in the Class Notice no later than sixty (60) calendar days after the mailing of Class Notice.

22.     Any Class Member who does not timely submit a written objection in accordance with the procedures outlined in the Class Notice shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Order and Judgment by appeal or other means.

## FINAL APPROVAL HEARING

23.     The Court will hold a Final Approval Hearing on November 17, 2022 at 10:00 a.m. in Courtroom 7400 at the Spottswood W. Robinson III & Robert R. Merhige, Jr., Federal Courthouse of the Eastern District of Virginia, 701 East Broad Street, Richmond, Virgina 23219.

24.     At the Final Approval Hearing, the Court will consider whether: (a) the Settlement Agreement is fair, reasonable, and adequate; (b) the Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for an award of attorneys' fees and expenses should be granted; and (e) the Service Payments sought for Named Plaintiffs should be awarded.

## DEADLINES, INJUNCTIONS, AND TERMINATION

25.     All proceedings, deadlines, and discovery in this matter, except those necessary to implement this Order and the Settlement Agreement, are hereby stayed and suspended until further Order of the Court.

26.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation (including any briefs filed in support of preliminary or final approval of the Settlement Agreement) shall: (i) be admissible into evidence for any purpose in any action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (ii) be deemed an admission or concession by any Party including regarding the validity of any Released Claim or

the propriety of certifying any class against Genworth; or (iii) be deemed an admission or concession by any Party including regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

27.     The dates of performance contained herein may be extended by Order of the Court, for good cause shown, without further direct notice to the Class.

## SUMMARY OF DEADLINES

28.     The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include, but are not limited to:

| Event | Calculation of Due Date | Proposed Date |
|---|---|---|
| Date for commencing the mailing of the Class Notice to the Class | At least 90 calendar days after entry of Notice Order | August 1, 2022 |
| Deadline for filing of papers in support of final approval of Settlement and Plaintiffs' counsel's application for attorneys' fees, expenses, and service awards | At least 60 calendar days prior to Final Approval Hearing | September 16, 2022 |
| Publication of Publication Notice | At least 15 calendar days before the Deadline for requesting exclusion from the Class or filing objections | By September 15, 2022 |
| Deadline for requesting exclusion from the Class or filing objections | 60 calendar days after the mailing of Class Notice | September 30, 2022 |
| Deadline for filing reply brief(s) in support of final approval of Settlement and Class Counsel's application for an award of attorneys' fees, expenses, and Named Plaintiffs' service payments, and | 14 calendar days prior to Final Approval Hearing | November 3, 2022 |
| Deadline for Genworth to report to the Court concerning any state regulatory input on the Settlement | 14 calendar days prior to Final Approval Hearing | November 3, 2022 |
| Final Approval Hearing | At least 120 calendar days after entry of the Notice Order | November 17, 2022 |

**IT IS SO ORDERED.**

Dated: _May 2_, 2022

/s/   REP

ROBERT E. PAYNE
UNITED STATES DISTRICT JUDGE