# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| FRED HANEY, MARSHA MERRILL, SYLVIA RAUSCH, STEPHEN SWENSON, and ALAN WOOTEN, individually, and on behalf of all others similarly situated,<br><br>　　　*Plaintiffs*,<br>v.<br><br>GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>　　　*Defendants*. | Civil Action No.: 3:22-cv-00055-REP |

**DECLARATION OF FRED HANEY IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND REQUEST FOR SERVICE PAYMENT**

I, Fred Haney, declare pursuant to 28 U.S.C. §1746 as follows:

1. My name is Fred Haney. I am over the age of 18, and I am competent to give testimony. The statements contained herein are based upon my personal knowledge and are true and correct.

2. I am one of the named plaintiffs in the above-captioned action. I submit this Declaration in support of final approval of the proposed settlement of this action, and my request for Genworth's payment to me of a service award for my service as a class representative in this case, subject to the Court's approval.

3. All during my counsel's pre-suit investigation of this case, and since I joined this case as a named plaintiff, I have understood, and currently understand, that my obligations as a class representative include placing the interests of the class ahead of my own. I have consistently demonstrated my commitment by pursuing this litigation actively and diligently. I preserved data and documents in accordance with my obligations, and I devoted many hours on behalf of the class.

4. I worked with my counsel, principally Brian D. Penny of Goldman Scarlato & Penny, P. C., to educate myself regarding the case, the potential claims, and the potential settlement options, including understanding the terms of the prior negotiated settlements in the *Skochin v. Genworth* and *Halcom v. Genworth* cases. I reviewed documents related to those settlements and had numerous discussions with Mr. Penny about mediations scheduled with Genworth to attempt to resolve this case along similar lines as *Skochin* and *Halcom*.

5. Between November 1, 2021, and January 14, 2022, I spoke on several occasions with Mr. Penny about the attorneys' ongoing mediation efforts with mediator Rodney Max to attempt to settle the litigation. I was kept advised by Mr. Penny regarding the progress of each of

1

the mediation sessions and the state of the negotiations, was very well informed of the negotiations as they progressed, and was given ample opportunity to comment on and ask questions about the settlement, which I did. Based on my discussions with counsel and review of communications regarding the mediation and settlement proposals, I approved the settlement terms prior to the entry of the parties into a Memorandum of Understanding on January 15, 2022.

6. Following signing of the MOU, I worked with Mr. Penny to draft the complaint filed in this action, approving the complaint before it was filed with the Court.

7. Following the filing of the complaint, I reviewed all of the document requests and interrogatories that Genworth served on me with Mr. Penny and with Glen L. Abramson of Berger Montague PC, and worked with them to provide careful, correct answers to the interrogatories and to search for, collect, and produce responsive documents concerning my claims and Genworth's defenses, including extremely sensitive information regarding my financial and medical circumstances.

8. My attorneys made certain that I stayed fully informed throughout the pendency of the case, including sending me drafts of all major court filings, communicating case developments with me frequently, and working very hard to assist me in responding to interrogatories and document requests. My counsel also ensured that I was fully informed before making a decision whether to accept the proposed settlement negotiated by my counsel with Genworth's counsel.

9. In my opinion, the settlement with Genworth provides the class with a fair and well-deserved result following the impact of Genworth's actions. Indeed, it is my firm belief that we obtained virtually all of the relief we sought in this case – *i.e.*, the ability to make an informed decision, based on all material facts, regarding our Genworth long term care insurance policies. In addition, I fully support and approved class counsel's fee and expense application to the Court.

3

Absent class counsel's highly professional work and advocacy on behalf both of myself and the Class, the excellent settlement proposed to the Court would not have been achieved.

I declare under penalty of perjury under the laws of the United States the foregoing facts are true and correct and that this declaration was executed this 18th day of August, 2022.

*Fred Haney*
Fred Haney

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I filed the foregoing pleading or paper through the Court's CM/ECF system, which sent a notice of electronic filing to all registered users.

/s/ Jonathan M. Petty
Jonathan M. Petty (VSB No. 43100)
PHELAN PETTY, LLC
3315 West Broad Street
Richmond, VA 23230
Telephone: 804/980-7100
804/767-4601 (fax)
jpetty@phelanpetty.com

*Counsel for Plaintiffs*

4