# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

FRED HANEY, MARSHA MERRILL,
SYLVIA RAUSCH, STEPHEN SWENSON,
and ALAN WOOTEN, individually, and on
behalf of all others similarly situated,

      *Plaintiffs*,

      v.

GENWORTH LIFE INSURANCE
COMPANY and GENWORTH LIFE
INSURANCE COMPANY OF NEW YORK,

      *Defendants*.

Civil Action No. 3:22-cv-00055-REP

## SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF SETTLEMENT NOTICE PLAN

I, Cameron Azari, declare as follows:

1.      My name is Cameron R. Azari, Esq. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and I have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that specializes in designing, developing, analyzing and implementing large-scale legal notification plans. Hilsoft is a business unit of Epiq.

4.      This declaration will provide updated administration statistics for the implementation of the Settlement Notice Plan ("Notice Plan" or "Plan") and notices (the "Notice" or "Notices") for the Settlement in *Haney v. Genworth Life Ins. Co.*, No. 3:23-cv-00055-REP, in the United States District Court for the Eastern District of Virginia.

5.      I previously executed my *Declaration of Cameron R. Azari, Esq. on Settlement*

*Notice Plan and Administration,* on March 31, 2022, in which I detailed Hilsoft's class action notice experience and attached Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs. Subsequently, I executed my *Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Settlement Notice Plan* ("Implementation Declaration") on September 14, 2022, in which I detailed Hilsoft's successful implementation of the Settlement Notice Plan.

6.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Hilsoft and Epiq, who worked with us to implement the Notice Plan.

## NOTICE PLAN IMPLEMENTATION

### *Individual Notice*

7.      As stated in my Implementation Declaration, on August 1, 2022, Epiq sent the detailed Notice via USPS first-class mail to the 352,146 Class Members. Address updating (both prior to mailing and on undeliverable pieces) and re-mailing protocols met or exceeded those used in other class action settlements.

8.      Additionally, a Class Notice has been mailed to all persons who requested one via the toll-free telephone number maintained by Epiq (as detailed below) or by mail. As of November 1, 2022, Epiq has mailed 31 additional Class Notices as a result of such requests.

9.      The USPS automatically forwards Class Notices with an available forwarding address order that has not expired ("Postal Forwards"). The return address on these Class Notice mailings is a post office box maintained by Epiq, and for Class Notices returned as undeliverable, Epiq re-mailed the Class Notice to any new address available through USPS information (for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, but which is still during the period in which the USPS returns the piece with the address indicated). For other returned Class Notice mailings, Epiq also has obtained

better addresses by using a third-party lookup service, a process commonly referred to as "skip-tracing". Epiq also has worked with Defendants to ensure that any such changes of address for Class Members appear current. Upon successfully locating better addresses through these means, Class Notices have been promptly re-mailed that Epiq has received from the USPS. As of November 1, 2022, Epiq has re-mailed six such Class Notices. As of November 1, 2022, Epiq has received a total of 150 undeliverable Class Notices (which includes any remailed Class Notices that were also returned as undeliverable).

### Notice Results

10.     As of November 1, 2022, Epiq has mailed Class Notices to 352,168 unique records, with Notice to 150 unique Class Members currently known to be undeliverable. In my experience, the approximate 99% deliverable rate to identified likely Class Members is indicative of the extensive address research, updating and remailing protocols used and that the Notice Program in this case met and, indeed, exceeded expectations.

### Supplemental Publication Notice

11.     On September 2, 2022, the Publication Notice was published for one business day in the national editions of *The New York Times*, *The Wall Street Journal*, and *USA Today* as an 1/8 page ad unit. The combined average weekday circulation of these three publications is approximately 1.26 million.

### Case Website, Toll-free Telephone Number, and Postal Mailing Address

12.     The existing dedicated website for the Settlement that Epiq established on August 1, 2022, (www.Choice2LongTermCareInsuranceSettlement.com) continues to be available 24 hours a day, 7 days a week. Class Members are able to obtain detailed information about the case and review key documents, including the Notice, Settlement Agreement and its exhibits, the Complaint, the Preliminary Approval Order, and Class Counsel's motions and briefs in support of the Settlement, as well as answers to frequently asked questions ("FAQs") and a toll-free telephone number. The case website address was displayed prominently in all Notices. A true and correct

copy of the each of the pages of the case website are attached to this declaration as **Attachment 1**.

13.     As of November 1, 2022, there have been 39,453 unique visitor sessions to the case website, and 72,593 web pages have been presented to visitors.

14.     The existing toll-free telephone number (1-855-662-0078) that Epiq established on August 1, 2022, continues to be available 24 hours per day, 7 days per week. Class Members are able to call for additional information, listen to answers to FAQs, request that a Notice be mailed to them, and choose to speak to a live operator during normal business hours. The toll-free telephone number also was prominently displayed in the Notices. As of November 1, 2022, the toll-free number has handled 11,674 calls for 70,661 minutes of use and live operators have handled 2,801 calls for 31,302 minutes of use.

15.     A post office box that was established to allow Class Members to send inquiries about the Settlement continues to be available.

### *Exclusion Requests and Objections*

16.     The deadline to request exclusion or objection to the Settlement was September 30, 2022. As of November 1, 2022, Epiq has received 187 requests for exclusion from the Settlement that were postmarked on or before September 30, 2022. As of November 1, 2022, I have reviewed all the objections available on the Court docket, and none relate to the method of providing notice or settlement administration. The Request for Exclusion Report is included as **Attachment 2**.

### <u>CONCLUSION</u>

17.     I believe this Notice program provided the best notice practicable given the circumstances. It is my opinion that the Notice program as implemented herein was consistent with other class action notice plans that have been approved by both state and federal courts nationwide. This Notice program was designed and implemented to reach as many Class Members as possible and provided them with the opportunity to review a plain language notice with the ability to easily take the next step and learn more about this Action and Settlement.

SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON
IMPLEMENTATION AND ADEQUACY OF SETTLEMENT NOTICE PLAN

18. The individual notice (mailing) reached approximately 99% of the identified Class. The established website and the supplemental publication notice expanded the reach of the notice further. In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%." Here, we have developed and implemented a Notice Plan that readily achieved a reach that exceeded the highest end of that standard.

19. The Notice Plan as implemented provided for the best notice practicable under the circumstances of this case, conformed to all aspects of the Rule 23, and comported with the guidance for effective notice set out in the Manual for Complex Litigation, Fourth.

20. The Notice Plan schedule afforded sufficient time to provide full and proper notice to Class Members before the opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 2, 2022, at Beaverton, Oregon.

_____
Cameron R. Azari

Attachment 1

# Haney, et al. v. Genworth Life Insurance Company, et al. (/)

United States District Court for the Eastern District of Virginia (Richmond Division)

Case No. 3:22-cv-00055-REP

## Welcome to the Information Website for the Haney v. Genworth Life Insurance Class Action Settlement

If you own a Choice 2, Choice 2.1, California CADE, California Reprise, or California Unbundled long-term care insurance policy issued by Genworth Life Insurance Company or Genworth Life Insurance Company of New York, you may be part of a class action settlement. Genworth has agreed to settle a proposed class action involving certain long-term care policies.

A proposed settlement has been reached between the parties in the *Haney, et al. v. Genworth Life Insurance Company, et al.* class action lawsuit pending in the United States District Court for the Eastern District of Virginia (the "Class Action"), and on May 2, 2022, the settlement was granted preliminary approval by the Court supervising the lawsuit.

The purpose of this website is to describe the Class Action, to inform Class Members of the proposed settlement terms, and to inform Class Members of their potential rights and options in connection with the settlement.

In January 2022, five policyholders filed a Class Action Complaint alleging that Genworth should have included certain additional information in letters sent to Genworth Choice 2, Choice 2.1, California CADE, California Reprice, and California Unbundled policyholders about premium rate increases. Genworth denies all allegations and maintains that its disclosures to policyholders were reasonable, appropriate, and truthful.

Pending final Court approval and subject to certain conditions, impacted policyholders may receive certain disclosures and policy options, including potential payments or credits. If you are a Class Member, you may be entitled to obtain this relief, and you may have other rights relating to the proposed settlement.

**If you received a notice addressed to you in the mail, then you have been identified as a Class Member in the settlement. If the Settlement Agreement is approved by the Court, Class Members will then be sent another correspondence with options to elect to receive benefits under the Settlement Agreement. Please be patient.**

Because the rights of Class Members may be affected, it is extremely important that you read this website carefully.

## Summary of Your Legal Rights and Options in This Settlement

| Option #1:<br>Do Nothing | If you do not oppose the settlement of the lawsuit, then simply do nothing. You do not need to send any documents to the Settlement Administrator. IF YOU DO NOTHING, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE. If you do nothing, you will not have the right to pursue your own action for the claims covered by the Class Action Release. If the Settlement Agreement is finally approved by the Court, you will then be sent another correspondence with options to elect to receive benefits under the Settlement Agreement. |
|---|---|
| Option #2:<br>Exclude Yourself | If you do NOT want to be bound by the Settlement Agreement and wish to retain the right to proceed against the Defendants on your own as to the claims that were alleged, or that have a reasonable connection with any matter of fact set forth in the Class Action, subject to any defenses that may be available to the Defendants to any claims you may have, including, but not limited to, statutes of limitation and statutes of repose, then you must notify the Settlement Administrator that you wish to exclude yourself from the Settlement Agreement and the Class (also known as "opting out").<br><br>To do so, you must send a signed letter to the Settlement Administrator, which includes: (1) your name, (2) your address, (3) if available, your policy number, (4) a statement that you are "requesting exclusion" from the Settlement Agreement, (5) the name of the case and case number (*Haney, et al. v. Genworth Life Insurance Company, et al.*, Case No. 3:22-cv-00055-REP), and (6) your signature.<br><br>Opt-out letters can be mailed to the Settlement Administrator at the following mailing address: P.O. Box 2860, Portland, OR 97208-2860.<br><br>The letter requesting exclusion must be postmarked no later than **September 30, 2022**. Any request for exclusion received with a postmark after that date will be invalid.<br><br>IF YOU CHOOSE TO EXCLUDE YOURSELF, YOU WILL NOT RECEIVED THE SETTLEMENT AGREEMENT POLICY ELECTION OPTIONS OR OTHER RELIEF AND THE TERMS OF THE SETTLEMENT WILL NOT APPLY TO YOU. |

