# EXHIBIT 6

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

**Policy Forms 7042 et al, 7044 et al, 7042 Rev et al, 7044 Rev et al**
**Non-AARP**

## 1. Scope of this Filing

This filing applies to the referenced policy forms issued in your state. Forms 7042 and 7044 are also referred to by Genworth Life Insurance Company (GLIC) as "Choice 2"; forms 7042 Rev and 7044 Rev are also referred to by GLIC as "Choice 2.1". Forms 7042 and 7042 Rev were marketed by the name "Classic Select" and the 7044 and 7044 Rev forms were marketed under the name "Privileged Choice". Privileged Choice policies have many features built into the base policy that were only available as riders for Classic Select policies. These forms are no longer being sold.

Policies sold to AARP members (AARP Policies) were subject to contractual agreements with AARP governing rate increases. These contractual agreements placed certain limitations on the rate increase implementation for a period of years, that did not apply to policies sold through other channels (Non-AARP Polices). As a result, prior rate increases for AARP Policies were filed separately from Non-AARP Policies.

Since 2018, the limitations of the AARP contractual agreements no longer apply. However, since like policies (both Non-AARP and AARP) under Choice 2_2.1 policy forms sold in your state do not have identical rates schedules, AARP policies are continued to be filed separately from Non-AARP policies.

For all the policies issued in your state to which the current filing applies, refer to the Supplement for state and nationwide information on issue dates, number of issued and in-force lives, total and average premium, average issue and attained age, distributions and history of prior approved rate increases.

## 2. Purpose of this Filing

This actuarial memorandum has been prepared to request and support the approval of a premium rate increase in your state.

We demonstrate that the requested premium rate increase satisfies the minimum requirements and all applicable regulations in your state. This actuarial memorandum may not be suitable for other purposes.

In this filing, GLIC is requesting a premium rate increase of 54.3% applicable to the base rates and associated riders of all in-force policies referenced in Section 1 of this actuarial memorandum. The requested rate increase reflects updated assumptions and any remainder of the rate increase not approved in prior filings.

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

3. **Justification of the Premium Rate Increase**

Redacted pursuant to Section 13, below.

4. **Marketing Method and Underwriting Description**

Policies were sold by agents working through broker general agencies, financial advisors, and agents working through financial institutions.

The underwriting process included an assessment of functional and cognitive abilities at issue ages considered by GLIC to be appropriate. Various underwriting tools were used in accordance with our underwriting requirements, including an application, medical records, an attending physician's statement, telephone interview and/or face-to-face assessment.

5. **Description of Benefits**

These are federally tax-qualified, individually underwritten policies that provide comprehensive long-term care coverage. They cover the reimbursement of expenses incurred by the insured(s) subject to the amount of coverage purchased. Premium payments are waived after the elimination period has been satisfied.

The Privileged Choice (7044 and 7044 Rev) policy forms pay benefits on a monthly basis and include a 10-year survivorship benefit. The 10-year survivorship benefit waives future premium payments upon the death of one spouse if both spouses are insured and have met certain requirements. It also includes a waiver of elimination period for home health care benefits, and home health care service days are applied to the facility elimination period. The optional nonforfeiture benefit, restoration of benefit, 7-year survivorship benefit and return of premium riders were available for purchase for an additional premium.

The Classic Select (7042 and 7042 Rev) policy forms are comprehensive products with benefits payable on a daily basis. Riders include 7-year and 10-year survivorship, waiver of elimination period for home health care benefits, monthly maximum benefit (as opposed to daily), restoration of benefits and nonforfeiture benefits.

These policy forms can cover an individual or a couple (joint policy). The joint policy operates as two individual policies, except that the two insureds draw from one shared policy benefit pool.

These forms require an insured to meet benefit eligibility requirements that are triggered by Activities of Daily Living (ADL) deficiencies or cognitive impairment. The daily or monthly benefit, benefit period and elimination period are selected at issue.

In addition, a Benefit Increase Option (BIO) can be selected at issue. The simple BIO increases the original daily maximum by 5% each year starting with the second policy year and continuing for the life

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

of the policy, unless terminated earlier by the insured. The compound BIO increases the prior year's daily maximum by 3% or 5% each year starting with the second policy year and continuing for the life of the policy, unless terminated earlier by the insured. The 3% compound BIO was only made available on the Choice 2.1 (7042 Rev and 7044 Rev) versions of these policy forms.

