

November, 18, 2022 Kathryn Dimiduk

Supplement to Objection ECF67-Dimiduk to Haney vs Genworth Case

3:22-cv-055 (Fred Haney et al v. Genworth Life Insurance Company et al)

As I said in my original objection, I do not think the settlement is fair and may not have value to me based on timing.

I bought my Genworth policy in NM several years prior to 2008 ( I don't have the exact date in hand). At the time I was told that Genworth had never raised rates and while they weren't likely to do so, it was possible and in the range of maybe 10% - 20%.

In Aug. 2008, I started a new job at Cornell University in Ithaca, NY. Since NY nursing home costs were significantly higher than NM nursing home costs, I added a CNA LTC policy obtained as a group policy for work. I could have gotten a much larger amount than I did without a medical exam as I started the new job. But I chose a smaller amount as I knew I had the Genworth policy in place. This I had a clear option to have changed insurance at that point and likely would have, had I know how much Genworth rates were going to go up. Instead I relied on the information I had been given when sold the policy. (See end of packet for copy of premium notice from CAN as evidence of this policy.)

In April 2021 I received notice of a premium increase from Genworth, about 6% and the option to reduce coverage. I kept the benefits intact and paid the increased premium. This was in line with the 10% - 20% premium increase I had been informed was unlikely but possible when I bought the policy. See the copy of this rate increase notice. Note there is just a vague reference to possible future rate increases. See rate increase letter, form to send back if changes desired and included forms.

I next received a glossy brochure from Genworth (see enclosed copy). Buried in it was a page about rate increases being necessary. Note the graphs explaining this. I am an engineering physicist and used to drawing information from graphs. Scaling the graph showing the size of the premium increase versus the current premiums it looked to be about a third again of the premium so something like a 30% increase is vaguely warned. Not good but payable. This brochure isn't dated and I didn't think to write the date I received it on it at the time. The brochure references the pandemic so clearly later than spring 2020 and references in the process of being bought by a Chinese company so before that was finalized. That is the best I can date the brochure.

Then there is another letter dated April 1, 2022 about a much larger premium increase. Note that my mother also died on April 1, 2022 so I was out of town helping my date when the letter would have arrived. I have included the letter I sent Genworth updating notification if any potential premium lapse from to be sent to my daughter rather than my mother. Because of the overwhelmingly large premium increase and my mother's death, I didn't get the form back to Genworth till very near the deadline of June 7, 2022. To keep the same coverage, the coverage would have immediately gone up 36% on top of the previous year's increase. The rate would be up 153% from the spring 2022 rate by 2024. That was not sustainable for me long term. At that point I choice alternative C which was still a 107% premium increase with a decrease in benefits of 18%. This was the reduced premium that kept the 5% inflation compounding which was important as I was then 64 years old and likely to have 20 years before I might need the LTC. I called Genworth per instructions to ask if there were any other options as the paperwork said there might be. I was told there were no other options. The paperwork said this was a

quote and may change. There was no mention of the lawsuit or settlement on the paperwork or when talking with the Genworth representative. The form one had to sign said one had read "the Important Information Regarding This Premium Increase". I found document "Important Information About Long Term Care Insurance Premiums" with those documents, but don't know if it is the one referred to.

The lawsuit information came later, after I had to mee this deadline. Thus I did not have information on the proposed settlement, nor on how my choices might affect my options under the proposed settlement when I made the decision. Thus Genworth likely knew what the proposed settlement was when they mailed the rate increase and choices information to me and could tailor options accordingly but I did not have the information when responding.

I agree with the lawsuit that neither of the recent rate increases included sufficient information to make an informed decision. In 2021 I had no way of knowing a 153% rate increase was coming. In 2022, I then knew the 153% rate increase was in place unless I reduced coverage and that in 2024 rates would be requested to go up again by an unknown amount and on an unknown schedule (at least unknown to me). I also was told if future rate increases weren't approved, it would impact claims paying ability thus implying I could pay this increase for years and potentially have no benefit or a random reduced benefit. Or, potentially, future rate increases could box me into have to keep reducing the benefit or having to go with the drastic benefit of only what I had paid in. This is very generic disclosures that don't convey sufficient information on which to make reasonable and responsible decisions.

I don't fully understand the amended settlement proposal, but it looks like it continues to reduce and constrain options. Reducing the 5% inflator to 1% retroactively significantly reduces benefits and only having 1% going forward additionally significantly reduces benefits. Any changes would start from the reduction I just took on June 1st (before learning of the lawsuit). I could have paid the higher premium to continue full coverage until the information about the lawsuit came out, had I known that was an option. I could have made choices to move away from Genworth insurance earlier had I know the kind of premium increases that were coming.

I do not think the settlement provides reasonable compensation for the lose of coverage I will sustain. Because of the timing of my particular premium increase, I was deciding blind while Genworth had information on the proposed settlement. I can only hope the lawsuit forces disclosure of sufficient information going forward for me to make better decisions and Genworth cannot just include a generic premiums will go up statement.

Thank you for allowing me to submit this additional documentation.

*Kathryn Dimiduk*

Sincerely Kathryn Dimiduk