IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| FRED HANEY, et al.,<br>individually, and on behalf of<br>all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**GENWORTH LIFE INSURANCE<br>COMPANY**, et al.,<br><br>    Defendants. | Civil Action No. 3:22-cv-55 |

### AFFIDAVIT OF JEFFREY A. BELKIN, ESQUIRE

STATE OF OHIO          )
COUNTY OF CUYAHOGA  )    To-wit:

JEFFREY A. BELKIN, having been duly sworn, deposes and states as follows:

1. I am an attorney licensed to practice in the State of Ohio, Supreme Court No. 0018294. I am currently engaged in solo practice limited to the arbitration of labor and employment disputes, and as a mediator in employment litigation.

2. Having graduated from Brown University (A.B., '61) and the University of Michigan Law School (J.D., '64), I was admitted to the bar in Michigan (1964) and Ohio (1965). I began my legal career as an attorney with the National Labor Relations Board in Region 7 (Detroit). In 1967, I began the private practice of law in Cleveland (my hometown), where I have remained. My practice concentrated in labor/management law, primarily representing employers, from 1967 until 2007, when I began my current practice as a neutral arbitrator and mediator. I have carried an "AV" rating since 1975; and was for years mentioned in *Best Lawyers in America* prior to transitioning my practice in 2007. During my years of practice, in addition to

the Supreme Courts of Ohio and Michigan, I was admitted to the U.S. District Court (Northern District, Ohio) and the U.S. Courts of Appeal for the First, Third, Sixth, and D.C. Circuits, and to the U.S. Supreme Court.

3. I have been active in the State Bar of Ohio, where I served on the committee advising the Legislature regarding the provisions of Ohio's public sector collective bargaining statute. I successfully argued the case in the Ohio Supreme Court that established the burden of proof sequence in employment discrimination lawsuits under Ohio law. *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio C.R. Comm'n*, 66 Ohio St. 2d 192, 421 N.E.2d 128 (1981).

4. As a neutral arbitrator, I have issued over 200 opinions, many of which have been published in the Bloomberg *Labor Arbitration Reports*. I am on the National Labor panels of the American Arbitrators Association, and the Federal Mediation and Conciliation Service (FMCS), as well as numerous permanent arbitration panels. Since 2013, I have been a member of the National Academy of Arbitrators. In 2021, I was admitted as a Fellow of the College of Labor and Employment Lawyers.

5. I have personal knowledge of the matters set forth in this Affidavit, including the billing rate and the hours I have spent in pursuance of Jane Belkin's objection to the Proposed Settlement Agreement in the above-captioned matter.

6. The billing rate I have charged in this matter is $500/hour. That is the same rate I charge for employment mediations; sexual harassment investigations; and employment arbitrations. To the best of my knowledge, it is the standard billing rate for such matters in the Cleveland Metropolitan Area market.

| Attorney | Hourly Rate | Total Hours | Total Fee |
|---|---|---|---|
| Jeffrey A. Belkin, Esq. | $500.00 | 42.25 | $21,125.00 |

7. The services rendered by Jeffrey A. Belkin included, but are not limited to, review of the Proposed Settlement Agreement, LTC Policy, and pleadings; conferences with local class action attorneys; retention of a class action attorney in Richmond; numerous telephone conferences; drafting of extensive memos; review of court filings; and settlement related conferences with opposing counsel. The time set forth in Exhibit "A" was recorded contemporaneously with the work having been done in almost every instance and where not a low to reasonable estimation of time was listed.

8. The statements made herein are true and correct to the best of my present information and belief, and with knowledge of the requirements for filing of a request for attorney fees in the federal statutory attorney fee cases, as set forth by the United States Supreme Court in *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010), the Fourth Circuit Court of Appeals in *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013) and *Jones v. SouthPeak Interactive Corp. of Delaware*, 777 F.3d 658 (4th Cir. 2015), and by the United States District Courts for the Eastern District of Virginia in the cases of *Halcom v. Genworth Life Ins. Co.*, No. 3:21-CV-19, 2022 WL 2317435 (E.D. Va. June 28, 2022) and *Skochin v. Genworth Fin., Inc.*, No. 3:19-CV-49, 2020 WL 6536140 (E.D. Va. Nov. 5, 2020).

FURTHER AFFIANT STATES NOT.

_____
Jeffrey A. Belkin

SWORN TO AND SUBSCRIBED before me, a NOTARY PUBLIC of the state of Ohio, on this 29TH day of November, 2022.

_____
NOTARY PUBLIC

DOMINIC SATURDAY
Attorney At Law
Notary Public, State of Ohio
My commission has no expiration date
Sec. 147.03 R.C.

4