**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| **FRED HANEY, MARSHA MERRILL, SYLVIA RAUSCH, STEPHEN SWENSON, and ALAN WOOTEN, Individually and on Behalf of All Others Similarly Situated,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | **Civil Action No. 3:22-cv-00055-REP** |
| **vs.** | ) ) | **CLASS ACTION** |
| **GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO
APPROVE SETTLEMENT WITH OBJECTORS**

Pursuant to Fed. R. Civ. Pro. ("FRCP") 23(e)(5)(B), Plaintiffs Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson, and Alan Wooten, on behalf of themselves and the Class, Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York, Goldman Scarlato & Penny, P.C., Robbins Geller Rudman & Dowd LLP, Berger Montague P.C., and Phelan Petty P.C. (collectively, "Class Counsel"), Objectors Jane and Jeffrey Belkin, William and Linda Dudley, Doug and Bonnie Ebstyne, David Friedman, James Perry, Michael Podoll, and Thomas Toman (collectively, "Settling Objectors"), and ThorsenAllen, LLP, Jeffrey A. Belkin, the Vernia Law Firm, and Clinton & Peed (collectively, "Objectors' Counsel") jointly move for approval of an agreement of settlement reached between Plaintiffs, Defendants, and Settling Objectors (the "Objectors' Settlement Agreement") in the

above-captioned Action.  Together, the Plaintiffs, Defendants, Settling Objectors, Class Counsel and Objectors' Counsel shall be referenced in this Motion as the "Parties".[1]

## I.   Background

### A.   Procedural History

On May 2, 2022, this Court issued an order granting preliminary approval of a class action settlement (the "Original Class Action Settlement Agreement") and directing notice to the Class.  (ECF No. 31.)  The Parties subsequently entered into an Amended Class Action Settlement Agreement on July 6, 2022, which the Court preliminarily approved on July 7, 2022. (ECF Nos. 33, 33-1, 34.)  On August 1, 2022, the Class Administrator sent the Class Notice via USPS first-class mail to the Class Members, including the Settling Objectors.  *See* Decl. of Cameron R. Azari, Esq. on Settlement Notice Plan and Administration at ¶ 13 (ECF No. 28-5.) The Class Administrator also provided notice to the Class by publication, including multiple ads in newspapers of national circulation and via the settlement website specifically designed for this Action.  *Id.* at ¶¶ 15, 22.  The deadline for Class Members to opt-out of or object to the Amended Class Action Settlement Agreement was September 30, 2022.  *See* Amended Class Action Settlement Agreement at ¶¶ 62, 64 (ECF No. 33-1.)

On September 16, 2022, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement.  (ECF Nos. 39–40.)  Between September 26, 2022 and October 19, 2022, the Court received the Settling Objectors' objections to the Amended Class Action Settlement Agreement.  (*See* ECF Nos. 48, 53, 56, 69, 73.)  On November 3, 2022, Plaintiffs filed a Reply

---

[1] All capitalized terms used in this Memorandum of Law shall have the meanings ascribed to them in the Objectors' Settlement Agreement, attached as **Exhibit A**, and, where not inconsistent, the contemporaneously filed Second Amended Joint Stipulation of Class Action Settlement and Release ("Second Amended Class Action Settlement Agreement").

Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement. (ECF No. 79.)  Following extensive, arms-length negotiations, the Parties reached agreements with the Settling Objectors to withdraw their objections in exchange for certain modifications to the Amended Class Action Settlement Agreement, subject to approval by the Court.  The Parties notified the Court of those agreements on November 16, 2022.

The Court held a hearing on final approval (the "Final Approval Hearing") on November 17, 2022.  During that hearing, the Parties described the material terms of the Objectors' Settlement Agreement.  (Transcript of November 17, 2022 Final Approval Hearing, pp. 12:17–15:8.)  Following the Final Approval Hearing, the Court ordered the Parties to file a Second Amended Class Action Settlement Agreement by November 30, 2022 to reflect the agreements memorialized during the Final Approval Hearing.  (ECF Nos. 94, 98.)  The Court also set a hearing for December 13, 2022 on this Motion and for final approval of the Second Amended Class Action Settlement Agreement.  (ECF No. 98.)

The Court has yet to issue a final approval order or an order overruling or otherwise addressing the objections raised in this Action.