| Option #3: Object | If you want to remain in the Settlement Agreement and be bound by its terms, but you oppose any aspect of the Settlement Agreement, or Class Counsel's application for an award of fees and expenses, you may object to the Settlement Agreement. |
|---|---|
| | In order to object, you must file a written Objection with the Clerk of United States District Court for the Eastern District of Virginia, located at 701 East Broad Street, Richmond, VA 23219, and you must serve a copy of the written Objection on the Settlement Administrator at the following address: P.O. Box 2860, Portland, OR 97208-2860. |
| | A written Objection must include: (1) your name, (2) your current address, (3) the name of the case and case number (*Haney, et al. v. Genworth Life Insurance Company, et al.*, Case No. 3:22-cv-00055-REP), (4) the basis or reason(s) for your objection(s), (6) your signature, and (7) if you (or someone on your behalf such as an attorney) intends to appear at the Final Approval Hearing, a statement stating that you (or someone on your behalf) intend to appear at the Final Approval Hearing. |
| | A written Objection must be filed with the Court **and** sent to the Settlement Administrator with a postmark no later than September 30, 2022. Any written Objection filed and/or mailed with a post-mark after this deadline will be invalid. |
| | You may be permitted to appear personally (or through an attorney) at the Final Approval Hearing to present your objections directly to the Court **if you first timely file and serve a written Objection and do not submit a request for exclusion**. A written Objection must state whether you (or someone on your behalf, such as an attorney) intends to appear at the Final Approval Hearing. If you wish to have an attorney represent you in connection with any written Objection, including to appear at the Final Approval Hearing, you will be responsible for any fees or expenses of that attorney. If you submit a written Objection, you will remain a Class Member and, if the Court rejects your objection(s), you will still be bound by the terms of the Settlement Agreement, including the Release. |
| Go to a Hearing | A court hearing concerning the fairness of the settlement will be held on November 17, 2022, at 10:00 a.m. ET at the following address: The Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, Richmond Courtroom 7400 to determine whether the settlement should be given final approval by the Court. You are not required to attend the hearing in order to participate in the settlement. |

# Important Dates

**September 30, 2022**
Deadline to Exclude Yourself from the Settlement

**September 30, 2022**
Deadline to Object to the Settlement

**November 17, 2022, at 10:00 a.m.**
Final Approval Hearing

Contact Us (/Home/ContactUs)    Privacy Policy (https://www.epiqglobal.com/en-us/general/eca-privacy-policy)

Terms of Use (http://www.epiqglobal.com/terms-of-use)

© 2022 (http://www.epiqglobal.com) All rights reserved | | Version: 1.0.0.5 | Updated: 9/19/2022 1:53:06 PM

# Haney, et al. v. Genworth Life Insurance Company, et al. (/)

United States District Court for the Eastern District of Virginia (Richmond Division)

Case No. 3:22-cv-00055-REP

# Frequently Asked Questions

1. What is this class action lawsuit about?

2. Who is included in the Settlement?

3. How can I be included in the Settlement?

4. How do I exclude myself from the Settlement?

5. How do I object to the Settlement?

6. What are the terms of the Settlement?

7. When and where will the Court decide whether to approve the Settlement?

8. Additional important information

1. **What is this class action lawsuit about?**

   On January 28, 2022, five individuals with GLIC or GLICNY Choice 2, Choice 2.1, California CADE, California Reprice, and/or California Unbundled long-term care insurance policies Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson, and Alan Wooten ("Named Plaintiffs"), filed a Class Action Complaint ("Complaint") against Genworth in the United States District Court for the Eastern District of Virginia, alleging that Genworth intentionally withheld material information from Policyholders with respect to the full scope and magnitude of Genworth's rate increase action plans and its reliance on Policyholders paying increased rates to pay future claims (the "Complaint"). The Complaint asserted claims for Fraudulent Inducement by Omission and for Declaratory Relief.

   Genworth denies any wrongdoing or legal liability for any alleged wrongdoing in connection with any facts or claims that have been or could have been alleged in Named Plaintiffs' lawsuit, whether on behalf of the Named Plaintiffs or Class Members. Genworth contends that the Named Plaintiffs' and Class Members' claims challenged Genworth's right to increase premiums and thus are barred by the filed-rate doctrine, and that neither Named Plaintiffs nor the putative Class has been injured or is entitled to any relief. The Court has not ruled on the merits of the claims or defenses.

   All Parties believe in the merits of their respective claims and defenses. Nevertheless, due to the uncertainties, risks, expenses, and business disruption of continued litigation, the Parties have agreed to settle the lawsuit after voluntary mediation proceedings involving a mediator. The Parties have entered into a Joint Stipulation of Class Action Settlement and Release, which the Court has preliminary approved as fair and reasonable, and which was amended and superseded by an Amended Joint Stipulation of Class Action Settlement and Release on July 6, 2022

"(Settlement Agreement"). The principal terms of the Settlement Agreement are summarized on this website. The full Settlement Agreement is on file with the Court and available on the Important Documents (/Home/Documents) section of this website.

The attorneys for plaintiffs Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson, and Alan Wooten have been designated by the Court as "Class Counsel" to represent all Class Members affected by the Settlement Agreement. Class Counsel believes that the Settlement Agreement summarized by this website is fair, reasonable, and adequate and in the best interests of the Class Members.

The following law firms are Class Counsel and represent the Class Members:

| Class Counsel | |
|---|---|
| GOLDMAN SCARLATO & PENNY, P.C.<br>Brian D. Penny<br>161 Washington Street, Suite 1025<br>Conshohocken, PA 19428 | ROBBINS GELLER RUDMAN & DOWD LLP<br>Stuart A. Davidson<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432 |
| PHELAN PETTY, PLC<br>Jonathan M. Petty<br>3315 West Broad Street<br>Richmond, VA 23230 | BERGER MONTAGUE PC<br>Glen L. Abramson<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103 |
| Class Counsel's Toll-free Number: 1-800-348-6192 | |

The Settlement Administrator is Epiq. Epiq's phone number is 1-855-662-0078; and its mailing address is Haney v. Genworth, P.O. Box 2860, Portland, OR 97208-2860.