**6. Alternatives to the Requested Rate Increase**

GLIC will offer insureds impacted by rate filings several options for mitigating the impact of the rate increase. These options will be provided in the policyholder notification letter. In addition, policyholders will have the ability to call a dedicated team of customer service representatives that can assist with providing customized quotes for any number of other benefit adjustments.

*Reduced Benefit Options.* Insureds can change any number of benefit features or coverage limits in order to maintain reasonably equivalent pre- and post-rate increase premium levels, and the optimal balance of coverage and cost based on their specific needs. The available benefit and rate combinations are consistent with the combinations presented in the rate tables approved as part of the original filing. To balance coverage and cost considerations, GLIC will offer policyholders, subject to rate increases on their long-term care policies, customized options to adjust their benefits, which may include any of the following options (where available):

1. Reduction in Daily/Monthly/Lifetime Maximum amount;
2. Reduction in Benefit Period;
3. Reduction or elimination of the BIO;
4. Increases in Elimination Period; and
5. Elimination of policy riders.

If a policyholder elects to reduce or eliminate the BIO, they have the ability to retain any prior increases to their daily or monthly payment maximums. In addition, policyholders will also continue to be offered the previously approved BIO of 1% compound.

Current rate tables for 1% compound BIO reflecting any prior approved rate increase are included in Appendix A and the corresponding rate tables reflecting prior approved and the requested rate increase are in Appendix B.

*Flexible Benefit Option (FBO).* Policyholders will also continue to be offered the previously approved FBO. The option features the following:

1. A premium rate guarantee until at least January 1, 2025;
2. $250,000 benefit pool for non-shared, $400,000 benefit pool for shared;
3. Monthly indemnity payments that vary by type of benefit. For each full month of qualification, the benefit amounts for each type of benefit are as follows:

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

- Nursing Home Benefit - monthly payments are 100% of the monthly maximum. Payments are designed to last three years if the policyholder is in a nursing home for the entire time and would be calculated by dividing the claimant's benefit pool by 36 months;
- Assisted Care Facility Benefit - monthly payments are 75% of the monthly maximum and are for care in an assisted care facility; and
- Flexible Care Benefit – monthly payments are 50% of the monthly maximum and are for other types of care, such as home care.

4. GLIC will adjust monthly payment amounts when the insured qualifies for benefits for only part of a month;
5. GLIC will pay only one benefit in a calendar month. If more than one benefit could apply in a calendar month, then GLIC will pay the benefit (Nursing Home Benefit, Assisted Care Facility Benefit, or the Flexible Care Benefit) with the most days of qualification in that month;
6. A 180 day elimination period applies for the Nursing Home and Assisted Care Facility Benefits, and a 90 day elimination period applies to the Flexible Care Benefit; and
7. The benefit pool and monthly maximum will remain fixed, unless the 1% compound BIO is elected. If 1% compound BIO is elected, the benefit pool and monthly maximum will inflate by 1% compounded annually.

The FBO is not available for policies that currently have a benefit pool (net of past claims) less than $250,000 for non-shared, $400,000 for shared.

Rate tables for FBO were filed as part of our prior filing. As such, these rate tables are not included with this filing and will remain in effect for policyholders that previously elected the FBO, as well as any policyholders that decide to elect the FBO with this rate increase. Policyholders that elect the FBO will have their premium rates guaranteed until at least January 1, 2025. However, we reserve the right to adjust the pricing for the FBO in future filings for policyholders that have not previously elected that option.

*Other options.* GLIC will continue to offer the applicable nonforfeiture option to each policyholder. Policyholders that are eligible for the Contingent Nonforfeiture Option will be presented with that as an option in their notification letter. Policyholders that have a nonforfeiture (NFO) rider with their policy may elect that option. For those policyholders that do not have either the Contingent Nonforfeiture or NFO rider available, GLIC will continue to offer its Optional Limited benefit, which provides a paid-up benefit equal to the total of premium paid, less any claims paid.