### B.   The Objectors' Settlement Agreement

Following the objections, the Parties engaged in extensive, arms-length negotiations to attempt to resolve the Settling Objectors' concerns about the settlement, and, in particular, with the Special Election Options in the Amended Class Action Settlement Agreement.  Those negotiations ultimately culminated in a settlement with the Settling Objectors, as embodied in the

accompanying Objectors' Settlement Agreement.  The Parties agree that the resolution reached in the Objectors' Settlement Agreement benefits the Class.[2]

The material terms of the Objectors' Settlement Agreement are as follows:

First, Plaintiffs and Defendants agree to modify the Special Election Options by expanding the availability of one of the Special Election Options and increasing its Cash Damages payment, adding a new Special Election Option, and increasing the Cash Damages payment for the Special Election Option for Non-Forfeiture Status Class Members, as follows, with red text and strike outs indicating deletions and blue text and underlining indicating additions:

**Appendix C (Special Election Options)**:[3]

    **I.    Special Election Options For Class Members With Policies That Are Not In Non-Forfeiture Status**

    **\*\*\***

    **B.  Reduced Benefit Options ("RBOs")**

        ~~**1.  RBOs For Class Members Who Currently Do Not Have Stable Premium Option ("SPO"), Or Flexible Benefit Option ("FBO") Policies**~~

Class Members who currently have in force policies, ***excluding*** (1) Class Members who previously elected a SPO, or FBO, and/or (2) Class Members whose level of benefits are below the level of benefits available in the defined option, will have the following options:

---

[2] Although Plaintiffs and Defendants continue to maintain that the Settling Objectors' objections lack merit, they have agreed to the Objectors' Settlement Agreement upon taking account of the strengths and weaknesses of their respective positions and the risks of uncertainty absent settlement.

[3] Footnotes omitted.

1.  For Class Members with a Benefit Inflation Option ("BIO"), a settlement option consisting of two components: **(a)** a change in the Class Member's policy benefits that removes BIO with a reduction of their Daily/Monthly Benefit Amount ("D/M BA") to their original D/M BA (i.e., the D/M BA that he or she had prior to any BIO increases) for a reduced annual premium, and **(b)** a damages payment of $6,000.

2.  For Class Members with BIO whose policies are regulated by States that have approved 1% compound BIO,[4] a settlement option consisting of two components: **(a)** a change in the Class Member's policy benefits that reduces his/her BIO benefit to 1% compound inflation and recalculates his/her D/M BA by applying 1% compound inflation to his/her original benefit amount, and **(b)** a damages payment of $6,000.

3.  A settlement option consisting of two components: **(a)** a change in the Class Member's policy benefits that removes BIO (for those Class Members who have BIO), retains the Class Member's D/M BA, and for Class Members with a benefit period that is greater than three (3) years (four (4) years for shared policies), reduces the existing benefit period to three (3) years for Class Members with shared policies), and **(b)** a damages payment of $6,000.

---

[4] This particular clarifying edit to the description to this Special Election Option is separate from the Objectors' Settlement Agreement; in reviewing the Amended Class Action Settlement Agreement, the Parties realized that this language had been inadvertently omitted therefrom.

> 4.  For Class Members with BIO and a lifetime benefit period, a settlement option consisting of two components: **(a)** a reduction of the Class Member's existing lifetime benefit period to a six year benefit period and a reduction to his or her current D/M BA (after benefit inflation) by 25%, and **(b)** a damages payment equal to $3,000.

**2.   ~~RBOs For Class Members Who Currently Are Not Eligible For The RBOs In Section I.B.1 Above (Except For Class Members With FBO Policies)~~**

Class Members who currently ~~are not eligible for the RBOs in Section I.B.1 above (except for~~ have in force policies, ***excluding*** Class Members ~~with~~ who previously elected a ~~FBO Policies), and/or Class Members whose level of benefits are below the level of benefits available in the defined option,~~ will have ~~an~~ the following option ~~that maintains their SPO status (if any) and consists~~:

> 5.  A settlement option consisting of two ~~additional~~ components: **(a)** a reduction of the Class Member's current D/M BA by 25%, and **(b)** a damages payment of $1,200.

          \*\*\*

## III.   Special Election Option For Class Members In Non-Forfeiture Status

1.  Class Members who were ~~o~~in Non-Forfeiture Status after January 1, 2014 but prior to making an election in this settlement will be provided with an option to elect a damages payment of ~~$1,000~~ $1,150 and retain their current paid-up benefit.

Objectors' Settlement Agreement at ¶ 32(a).

Second, the Settling Objectors agree that all of their objections are withdrawn and will be denied as moot.  *Id.* at ¶ 33.

Third, the Settling Objectors agree to:  (a) not further object to, participate with, or assist in any additional objection to the Original Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, or the Second Amended Class Action Settlement Agreement (collectively, the "Settlement") whether by way of further objections, motions for reconsideration, or appeal; (b) abide by the Court's forthcoming orders on final approval, the objections to the Settlement, and Class Counsel's application for attorneys' fees and costs; and (c) not interfere with the finality of the Settlement, including its implementation and administration.  *Id.* at ¶ 34.