Back To Top

## 2. Who is included in the Settlement?

The "Class Members" for purposes of this settlement are defined as all Policyholders of GLIC and GLICNY long-term care insurance Choice 2, Choice 2.1, California CADE, California Reprice, and California Unbundled policies, and State variations of those policies in force at any time during the Class Period and issued in any of the fifty (50) States or the District of Columbia (the "States") excluding: (1) those Policyholders whose policies went into Non-Forfeiture Status or entered a Fully Paid-Up Status prior to January 1, 2014; (2) those Policyholders whose Class Policy is Lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past due premium, or whose Class Policy has otherwise Terminated, as of the date of the Class Notice; and those Policyholders whose Class Policy is Lapsed and is outside any period Genworth allows for the Class Policy to be automatically reinstated with payment of past due premium or has otherwise Terminated, as of the date the Special Election Letter (defined below) would otherwise be mailed to the Policyholder; (3) those Policyholders who are deceased at any time prior to sending their Special Election Option to Genworth; (4) Genworth's current officers, directors, and employees as of the date Class Notice is mailed; and (5) Judge Robert E. Payne and his immediate family and staff.

Changes to your policy status or coverage (including, for example, whether your policy lapses or is terminated) may also impact whether or not you are in the proposed settlement class. If your policy lapses after the date of the Class Notice, it must be reinstated within your applicable auto-reinstatement period if you wish to exercise rights and options in the settlement.

Back To Top

3. **How can I be included in the Settlement?**

   If you do not oppose the settlement of the lawsuit, then simply do nothing. You do not need to send any documents to the Settlement Administrator. **IF YOU DO NOTHING, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE.** If you do nothing, you will not have the right to pursue your own action for the claims covered by the Class Action Release. If the Settlement Agreement is approved by the Court, you will then be sent another correspondence with options to elect to receive benefits under the Settlement Agreement.

Back To Top

4. **How do I exclude myself from the Settlement?**

   If you do NOT want to be bound by the Settlement Agreement and wish to retain the right to proceed against GLIC and/or GLICNY on your own as to the claims that were alleged, or that have a reasonable connection with any matter of fact set forth in the Class Action, subject to any defenses that may be available to GLIC and/or GLICNY to any claims you may have, including, but not limited to, statutes of limitation and statutes of repose, then you must notify the Settlement Administrator that you wish to exclude yourself from the Settlement Agreement and the Class (also known as "opting out").

   To do so, you must send a signed letter to the Settlement Administrator, which includes: (1) your name, (2) your address, (3) if available, your policy number, (4) a statement that you are "requesting exclusion" from the Settlement Agreement, (5) the name of the case and case number (*Haney, et al. v. Genworth Life Insurance Company, et al.*, Case No. 3:22-cv-00055-REP), and (6) your signature.

   Opt-out letters can be mailed to the Settlement Administrator at the following mailing address: Haney v. Genworth, Exclusions, P.O. Box 2860, Portland, OR 97208-2860.

   The letter requesting exclusion must be *postmarked* no later than **September 30, 2022**. Any request for exclusion received with a postmark after that date will be invalid.

   **IF YOU CHOOSE TO EXCLUDE YOURSELF, YOU WILL NOT RECEIVE THE SETTLEMENT AGREEMENT POLICY ELECTION OPTIONS OR OTHER RELIEF AND THE TERMS OF THE SETTLEMENT WILL NOT APPLY TO YOU.**

Back To Top

5. **How do I object to the Settlement?**

   **If you want to remain in the Settlement Agreement and be bound by its terms, but you oppose any aspect of the Settlement Agreement, or Class Counsel's application for an award of fees and expenses, you may object to the Settlement Agreement.**

   In order to object, you must file a written Objection with the Clerk of United States District Court for the Eastern District of Virginia, located at 701 East Broad Street, Richmond, VA 23219, and you must serve a copy of the written Objection on the Settlement Administrator at the following address: Haney v. Genworth, Objections, P.O. Box 2860, Portland, OR 97208-2860.

   A written Objection must include: (1) your full name, (2) your current address, (3) the name of the case and the case number (*Haney et al. v. Genworth Life Insurance Company et al.*, Case No. 3:22-cv-00055-REP), (4) the basis or reason(s) for your objection(s), (5) your signature, and (6) if you (or

someone on your behalf such as an attorney) intends to appear at the Final Approval Hearing, a statement stating that you (or someone on your behalf) intend to appear at the Final Approval Hearing.

Any written Objection must be filed with the Court **and** sent to the Settlement Administrator with a *postmark* no later than **September 30, 2022**. Any written Objection filed and/or mailed with a postmark after this deadline will be invalid.

You may be permitted to appear personally (or through an attorney) at the Final Approval Hearing to present your objections directly to the Court **if you first timely file and serve a written Objection and do not submit a request for exclusion**. A written Objection must state whether you (or someone on your behalf, such as an attorney) intends to appear at the Final Approval Hearing. If you wish to have an attorney represent you in connection with any written Objection, including to appear at the Final Approval Hearing, you will be responsible for any fees or expenses of that attorney. If you submit a written Objection, you will remain a Class Members and, if the Court rejects your objection(s), you will still be bound by the terms of the Settlement Agreement, including the Release.

<u>Back To Top</u>

6. What are the terms of the Settlement?
   The Settlement Agreement is conditioned upon the Court entering an order granting final approval of the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Class. Subject to the Settlement Agreement becoming final, the terms of the Settlement Agreement are as follows:

   1. **Special Election Disclosures and Options:** In consideration for a Release as described in Paragraph 2, and as a direct result of the Class Action and the Settlement Agreement, Genworth will send a special election letter ("Special Election Letter") to all Class Members after the Settlement has been finally approved. The Special Election Letter will contain, subject to approval by the Court and being approved by and/or not objected to by state insurance regulators:

      a. Disclosure of certain information about GLIC's and/or GLICNY's future rate increase plans and need for future rate increases (the "Disclosures"); and

      b. Class Members' right to make an election of either (1) maintaining current benefits at existing filed rates (subject to the future approved rate increases), or (2) electing from a selection of reduced paid-up benefit options or reduced benefit options (the "Special Election Options"), subject to the availability of those options depending on each Class Member' current policy terms and benefits and any state limitations concerning Partnership Plan ("Partnership Plan") requirements. Special Election Options that may be available could increase the amount of your current non-forfeiture paid-up benefit or entitle you to cash damages pay-outs. The actual Special Election Options available to you will depend upon many factors including, but not limited to, your current policy status and benefits, final court approval, and state regulatory review and comment.