**Genworth Life Insurance Company**
**Address: 6620 West Broad Street, Richmond, VA 23230**
**Company NAIC No: 70025**

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

### 7. Premiums

a. These policies are guaranteed renewable for life, subject to policy terms and conditions;
b. Geographic area factors are not used in rating these policies;
c. Semi-annual, quarterly and monthly modal factors are applied to the annual premium. For in-force policies distribution by modal factor, refer to the Supplement;
d. For a history of previous rate revisions refer to the Supplement;
e. The requested rate increase will apply to policies on their billing anniversary date, following a 60-day policyholder notification period;
f. Premium rates are unisex, level (with the exception of approved rate increases) and payable for life (except for in-force policies with limited pay premium on these forms in your state as referenced in the section 1 of the Supplement). Premiums generally vary by issue age, daily benefit, benefit period, elimination period, BIO, and any applicable riders selected;
g. Certain underwriting discounts may have been applied to the premium rates. A preferred risk discount of 10% or 20% may have been provided to applicants in response to specified health underwriting criteria specified on the application. Where the criteria for a couple's discount were met, a discount of 40% was provided to both individuals when both submitted valid applications and both were issued coverage. If only one member of a couple was approved, the discount was reduced to 25%. Where a shared policy was issued, a couple's discount was factored into the shared policy form rates. If only one member of a couple applying for shared coverage was approved, an individual policy was issued and the couple's discount was reduced to 25%; and
h. Current rate tables reflecting any prior approved rate increase have been included in Appendix A. Corresponding rate tables reflecting any prior approved and the requested rate increase have been included in Appendix B, attached separately. Note that actual rates implemented may vary slightly from those set forth in Appendices A and B due to implementation rounding algorithms.
For more information about the rate tables on alternative options refer to section 6.

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

## 8. Actuarial Assumptions

Redacted pursuant to Section 13, below.

## 9. Development of the Requested Rate Increase

In developing the requested premium rate increase, the following has been considered:

a. In order to ensure maximum credibility, exhibits are based on GLIC nationwide experience through December 31, 2020. Projected earned premiums and incurred claims are based on the assumptions described in Section 8 of this actuarial memorandum;
b. GLIC nationwide experience includes all Choice 2_2.1 policies (AARP and Non-AARP). State specific experience only includes the policies affected by this filing, which are referenced in section 1 of this actuarial memorandum;
c. This rate action is considered to be subject to the Rate Stability regulation;
d. The nationwide premium has been restated at your state level, only reflecting your state's approved rate increases, in order to avoid subsidization among states;
e. The requested rate increase has been assumed to be implemented on August 1, 2022. The justified rate increase has been calculated to bring the lifetime loss ratio closer to the acceptable maximum lifetime loss ratio of 64.3%, including a 15% MAE and in compliance with the 58%/85% premium test defined in the Rate Stability regulation;
f. Lifetime projections of earned premiums and incurred claims reflecting all the prior approved rate increases in your state are set forth in Exhibit I. Lifetime projections of earned premiums and incurred claims reflecting all the prior approved rate increases in your state and the requested rate increase are set forth in Exhibit II;
g. Compliance of the 58%/85% premium test defined in the Rate Stability regulation has been verified, as demonstrated in Exhibit III;
h. Historical and projected earned premiums and incurred claims include provisions for waiver of premium; and
i. The majority of policies are eligible for contingent benefit upon lapse. For this reason, we have provided Additional Exhibits IV and V.

### 9.1 New Business Premium Rate Comparison

GLIC has compared premium rates on the referenced policy forms to the new business rates where the policy characteristics are similar. There are significant differences in benefits, underwriting and other product features between the Choice 2_2.1 products and the current form approved for sale in your state, Policy Form Number 8000R1. Where possible, adjustments have been made so that new business comparisons are meaningful. These differences affect the rate comparison in the following ways:

<u>Benefit Differences</u>: Several benefits, available in prior product generations, including Choice 2_2.1, are not offered in Policy Form Number 8000R1, including benefit periods of eight (8) years or longer, elimination period of zero (0) days, and limited premium payment options (none of these benefits are

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum
May 2021**

**CONFIDENTIAL**

currently marketed). Policies with these benefit differences are not considered to exceed new business rates.

Survivorship Benefit: All 7044 and 7044Rev policies have a survivorship benefit. The current product does not have this feature, but GLIC did have a product that had this feature available as a rider. These rider rates were added to the currently marketed product rates, which enabled these policies to be part of the new business rate comparison.