Fourth, Defendants agree to pay each Settling Objector an incentive award in an amount ordered by the Court, not to exceed $7,500 per Settling Objector, to compensate each of them for their contributions to the Second Amended Settlement Agreement.  *Id.* at ¶¶ 35(a)-(b), (d). Defendants will pay Objectors' Counsel attorneys' fees (but not costs) if and as ordered by the Court, in an amount not to exceed $195,000 for ThorsenAllen, LLP and Jeffrey A. Belkin, Esq., combined, and in an amount not to exceed $390,000 for the Vernia Law Firm and Clinton & Peed, combined, and will not oppose applications by the respective Objectors' Counsel seeking up to such respective amounts.[5]  Objectors' Counsel shall only seek attorneys' fees by reference to the modifications to the Special Election Options with which they were respectively involved. *Id.* at ¶ 35(d).

None of these payments to the Settling Objectors or to Objectors' Counsel, if and as ordered by the Court, shall be deducted from payments to Class Members; rather, all such

---

[5] Counsel for Ms. Belkin are filing their motion for attorneys' fees and incentive award contemporaneously with this motion for approval.  Counsel for Mr. Friedman et al. and Mr. Poddoll anticipate filing their motion for attorneys' fees and incentive awards by this Friday, December 2.

payments will be made by Defendants without reducing recovery to the Class (whose benefits are uncapped and not part of a common fund in any event). *Id.* at ¶ 35(f). Moreover, if the Court awards the Settling Objectors or Objectors' Counsel incentive awards or attorneys' fees in an amount less than they request, Settling Objectors or Objectors' Counsel may appeal, but such an appeal will be taken only from the corresponding order and not from the final judgment, and any such appeal will not otherwise affect the finality of the Second Amended Class Action Settlement Agreement approved by the Court or any distribution to Class Members. *Id.* at ¶ 34(b).

## II.  ARGUMENT

### A.  FRCP 23(e)(5)

FRCP 23(e)(5) permits one or more Class Members to object to a proposed class action settlement and requires court approval, following a hearing, of any payment or exchange of consideration in connection with "(i) foregoing or withdrawing an objection, or (ii) foregoing, dismissing, or abandoning an appeal from a judgment approving" a settlement. FRCP 23(e)(5)(A)–(B)(ii). The Advisory Committee comments to this subsection note that "[g]ood-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2)," and that "[i]t is legitimate for an objector to seek payment for providing such assistance under Rule 23(h)." FRCP 23(e)(5)(B) Advisory Committee's Notes to 2009 Amendment.

### B.  The Objectors' Settlement Agreement Should Be Approved

The Objectors' Settlement Agreement should be approved because the Settling Objectors' objections were made in good faith and the Objectors' Settlement Agreement best serves the interests of the Class. Primarily, the Objectors' Settlement Agreement enhances the Special Election Options to the further benefit of the Class by:

- Extending to the entire Class the Special Election Option to reduce the Class Member's Daily/Monthly Benefit Amount by 25% and receive a Cash Damages payment and lower premiums (*see* Second Amended Class Action Settlement Agreement, Appendix C at I.B.5.), which previously was only available to Class Members if they were not eligible for any of the three Reduced Benefit Option Special Election Options;

- Adding a new Special Election Option that reduces the lifetime benefit period to six years and the current Daily/Monthly Benefit Amount (after benefit inflation) by 25%, and that provides a Cash Damages payment and lower premiums (*see id.* at I.B.4.); and

- Increasing the Cash Damages payment amount for two Special Election Options, specifically (a) the Special Election Option for Non-Forfeiture Status Class Members (from $1,000 to $1,150) (*see id.* at III.1.) and (b) the Special Election Option to reduce the Daily/Monthly Benefit Amount by 25% (from $1,000 to $1,200) (*see id.* at I.B.5.).

While Plaintiffs and Defendants do not concede that the original Special Election Options were deficient or inadequate in any respect, the Parties agree that the foregoing amended Special Election Options will expand the Class recovery.