   2. **Release:** Each member of the Class who does not timely and validly opt out of the Class, will forever release and discharge GLIC and GLICNY (collectively "Genworth") and each of those entities' respective affiliates, predecessors, successors, parents, subsidiaries, and, for

each of the foregoing, their current, former, and future directors, officers, direct and indirect owners, members, managers, attorneys, representatives, employees, and agents (the "Genworth Released Parties") of and from any and all known or unknown, contingent or absolute, matured or unmatured, suspected or unsuspected, disclosed or undisclosed, foreseeable or unforeseeable, liquidated or unliquidated, existing or arising in the future, and accrued or unaccrued claims, demands, interest, penalties, fines, and causes of action, that the Named Plaintiffs and Class Members may have from the beginning of time through and including the Final Settlement Date that relate to claims alleged, or that have a reasonable connection with any matter of fact set forth in the Class Action including, but not limited to, any claims relating to rate increases on Class Policies prior to the Final Settlement Date. This release specifically includes any legal or equitable claim arising from or related to any election or policy change made or not made by any Class Members to his or her policy benefits prior to the Final Settlement Date. Named Plaintiffs and Class Members, subject to the exception set forth below, will further release the Genworth Released Parties and Class Counsel from any claims relating to or arising out of the Disclosures or the Special Election Letters the Class Members are provided as part of the Settlement Agreement, including (but not limited to) claims specifically relating to any alleged omissions in the Disclosures or the Special Election Letters or to any decision, or non-decision, to maintain, modify, or give up coverage based on the Disclosures, the Special Election Letters, or the Special Election Options offered. A claim that a Class Member was harmed by an express and intentional misrepresentation: in the completed portion of the Disclosures that currently is bracketed in the template Special Election Letter appended as Appendix D to the Settlement Agreement, in the completed portions of the Special Election Options that are made available to that Class Member that currently are bracketed in the template Special Election Letter, or by the Genworth Released Parties or Class Counsel about the Disclosures, shall not be a Released Claim. A Class Member may pursue such a claim in the Court via complaint or petition within three years of the date the Class Member makes a Special Election or three years of the deadline for the Class Member to make a Special Election, whichever is earlier, provided that, before filing any such claim, the Class Member shall first notify the Parties of the basis for the claim and provide them with a reasonable opportunity to investigate and, if appropriate, remedy the alleged harm.

This Release will not prevent a Class Member from making a claim for benefits under his or her long-term care insurance policy consistent with his or her policy coverage, nor shall it include a Class Member's challenge or appeal of Genworth's denial of benefits under his or her Class Policy.

This is only a summary of the actual benefits and release language contained in the Settlement Agreement, which is available on the Important Documents (/Home/Documents) section of this website. If the Settlement Agreement is not approved by the Court or does not become final for any reason, the Class Action will continue, this Release will not be binding, and the Special Election Options will not be available.

3. **Attorneys' Fees and Litigation Expenses:** As part of the request for Final Approval of the Settlement Agreement, Class Counsel will file a request seeking to be paid a contingent payment of 15% of certain amounts related to Special Election Options selected by the Class, which shall be no greater than $13,000,000.00. **None** of the attorneys' fees will be deducted from payments made by Genworth to Class Members.

Class Counsel will also file a request for an award of reasonable litigation expenses in this case. These expenses will be no more than $50,000.

These are the only attorneys' fees and litigation expenses that Class Counsel will be paid as a result of the Settlement. Class Members will not be required to separately pay Class Counsel for any other attorneys' fees or expenses. Genworth has agreed to pay all fees and expenses separately. The actual amounts of attorneys' fees and litigation expenses to be paid to Class Counsel will be determined by the Court, and these amounts will be paid by Genworth directly to Class Counsel.

This is only a summary of the actual Attorneys' Fees and Litigation Expenses provisions contained in the Settlement Agreement, which is available on the Important Documents (/Home/Documents) section of this website.

4. **Class Representative Service Payment:** Named Plaintiffs Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson, and Alan Wooten have been appointed as class representatives by the Court. As part of the request for Final Approval of the Settlement Agreement, Class Counsel will request that service payments be awarded to each class representative in an amount of up to $15,000 for each of them for the time, work, and risk they undertook in bringing this Class Action and achieving a settlement on behalf of all Class Members. None of the service payments approved by the Court will be deducted from payments made by Genworth to Class Members.

Back To Top

7. **When and where will the Court decide whether to approve the Settlement?**
The Final Approval Hearing on the fairness and adequacy of the Settlement Agreement will be held on **November 17, 2022, at 10:00 a.m.** in Courtroom 7400 in The Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. You are not required to attend the Final Approval Hearing in order to participate in the Settlement Agreement, although you are free to do so if you choose. The Court, in its discretion, may continue the Final Approval Hearing to a later date, in which case no additional written notice will be sent to Class Members, so it is incumbent upon you to check this website regarding the Final Approval Hearing date and time if you wish to attend.

Back To Top

8. **Additional important information**
The Special Election Options described on this website still require final approval by the Court and are subject to review by state insurance regulators.

You should also consider the following additional information, which may impact the availability of Special Election Options under this settlement:

1. **If you currently have a long-term care policy with Genworth, you must continue to pay premiums (unless your premiums have been waived or your policy is in Fully Paid-Up Status) to keep your policy in force so that it is eligible for Special Election Options under this settlement.** Your premiums also remain subject to any rate increases that may be approved or otherwise permitted.