Underwriting: Product Form Number 8000R1 is subject to several underwriting enhancements that did not apply to Choice 2_2.1. While these underwriting enhancements are not directly reflected in benefits, they impact both original and new business pricing. In addition, Product Form Number 8000R1 has four underwriting categories (Standard, Select, Preferred, and Best), while Choice 2_2.1 had only two such categories (Standard and Preferred). GLIC recently made the decision to discontinue sales of Preferred and Best. Ignoring Preferred policies would limit the comparison significantly. GLIC has made a good faith effort to compare these policies and map the two underwriting categories of Choice 2_2.1 to the four underwriting categories of Policy Form Number 8000R1 despite the differences.

Issue Ages: Current marketing limits issue ages to between 40 and 75. Policyholders with issue ages outside of this range are not considered to exceed new business rates.

Policies with 50% Home Health Care: Due to the small number of in-force policies with this benefit, these policies have not been included in the comparison and are not considered to exceed new business rates.

Gender Based Pricing: Product Form Number 8000R1 was priced on a gender-specific basis, as opposed to the unisex basis applicable to Choice 2_2.1. A blend of female/male rates based on pricing assumptions was used to develop approximate unisex rates.

Informal Home Care: Product Form Number 8000R1 covers services provided by informal caregivers to policyholders receiving care at home, but requires caregivers to be registered, and reimburses that care only up to 50% of the available nursing home benefit. Choice 2_2.1 covers services provided by informal caregivers to policyholders receiving care at home, but does not require caregivers to be registered, and reimburses that care up to 100% of the available nursing home benefit. An adjustment to rates for this difference could not be approximated.

Claims Offset: Product Form Number 8000R1 reduces available benefit by claims paid before benefit increases are calculated. Choice 2_2.1 products reduce available benefits by claims paid after benefit increases are calculated. An adjustment to rates for this difference could not be approximated.

Marketing and Distribution: Choice 2_2.1 were sold during the peak years of LTC production when sales and distribution channels were in a growing stage; the current environment is the exact opposite, with decreasing sales and distribution outlets. In 2004-2009 sales were conducted 66% by Independent Agents and Financial Advisors and 33% by Career Agents. Choice 2.1 was sold also through AARP. GLIC's lower ratings today also impact the current distribution and the amount of production of the currently marketed product is an insignificant fraction of the Choice 2_2.1 business sold.

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

<u>Delay in Approvals and Unapproved Amounts:</u> The rate comparison is sensitive to the approval timing and amounts of prior rate increase request. Delays in approval of the full requested rate increase result in higher percentage future premium rate increases and increases the likelihood of proposed rate levels exceeding the new business rates.

In accordance with the Rate Stability regulation and the Long-term Care Rate Stability Practice Note issued by the American Academy of Actuaries in 2012, we believe the differences noted above sufficiently justify a rate level greater than the new business rates for some of the Choice 2_2.1 in-force policies in your state. Since GLIC prioritizes rate sufficiency and company solvency, the greater rate level is required in order to certify that, if experience emerges as expected, no further rate increases are anticipated.

### 10. Active Life Reserves and Claim Liability Reserves

Active life reserves have not been used in this rate increase analysis. Claim reserves as of December 31, 2020, have been discounted to the date of incurral of each respective claim and included in historical incurred claims. Incurred but not reported reserve balances as of December 31, 2020, have been allocated to a calendar year of incurral and included in historic incurred claims. Discounting occurs at 4.12%.

### 11. Trend Assumptions

As this is not medical insurance, we have not included any explicit medical cost trends in the projections.

### 12. Future Rate Increases

Policies to which this premium rate increase filing applies may also be subject to future additional rate increases if the full amount of the rate increase requested in this filing is not approved or if underlying assumptions are not realized and the future experience exceeds a 15% MAE. We defined "exceeds a 15% margin" as any change that results in a lifetime loss ratio greater than projected in Exhibit II of this memorandum.

**Genworth Life Insurance Company**
**Address: 6620 West Broad Street, Richmond, VA 23230**
**Company NAIC No: 70025**

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

**13. Confidentiality**

Pursuant to 65 P.S. § 67.101 *et seq.* (the "Right-to-Know Law"), Genworth Life Insurance Company ("GLIC") respectfully requests that the following sections to be treated as confidential and not subject to disclosure.

Sections 3, 8, the Supplement, Exhibit I, Exhibit II, and Exhibit III of the Actuarial Memorandum, and all Additional Exhibits.
.
The materials sought to be maintained as confidential are referred to as the "GLIC Confidential Materials" herein.