Importantly, none of the payments to the Settling Objectors or to Objectors' Counsel, if approved by the Court, will affect the settlement relief provided to the Class; that is, the Class' recovery will not be diminished in any way by the Objectors' Settlement Agreement. *Id.* at ¶ 35(f). This is because (1) the Settlement itself is not a capped, common-fund settlement; rather, Defendants have agreed to pay all benefits claimed by Class Members, with no pro rata

reductions based on claim rates or payments to other persons, and (2) Defendants have agreed to make payments to the Objectors and Objectors' Counsel, as ordered by the Court, from their own funds. *Id.* This aspect of the Objectors' Settlement Agreement is particularly notable, given that the primary purpose for requiring court approval of objector settlements is to guard against payments to objectors that "*reduce* the funds distributed to class members [and] delay settlement distributions to innocent class members." Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Implementing 2018 Amendments to Rule 23 Class Action Settlement Provisions* at 20 (2018) (emphasis added)[6]. The Objectors' Settlement Agreement here does just the opposite and leaves the Class recovery fully intact.

## III.    CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court approve the Objectors' Settlement Agreement.

---

[6] Available at https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1003&context=bolch.

DATED: November 30, 2022              Respectfully submitted,


*/s/ Jonathan M. Petty (with permission)*
PHELAN PETTY PLC
JONATHAN M. PETTY, VSB No. 43100
BRIELLE M. HUNT, VSB No. 87652
3315 West Broad Street
Richmond, VA 23230
Tel: (804) 980-7100
Fax: (804) 767-4601
jpetty@phelanpetty.com
bhunt@phelanpetty.com

GOLDMAN SCARLATO & PENNY, P.C.
BRIAN DOUGLAS PENNY (*pro hac vice*)
Eight Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, PA 19428
Tel: (484) 342-0700
Fax: (484) 342-0701
penny@lawgsp.com

ROBBINS GELLER RUDMAN
& DOWD LLP
STUART A. DAVIDSON (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000
Fax: (561) 750-3364
sdavidson@rgrdlaw.com

BERGER MONTAGUE PC
GLEN L. ABRAMSON (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215)875-4604
gabramson@bm.net

*Counsel for Plaintiffs and the Settlement Class*

11

DATED: November 30, 2022

*/s/ Brian E. Pumphrey*
MCGUIREWOODS LLP
BRIAN E. PUMPHREY (VSB No. 47312)
HEIDI E. SIEGMUND (VSB No. 89569)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
bpumphrey@mcguirewoods.com
hsiegmund@mcguirewoods.com

DENTONS US LLP
REID L. ASHINOFF (*pro hac vice*)
DREW MARROCCO (VSB No. 38955)
MICHAEL J. DUVALL (*pro hac vice*)
CATHARINE LUO (*pro hac vice*)
SAMANTHA FAHR (pro hac vice)
HALEY GRISSOM (pro hac vice)
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
reid.ashinoff@dentons.com
drew.marrocco@dentons.com
michael.duvall@dentons.com
catharine.luo@dentons.com
samantha.fahr@dentons.com
haley.grissom@dentons.com

***Counsel for Defendants***

DATED: November 30, 2022

*/s/ Timothy R. Clinton (with permission)*
CLINTON & PEED
TIMOTHY R. CLINTON (VSB No. 70902)
777 6th Street NW, 11th Fl.
Washington, DC 20001
Tel: (202) 621-1828
Fax: (202) 204-6320
tim@clintonpeed.com

THE VERNIA LAW FIRM
BENJAMIN J. VERNIA (*pro hac vice*)
1455 Pennsylvania Ave.
Washington, D.C. 20004
Tel: (202) 349-4053
Fax: (866) 572-6728
bvernia@vernialaw.com

**Counsel for Objectors William and Linda Dudley,**
**Doug and Bonnie Ebstyne, David Friedman, James**
**Perry, Michael Podoll, and Thomas Toman**

*/s/ James B. Thorsen (with permission)*
THORSENALLEN, LLP
JAMES B. THORSEN (VSB No. 18113)
JESSE A. ROCHE (VSB No. 82579)
5413 Patterson Avenue, Suite 201
P.O. Box 17094
Richmond, Virginia 23226
Tel: (804) 447-7234
Fax: (804) 447-7813
jroche@thorsenallen.com
jthorsen@thorsenallen.com

*/s/ Jeffrey A. Belkin (with permission)*
JEFFREY A. BELKIN (*pro hac vice*)
2519 Lafayette Drive
University Heights, OH 44118
Tel: (216) 469-5294
Fax: (216) 862-9870
jab@jabelkinlaw.com

**Counsel for Objector Jane Belkin**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 30th day of November, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to all counsel of record.

*/s/ Brian E. Pumphrey*
MCGUIREWOODS LLP
BRIAN E. PUMPHREY (VSB No. 47312)
HEIDI E. SIEGMUND (VSB No. 89569)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
bpumphrey@mcguirewoods.com
hsiegmund@mcguirewoods.com

**Counsel for Defendants**

14