2. **Changes to your policy status or coverage (including lapse or termination) may impact whether or not you are in the proposed settlement class and/or whether Special Election Options will be available to you.**

   - If your policy lapses after the date of the Class Notice but is still in the period during which your policy can be automatically reinstated by paying any past-due premium, you will need to reinstate your policy by paying the past-due premium to exercise any rights and options under the settlement.

   - If, before you are sent a Special Election Letter, your policy lapses and is outside any period Genworth allows for the policy to be automatically reinstated with payment of past due premium, or terminates for any other reason, then you will be excluded from the Settlement Class and the Special Election Options will not be available to you.

   - If, after you have been sent a Special Election Letter, your policy lapses and is outside any period Genworth allows for the policy to be automatically reinstated with payment of past due premium, or terminates for any other reason, then you will remain in the Settlement Class and release your claims, but you will no longer be eligible for the Special Election Options.

3. **If you reduce your coverage, including in response to a rate increase on your policy, your reduction in coverage may affect the Special Election Options that otherwise may become available to you under this settlement.** As a Policyholder, you have options to reduce your coverage that are separate from the Special Election Options that may become available to you under this settlement. For example, if there is a premium rate increase on your policy, you will have options for reducing your coverage. Those options will be different from any Special Election Options that may become available under this settlement and do not include the possibility of a cash damages payout. If you select an option to reduce your coverage separate from the Special Election Options that may be available under this settlement, you may eliminate or reduce the availability of any future Special Election Options or the value of any corresponding cash damages payments that may be available. Whether one of these options or any Special Election Option will best meet your needs will depend on your specific circumstances.

[Back To Top](#)

---

---

Q [© 2022 (http://www.epiqglobal.com)](#) All rights reserved | | Version: 1.0.0.5 | Updated: 9/19/2022 1:53:06 PM

# Haney, et al. v. Genworth Life Insurance Company, et al. (/)

United States District Court for the Eastern District of Virginia (Richmond Division)
Case No. 3:22-cv-00055-REP

## Important Documents

For additional information on the Settlement, please select from the documents listed below.

 Notice (/Content/Documents/Notice.pdf)

 Class Action Complaint (/Content/Documents/Complaint.pdf)

 Plaintiffs' Motion to Direct Notice of Proposed Settlement to the Class (/Content/Documents/Motion to Direct Notice of Settlement.pdf)

 Plaintiffs' Memorandum in Support of Motion to Direct Notice of Proposed Settlement to the Class (/Content/Documents/Memo ISO Motion to Direct Notice to Class.pdf)

 Declaration of Brian D. Penny in Support of Motion to Direct Notice of Proposed Settlement to the Class (/Content/Documents/Decl Penny ISO Motion to Notice Class.pdf)

 Order Granting Preliminary Approval of Settlement and Directing Notice to Class (/Content/Documents/Order Granting Preliminary Approval.pdf)

 Settlement Agreement (/Content/Documents/Settlement Agreement.pdf)

 Amended Settlement Agreement (/Content/Documents/Amended Settlement Agreement.pdf)

 Stipulation to Amend Settlement Agreement (/Content/Documents/Stipulation to Amend Settlement Agreement.pdf)

 Appendix A – Class Policies (/Content/Documents/Appendix A - Class Policies.pdf)

 Appendix C – Special Election Options (/Content/Documents/Appendix C Special Election Options.pdf)

 Appendix D – Special Election Letter (/Content/Documents/Appendix D Special Election Letter.pdf)

 [Class Counsel's Application for an Award of Attorneys' Fees and Expenses and Service Awards to the Named Plaintiffs (/Content/Documents/Application for Attys Fees.pdf)](/Content/Documents/Application for Attys Fees.pdf)

 [Declaration of Brian D. Penny in Support of Attorneys' Fees and Expenses and Service Awards to the Named Plaintiffs (/Content/Documents/Declaration of Penny ISO Final Approval.pdf)](/Content/Documents/Declaration of Penny ISO Final Approval.pdf)

 [Memorandum in Support of Class Counsel's Application for an Award of Attorneys' Fees and Expenses and Service Awards to the Named Plaintiff (/Content/Documents/Memo ISO Application for Attys Fees.pdf)](/Content/Documents/Memo ISO Application for Attys Fees.pdf)

 [Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement (/Content/Documents/Memo ISO Motion for Final Approval.pdf)](/Content/Documents/Memo ISO Motion for Final Approval.pdf)

 [Plaintiffs' Motion for Final Approval of Class Action Settlement (/Content/Documents/Motion for Final Approval of Settlement.pdf)](/Content/Documents/Motion for Final Approval of Settlement.pdf)

---

Contact Us (/Home/ContactUs)     Privacy Policy (https://www.epiqglobal.com/en-us/general/eca-privacy-policy)

Terms of Use (http://www.epiqglobal.com/terms-of-use)

---

© 2022 (http://www.epiqglobal.com) All rights reserved | | Version: 1.0.0.5 | Updated: 9/19/2022 1:53:06 PM

# Haney, et al. v. Genworth Life Insurance Company, et al. (/)

United States District Court for the Eastern District of Virginia (Richmond Division)

Case No. 3:22-cv-00055-REP

## Contact Us

If you have any questions, you may contact the Settlement Administrator, or you may call Class Counsel. You should not contact the Court, Genworth, or Genworth's Counsel with questions about the Notice or the settlement, although you may contact Genworth, as usual, about your policy, benefits, or any election letter received.

Please ensure that you include your name and your return address on all correspondence.