The GLIC Confidential Materials are being filed in connection with GLIC's request for a rate increase on certain long term care insurance products. However, these materials contain GLIC's confidential trade secrets, and/or other confidential proprietary information, including but not limited to actuarial formulas, statistics and/or assumptions, which are not generally known to, or ascertainable by proper means by, persons or entities other than GLIC who could obtain economic value from their disclosure or use.

65 P.S. § 67.101(a) sets forth Pennsylvania's general rule that a public record should generally be available for inspection by members of the public. However, under 65 P.S. § 67.708(b)(11), "trade secrets" and "confidential proprietary information" are explicitly excluded from the list of records that are subject to public disclosure under the Right-to-Know Law. Specifically, § 67.708(b)(11) states as follows:

> (b) Exceptions: Except as provided in subsections (c) and (d) [neither of which apply here], the following are exempt from access by a requester under this act:
>
> (11) A record that constitutes or reveals a trade secret or confidential proprietary information.

In turn, 65 P.S. § 67.102 (the "Definitions" section of the Right-to-Know Law) defines the term "trade secret," in pertinent part, as follows:

> Information, including a formula, drawing, pattern, compilation, including a customer list, program, device, method, technique or process that:
>
> (1) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Section 67.102 defines the term "confidential proprietary information" as follows:

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

> Commercial or financial information received by an agency: (1) which is privileged or confidential; and (2) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.

Pennsylvania's insurance laws recognize the confidential nature of actuarial reports, work papers, and other materials supporting an actuarial opinion, and provide that they are not subject to disclosure under the Right-to-Know Law. *See* 40 P.S. § 443(d)(1)(i).

The GLIC Confidential Materials fall squarely within the disclosure exemptions for "trade secrets" and "confidential proprietary information" embodied within § 67.708(b)(11). In *Christopher M's Hand Poured Fudge, Inc. v. Hennon*, 699 A.2d 1272 (Pa. Super. Ct. 1997), Pennsylvania's Superior Court set forth six factors that courts can consider in determining whether information qualifies as a trade secret, including:

> (1) the extent to which the information is known outside the owner's business; (2) the extent to which it is known by employees and others involved in the owner's business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the value of the information to the owner and to his competitors; (5) the amount of effort or money expended by the owner in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Id.* at 1275. Each of these factors, along with the "substantial harm" element of the "confidential proprietary information" definition weighs heavily in favor of maintaining the confidentiality of the GLIC Confidential Materials.

GLIC and its predecessors have been providing long-term care insurance coverage to policyholders for more than 35 years. GLIC's lengthy experience in the long-term care insurance business has placed it in a unique position in the long-term care insurance marketplace, in that no other long-term care insurance carrier has as much experience in that line of business as GLIC and its predecessors. Because GLIC has been marketing long-term care insurance products longer than its competitors, it has been able to accumulate experience-related data that its competitors have not been able to gather. GLIC takes active measures to maintain the secrecy of the information in the GLIC Confidential Materials. Among other measures, GLIC obtains non-disclosure agreements with potential reinsurers before providing those potential reinsurers with any experience-related data. Furthermore, access to the data is limited and available only to employees of GLIC who are deemed likely to need the information in the course of their duties; those employees are subject to non-disclosure agreements under which they agree not to share the information except in furtherance of the business of GLIC.

The GLIC Confidential Materials discuss, among other things, GLIC's assumptions in pricing certain long term care insurance products, GLIC's proprietary persistency and incurred claims data, and GLIC's policy demographics. In addition to pricing long-term care insurance products, GLIC's extensive data also allows it to effectively manage its policies, by enabling it to accurately set reserves and conduct reliable asset tests. None of this information is available to GLIC's competitors or to the public generally, and it is plainly protectable under the statutes discussed above. *See Giurintano v. Dep't of Gen. Servs.*, 20 A.3d 613, 615-17 & n.5 (Pa. Commw. Ct. 2011) (holding that the identities of

**Genworth Life Insurance Company**
**Address: 6620 West Broad Street, Richmond, VA 23230**
**Company NAIC No: 70025**

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

interpreters hired by state contractor were excluded from public disclosure under 65 P.S. §67.708(b)(11) because the contractor (a) kept their identities confidential "to protect its investment," (b) the interpreters were "business assets," and (c) disclosing the identities "would cause substantial harm to the [contractor's] competitive position in the industry").
GLIC's accumulation of data over its long duration in the long-term care insurance business has come at a substantial cost. For numerous years, GLIC had to price and manage policies without having the benefit of the extensive data and experience that it now possesses. GLIC endured substantial losses on many of those policies that did not perform as expected, and GLIC has incurred and will continue to incur billions of dollars of claims on these policies.