🖊 **Write Us:**

*Haney v. Genworth* Settlement Administrator
P.O. Box 2860
Portland, OR 97208-2860

📞 **Call Class Counsel:**

1-800-348-6192 (Toll-Free)

📞 **Call the Settlement Administrator:**

1-855-662-0078 (Toll-Free)

---

---

Ⓠ © 2022 (http://www.epiqglobal.com) All rights reserved | | Version: 1.0.0.5 | Updated: 9/19/2022 1:53:06 PM

Attachment 2



**Exclusion Report - Haney v. Genworth**

| Number | Epiq ID | Policyholder Name |
|--------|---------|-------------------|
| 1 | 3 | Roger A. Fine |
| 2 | 2900 | Denise M. Chroscinski |
| 3 | 4385 | Gary C. Nash |
| 4 | 5296 | Janice C. Gould |
| 5 | 8721 | Frances M. Valiska |
| 6 | 12544 | Roger H. and Mary Lee H. Meacham |
| 7 | 15315 | Joyce Caplan Fine |
| 8 | 17384 | Robert C. Nelson |
| 9 | 17588 | Rayner W. Kelsey |
| 10 | 19052 | Lynn G. and Beth E. Turner |
| 11 | 24301 | Connie Kinkle |
| 12 | 24570 | Amy Brownell |
| 13 | 25389 | Katharina E. DeHaas |
| 14 | 26736 | Donna J. Wiskow |
| 15 | 28764 | Eileen M. Halter |
| 16 | 30092 | Robert C. Stroup |
| 17 | 39809 | Gerald L. Gould |
| 18 | 41540 | Franklyn W. and Carolyn J. Roitsch |
| 19 | 43409 | Rose Tressel |
| 20 | 45428 | Edilberto P. Felix |
| 21 | 45702 | Robert G. Neumann |
| 22 | 47185 | Donald A. Parker |
| 23 | 48346 | Roger B. Bentley |
| 24 | 50668 | Anthony Galantino |
| 25 | 53194 | Vicki Gibbs |
| 26 | 55047 | Richard E. Murphy |
| 27 | 55330 | Karen M. and Greg A. Haub |
| 28 | 58982 | Laura Lee Power |
| 29 | 60945 | Elaine K. Drabenstot |
| 30 | 61982 | Charles V. Konkle |
| 31 | 63073 | Kristen R. Dotti |
| 32 | 63745 | Winifred J. Rush |
| 33 | 63897 | Jack D. and Olivia Kindig Wells |
| 34 | 63971 | Clifford and Nancy Coss |
| 35 | 63976 | Cynthia H. Ouzts |
| 36 | 66290 | Diane J. Butt |
| 37 | 66433 | Paula L. Bentley |
| 38 | 68672 | Rayner W. and Joanne E. Kelsey |
| 39 | 70091 | Elizabeth S. Cram |
| 40 | 70467 | Steven W. Ouzts |



**Exclusion Report - Haney v. Genworth**

| Number | Epiq ID | Policyholder Name |
|--------|---------|-------------------|
| 41 | 70571 | Alice A. Neumann |
| 42 | 77884 | Margaret McKee |
| 43 | 80605 | Alvin and Sue Rykus |
| 44 | 81117 | John Mark and Susan G. Brabon |
| 45 | 84067 | Edward R. Parmer |
| 46 | 86306 | Dolores M. Sevier |
| 47 | 86624 | Cathy L. Konkle |
| 48 | 93278 | Mari Ogimachi |
| 49 | 93550 | Marian S. Fredner |
| 50 | 95538 | Gail E. Vick |
| 51 | 98697 | Ellen M. Broome |
| 52 | 102177 | Lloyd Kenneth and Carol D. Parson |
| 53 | 105700 | Billie Sue Easley |
| 54 | 106985 | Charlene E. Flynn |
| 55 | 107028 | Martha J. Nelson |
| 56 | 110940 | Larry and Joanne Graves |
| 57 | 111901 | James E. Flynn |
| 58 | 112562 | Liliana Binner |
| 59 | 112764 | Carol Hunt |
| 60 | 117589 | Kimberly A. O'Brien |
| 61 | 117778 | Orlo William and Mary Suzanne Pettit |
| 62 | 118712 | Harriet R. Greenfield |
| 63 | 120454 | Kay K. Bains |
| 64 | 120715 | Helen Gormley |
| 65 | 121642 | Barbara L. Schuhmann |
| 66 | 123702 | Cynthia A. Fadal |
| 67 | 124679 | Charles K. Valentine |
| 68 | 127073 | Karl R. Audenaerde and Greta A. Gabriels |
| 69 | 134671 | Linda B. Dumaine |
| 70 | 135372 | Janet Thomas |
| 71 | 140233 | Edward Chroscinski |
| 72 | 143601 | John Henry Campbell |
| 73 | 144398 | Delmar Norman Ford |
| 74 | 146763 | Collene S. Lehane |
| 75 | 148350 | Gerald R. Thalhammer |
| 76 | 148363 | Sylvia A. Hatem |
| 77 | 148880 | Jane Irene Goldman |
| 78 | 152548 | Catherine M. Stroup |
| 79 | 153437 | Joel Leslie Konigsberg |
| 80 | 157045 | Katherine S. and Daniel R. Frazier |