If the GLIC Confidential Materials are released to the public, GLIC would be deprived of its hard-earned competitive advantage, which would cause substantial harm to the company. GLIC's competitors could use GLIC's data and assumptions to price long-term care insurance policies as well as GLIC, without the work, time, expense, and (most significantly) the previous losses that GLIC incurred. If the GLIC Confidential Materials were disclosed, GLIC's competitors would be permitted to exploit GLIC's hard earned, proprietary information for their own benefit, and to GLIC's competitive and economic disadvantage. *See Smith Butz, LLC v. Pa. Dep't of Envtl. Prot.*, ___ A.3d ___, 2017 WL 1833472, at *9 (Pa. Commw. Ct. 2017) (finding that records that would enable the company's competitors to copy valuable and proprietary business methods constituted confidential proprietary information and/or trade secrets). For these reasons, GLIC respectfully submits that the GLIC Confidential Materials are exempt from disclosure pursuant to 65 P.S. §67.708(b)(11), and requests that they be treated as confidential by the Pennsylvania Insurance Department.

This submission contains the publicly available version of this Actuarial Memorandum and other exhibits referenced above, which redacts the GLIC Confidential Materials. A complete, unredacted, confidential version of GLIC's Actuarial Memorandum has been filed separately.

**Genworth Life Insurance Company**
Address: 6620 West Broad Street, Richmond, VA 23230
Company NAIC No: 70025

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

**14. Actuarial Certification**

I am a Fellow of the Society of Actuaries and a Member of the American Academy of Actuaries, and I meet the American Academy of Actuaries' qualification standards for rendering this opinion and am familiar with the requirements for filing for increases in long-term care insurance premiums.

This memorandum has been prepared in conformity with all applicable Actuarial Standards of Practice, including ASOP No. 18, 23, 25, 41 and 56. Policy design, underwriting, and claims adjudication practices have been considered.

I have relied on historical cash flows and projections completed by GLIC's In-force Actuarial Infrastructure team. All future projections included in this memorandum, while based on GLIC's best estimates, are uncertain and may not emerge as expected.

I have relied on the LTC Strategy & Analytics team for the pricing, methodology and design of the alternative options presented in Section 6 of this actuarial memorandum.

I have relied on statutory valuations as of December 31, 2020, for Claim Reserves (i.e., Disabled Life Reserves, Pending Claims reserves, Incurred But Not Reported reserves, and Dead But Not Reported reserves) provided by GLIC's Long-Term Care Valuation team.

I have also relied on assumptions developed by GLIC's Long-Term Care Experience Studies team in collaboration with other GLIC actuaries, which assumptions were approved by Genworth's Assumption Review Committee. The assumptions present the actuary's best judgement and are consistent with the issuer's business plan at the time of the filing.

I hereby certify that, to the best of my knowledge and judgment, this rate submission is in compliance with the applicable laws and regulations of your state and the Long-term Care Insurance regulation. If the requested premium rate schedule increase is implemented and the underlying assumptions, which reflect moderately adverse conditions, are realized, no further premium rate schedule increases are anticipated. In my opinion, the rates are not excessive or unfairly discriminatory.

_____
Susan Lin, F.S.A., M.A.A.A.
Senior Pricing Actuary
Genworth Life Insurance Company
May 2021

**Genworth Life Insurance Company**
**Address: 6620 West Broad Street, Richmond, VA 23230**
**Company NAIC No: 70025**

**Actuarial Memorandum**
**May 2021**

**CONFIDENTIAL**

**Memorandum Supplement**

Redacted pursuant to Section 13, above.

**Exhibit I: Choice 2 & Choice 2.1 Policy Forms - Nationwide Experience**
**With Pennsylvania Approved Rate Increase* without MAE**

Redacted pursuant to Section 13, above.

**Exhibit II: Choice 2 & Choice 2.1 Policy Forms - Nationwide Experience**
**With Requested 54.3% Rate Increase* with MAE**

Redacted pursuant to Section 13, above.

**Exhibit III: Choice 2 & Choice 2.1 Policy Forms - Nationwide Experience**
**With Requested 54.3% Rate Increase with MAE**
**58/85 Test**

Redacted pursuant to Section 13, above.