**Exclusion Report - Haney v. Genworth**

| Number | Epiq ID | Policyholder Name |
|--------|---------|-------------------|
| 81 | 157613 | Pamela Senecke |
| 82 | 158397 | Robert B. Groseclose |
| 83 | 158881 | Paulette Stortz |
| 84 | 161090 | Kathy I. Voorhies |
| 85 | 161248 | Sandra J. Valentine |
| 86 | 162052 | David Thomas |
| 87 | 162708 | Dewey L. Bowen |
| 88 | 163041 | James and Cynthia Combs |
| 89 | 163249 | David Tressel |
| 90 | 163644 | Thomas F. Roberts |
| 91 | 164170 | Marilyn I. Wymore |
| 92 | 165605 | Kenneth M. and Janice L. Butner |
| 93 | 168888 | James E. and Margaret V. Byrd |
| 94 | 169304 | Susan C. Cooke |
| 95 | 170860 | Carol J Shapiro |
| 96 | 171765 | Carolyn Oswald |
| 97 | 174185 | Claudia J. Kelly |
| 98 | 177833 | William J. and Judith K. McCann |
| 99 | 178452 | Glenn C. Smith |
| 100 | 178779 | Elliot K. Sevier |
| 101 | 179056 | Lester C. and Lisa H. Caudle |
| 102 | 179738 | Jerry Hunt |
| 103 | 182917 | Susan B. Kapp |
| 104 | 186734 | Faye H. Parmer |
| 105 | 186735 | Walter Nussberger |
| 106 | 189275 | Robert M. Hustead |
| 107 | 194207 | Julie Jane Seeley |
| 108 | 197968 | Elizabeth Schacht |
| 109 | 198300 | Sandra Kornegay |
| 110 | 201579 | James Michael Wilhelm |
| 111 | 207026 | Adoracion P. Briones |
| 112 | 208867 | Michael A. and Julie Anne Ball |
| 113 | 211057 | Carl K. Fortney |
| 114 | 211257 | Joseph P. Welsh |
| 115 | 211620 | Shirley C. Tseng |
| 116 | 215168 | Rodney C. Tannehill |
| 117 | 216039 | Kirk Melvin |
| 118 | 218624 | Ramon O. Briones |
| 119 | 219717 | Jan P. and Caryl J. Dengel |
| 120 | 220377 | Gregory W. Johnson |



**Exclusion Report - Haney v. Genworth**

| Number | Epiq ID | Policyholder Name |
|--------|---------|-------------------|
| 121 | 222001 | Donald C. and Patricia M. Jochem |
| 122 | 222893 | Tracey Baker |
| 123 | 223607 | Maria A. Diaz |
| 124 | 224474 | Geoffrey T. and Sandra S. Griffin |
| 125 | 225051 | Robert H. Benson |
| 126 | 226870 | Margaret A. Harris |
| 127 | 229287 | Gerald D. Cooke |
| 128 | 232336 | Elizabeth A. Stone |
| 129 | 232514 | Judy F. Clarke |
| 130 | 233546 | Melvin Wayne Taylor |
| 131 | 234762 | Ethel Viola Blevins |
| 132 | 236528 | Donna D. Skoll |
| 133 | 240505 | Oliver C. Hood |
| 134 | 241228 | Ruel Connor Craft |
| 135 | 242137 | Robert E. Ferrea |
| 136 | 242437 | Daniel Hsu |
| 137 | 247957 | Suzanne Weisband Tovar |
| 138 | 250204 | Judy B. Massengill |
| 139 | 252486 | Loyce O. Click |
| 140 | 253065 | Kathy B. Johnson |
| 141 | 255453 | Sophia Charlotte Hughes |
| 142 | 257586 | Don and Vera Hunziker |
| 143 | 258587 | Janet D. Gortz |
| 144 | 260552 | Allen L. Kapp |
| 145 | 261080 | Mark G. and Rebecca J. Miles |
| 146 | 261853 | Hoyle S. Broome |
| 147 | 263578 | Daniel W. Drabenstot |
| 148 | 264572 | Lawrence T. Hawley |
| 149 | 266294 | Hilda Marie Oakley |
| 150 | 268802 | Gregory H. Tovar |
| 151 | 269753 | Kevan A. Vick |
| 152 | 272759 | David Mark Huffman |
| 153 | 287895 | Camille C. Mitchell |
| 154 | 296542 | Michael E. and Debra A. Riley |
| 155 | 297705 | Stacey Paynter |
| 156 | 300329 | Julia M. Cameron |
| 157 | 302274 | Doris L. Fortney |
| 158 | 304700 | Sharon Rae Donovan |
| 159 | 307408 | Cheryl S. Hawley |
| 160 | 309700 | Carol A. Hood |



**Exclusion Report - Haney v. Genworth**

| Number | Epiq ID | Policyholder Name |
|--------|---------|-------------------|
| 161 | 309790 | John W. Roby and Amelia E. Hartman |
| 162 | 310349 | Jill Farmer Paris |
| 163 | 311971 | Mark I. Skoll |
| 164 | 312421 | Susan McMillan |
| 165 | 312893 | James E. and Rosemary M. Stevens |
| 166 | 314262 | Scott W. Cram |
| 167 | 320120 | J. Robert Kinkle |
| 168 | 320370 | Stephen Thomas and Jane H. Woodall |
| 169 | 321765 | Carolyn Rose Bloodworth |
| 170 | 323098 | Ann Nussberger |
| 171 | 323557 | Sandra K Heitman-Boden |
| 172 | 325358 | Joanne E. Kelsey |
| 173 | 325530 | D. Patricia Powell |
| 174 | 328350 | Joseph E. and Kathleen M. McCormick |
| 175 | 328890 | Timothy Wayne Seeley |
| 176 | 329952 | Susan Bhang |
| 177 | 332005 | Joy Stanowicz |
| 178 | 334218 | Rena K. Magolnick |
| 179 | 335711 | William L. and Linda L. Dalton |
| 180 | 341653 | Merle F. Halter |
| 181 | 343872 | Elise Streicher |
| 182 | 344194 | Kathleen Toussaint |
| 183 | 344339 | Remona Thompson |
| 184 | 344801 | Lee Ann Taylor |
| 185 | 346887 | Sheryl Ellen Ford |
| 186 | 350585 | Gayle M. Ferrea |
| 187 | 350655 | Stephen E. Clarke |