# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **FRED HANEY, MARSHA MERRILL,** ) <br> **SYLVIA RAUSCH, STEPHEN SWENSON,** ) <br> **and ALAN WOOTEN, Individually and on** ) <br> **Behalf of All Others Similarly Situated,** ) <br> ) <br>    **Plaintiffs,** ) <br> ) <br>  **vs.** ) <br> ) <br> **GENWORTH LIFE INSURANCE** ) <br> **COMPANY and GENWORTH LIFE** ) <br> **INSURANCE COMPANY OF NEW** ) <br> **YORK,** ) <br> ) <br>    **Defendants.** ) <br> ) | **Civil Action No. 3:22-cv-00055-REP** <br><br> <u>**CLASS ACTION**</u> |

<u>**JOINT STIPULATION OF SETTLEMENT WITH OBJECTORS**</u>

# **TABLE OF CONTENTS**

I.      RECITALS ................................................................................................................ 1

II.     DEFINITIONS .......................................................................................................... 4

        19.     Business Days ............................................................................................. 4

        20.     Class Counsel .............................................................................................. 4

        21.     Class Notice ................................................................................................ 4

        22.     Court ............................................................................................................ 4

        23.     Final Objectors' Settlement Agreement Date ........................................ 4

        24.     Final Objectors' Incentive Awards and Attorneys' Fees Settlement Date ............ 5

        25.     Objectors' Counsel .................................................................................... 5

        26.     Objections ................................................................................................... 5

        27.     Order Approving Objectors' Settlement Agreement ............................ 5

        28.     Order(s) on Objectors' Motions for Incentive Awards and Attorneys' Fees .......... 6

        29.     Second Amended Class Action Settlement Agreement ......................... 6

        30.     Other Terms ................................................................................................ 6

III.    TERMS OF SETTLEMENT ................................................................................... 6

        31.     Motion to Approve the Objectors' Settlement Agreement. ................... 6

        32.     Modifications to the Amended Class Action Settlement Agreement and
                Motion to Approve the Second Amended Class Action Settlement
                Agreement. .................................................................................................. 7

        33.     Withdrawal of Objections ......................................................................... 9

        34.     Objectors' Covenant Not to Further Object, Seek Further Review, or
                Appeal, and Objectors' Waiver of and Limited Appeal Rights. ........... 9

        35.     Incentive Awards to Objectors and Objectors' Counsel's Attorneys' Fees. ........ 11

        36.     Non-Disparagement and Public Statements ......................................... 13

        37.     Enforceability and Continuing Jurisdiction ........................................ 14

38.   Mutual Full Cooperation ................................................................... 15

39.   No Prior Assignments ....................................................................... 15

40.   No Third-Party Beneficiaries ............................................................ 15

41.   Construction and Choice of Law ....................................................... 15

42.   Modifications .................................................................................... 15

43.   Notice ............................................................................................... 16

44.   Entire Agreement .............................................................................. 17

45.   Counterparts ..................................................................................... 18

46.   Representations ................................................................................. 18

This Joint Stipulation of Settlement with Objectors (the "Objectors' Settlement Agreement") is made and entered into by and between Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson, and Alan Wooten, on behalf of themselves and the class of individuals defined in this Objectors' Settlement Agreement, Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York, and Objectors Jane and Jeffrey Belkin, William and Linda Dudley, Doug and Bonnie Ebstyne, David Friedman, James Perry, Michael Podoll, and Thomas Toman (collectively, "Settling Objectors"). Together, the Plaintiffs, Defendants, Settling Objectors, Class Counsel, and Objectors' Counsel are referred to in this Objectors' Settlement Agreement as the "Parties."

Subject to Court approval as required by Federal Rule of Civil Procedure ("FRCP") 23(e)(5) and 23(h), the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Objectors' Settlement Agreement and upon entry by the Court of a Final Order and Judgment Approving Objectors' Settlement Agreement (defined below), the Objections (defined below) shall be settled and compromised in accordance with the terms of this Objectors' Settlement Agreement.

## I.      RECITALS

1.      WHEREAS, on August 11, 2021, counsel for Plaintiffs provided pre-suit notice of this class action lawsuit to Genworth, alleging a course of conduct similar to that alleged in *Skochin v. Genworth Life Ins. Co.*, No. 3:19-cv-00049-REP (E.D. Va.) ("*Skochin*") and *Halcom v. Genworth Life Ins. Co.*, No. 3:21-cv-00019-REP (E.D. Va.) ("*Halcom*"), but on behalf of policyholders with policies not included in those prior lawsuits;

2.      WHEREAS, on January 28, 2022, Named Plaintiffs filed a complaint (the "Complaint") against Defendants for alleged misrepresentations based on the alleged failure to

1

disclose material information in the premium rate increase letters sent for certain long-term care insurance policies issued by GLIC and GLICNY in the action styled *Haney v. Genworth Life Insurance Company*, No. 3:22-cv-00055-REP, in the United States District Court for the Eastern District of Virginia (the "Action").  Named Plaintiffs sought to represent a class of all Policyholders who had received such letters in all fifty states and the District of Columbia, and Named Plaintiffs asserted claims for Fraudulent Inducement by Omission and for Declaratory Relief;

3.    WHEREAS, Genworth denies and continues to deny any wrongdoing or legal liability for any alleged wrongdoing, does not admit or concede any actual or potential fault, wrongdoing, or legal liability in connection with any facts or claims that have been or could have been alleged in the Action, and contends that neither Named Plaintiffs nor the putative Class have been injured or are entitled to any relief;

4.    WHEREAS, on April 1, 2022, Plaintiffs and Defendants entered into a Joint Stipulation of Class Action Settlement and Release (the "Original Class Action Settlement Agreement") (ECF No. 28-1);

5.    WHEREAS, on April 1, 2022, Plaintiffs filed a Motion to Direct Notice of the Proposed Settlement to the Class (ECF Nos. 26–28), and on May 2, 2022, the Court issued an Order Granting Preliminary Approval of Settlement and Directing Notice to the Class (ECF No. 31);

6.    WHEREAS, on July 6, 2022, Plaintiffs and Defendants entered into an Amended Joint Stipulation of Class Action Settlement and Release (the "Amended Class Action Settlement Agreement") (ECF Nos. 33, 33-1);

7.      WHEREAS on July 7, 2022, the Court issued an Order Granting Preliminary Approval of the Amended Settlement Agreement (ECF No. 34);

8.      WHEREAS, on August 1, 2022 Class Notice was sent to the Class (see ECF No. 28-5);

9.      WHEREAS, on September 16, 2022, Plaintiffs filed a Motion for Final Approval of the Amended Class Action Settlement Agreement and memorandum in support thereof (ECF Nos. 39–40);

10.      WHEREAS, on September 26, 2022, the Court received Michael Podoll's Objection to the Class Action Settlement (ECF No. 48);

11.      WHEREAS, on September 30, 2022, the Court received Jane Belkin's Objection to the Class Action Settlement (ECF No. 53);

12.      WHEREAS on September 30, 2022, the Court received an objection to the Class Action Settlement from David Friedman, Doug and Bonnie Ebstyne, James Perry, and Thomas Toman, by and through their attorney, Benjamin J. Vernia.  (ECF No. 56.)  That Objection was amended to include William and Linda Dudley on October 11, 2022 (ECF Nos. 69-2, 73) (collectively, the "Friedman Objectors");

13.      WHEREAS, Class Counsel initiated conversations with Genworth's counsel regarding additional benefits that might be offered in the Settlement;

14.      WHEREAS, on November 3, 2022, Plaintiffs filed a Reply Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Plaintiffs' Reply Memorandum in Support of Final Approval") (ECF No. 79);

15.      WHEREAS, following extensive, arms-length negotiations, Plaintiffs and Defendants reached agreements with the "Settling Objectors" to withdraw their objections in

exchange for certain modifications to the Amended Settlement Agreement, subject to approval by the Court, and the Parties notified the Court of those agreements on November 16, 2022;

16.    WHEREAS, on November 17, 2022, the Court held a hearing on Final Approval (the "Final Approval Hearing");

17.    WHEREAS, the Court ordered that the Parties submit a further amended Class Action Settlement Agreement by November 30, 2022 (ECF No. 94); and

18.    WHEREAS, the Parties believe that the Objectors' Settlement Agreement is in the best interests of the Class;

NOW THEREFORE, in consideration of the foregoing facts and of the agreements and consideration set forth below, the Parties mutually agree as follows:

## II.    DEFINITIONS

19.    Business Days:  "Business Days" means each day, not including the day of the act, event, or default from which a designated period of time begins to run, but including the last day of the period, unless it is a Saturday, Sunday, or U.S. federal government holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or U.S. federal government holiday.

20.    Class Counsel:  "Class Counsel" shall be defined as Goldman Scarlato & Penny, P.C., Robbins Geller Rudman & Dowd LLP, Berger Montague P.C., and Phelan Petty P.C.

21.    Class Notice:  "Class Notice" means the Court-directed appropriate notice pursuant to FRCP 23(e) that was sent in this Action beginning on August 1, 2022.

22.    Court:  "Court" means the United States District Court for the Eastern District of Virginia.

23.    Final Objectors' Settlement Agreement Date:  "Final Objectors' Settlement Agreement Date" means the date, if any, on which the Order Approving Objectors' Settlement

4

Agreement becomes "Final."  For purposes of this provision, if no appeal has been taken from the Order Approving Objectors' Settlement Agreement, "Final" means the date, if any, on which the Order Approving Objectors' Settlement Agreement is entered by the Court or the Final Settlement Date, whichever is later.

24. <u>Final Objectors' Incentive Awards and Attorneys' Fees Settlement Date</u>:  "Final Objectors' Incentive Awards and Attorneys' Fees Settlement Date" means the date, if any, on which the last Order on Objectors' Motions for Incentive Awards and Attorneys' Fees becomes "Final."  For purposes of this provision:  (1) if no appeal has been taken from the Order(s) on Objectors' Incentive Awards and Attorneys' Fees, "Final" means the date that the time to appeal or seek any review therefrom has expired; or (2) if any appeal or review has been taken from the Order(s) on Objectors' Incentive Awards and Attorneys' Fees, "Final" means that all available appeals or review therefrom, including any petition for rehearing or reargument, petition for rehearing en banc, further appeals at any level, petition for certiorari, or any other form of review, have been finally disposed of in a manner that fully affirms the Order(s) on Objectors' Incentive Awards and Attorneys' Fees.

25. <u>Objectors' Counsel</u>:  "Objectors' Counsel" shall be defined as ThorsenAllen, LLP, Jeffrey A. Belkin, the Vernia Law Firm, and Clinton & Peed.

26. <u>Objections</u>:  The "Objections" shall be defined as any and all objections filed or made, including orally, by the Settling Objectors.

27. <u>Order Approving Objectors' Settlement Agreement</u>:  "Order Approving Objectors' Settlement Agreement" means the order issued by the Court granting the Motion to Approve the Objectors' Settlement Agreement (as described in Paragraph 31 below).

28.     <u>Order(s) on Objectors' Motions for Incentive Awards and Attorneys' Fees</u>: "Order on Objectors' Motions for Incentive Awards and Attorneys' Fees" means the order(s) issued by the Court approving, partially approving and partially denying, or denying Objectors' Motions for Incentive Awards and Attorneys' Fees (as described in Paragraph 35 below).

29.     <u>Second Amended Class Action Settlement Agreement</u>:  The "Second Amended Class Action Settlement Agreement" refers to the Second Amended Joint Stipulation of Settlement and Release, which amends the Amended Class Action Settlement Agreement by expanding the availability of one of the Special Election Options and increasing its Cash Damages payment, adding a new Special Election Option, increasing Cash Damages payment for the Special Election Option for Non-Forfeiture Status Class Members, and making certain modifications to the Special Election Letter template (as described in Paragraph 32 below).

30.     <u>Other Terms</u>.  Other capitalized terms used in this Objectors' Settlement Agreement but not defined in Section II shall have the meanings ascribed to them elsewhere in this Settlement Agreement.  Unless otherwise defined herein, all capitalized words, phrases or terms set forth herein shall have the meaning set forth in the Amended Joint Stipulation of Class Action Settlement and Release filed in this Action on July 6, 2022 (ECF No. 33-1).

### III.     TERMS OF SETTLEMENT

31.     <u>Motion to Approve the Objectors' Settlement Agreement</u>.

(a)     No later than November 30, 2022, the Parties shall file a Joint Motion to Approve the Objectors' Settlement Agreement in the Action that seeks approval of all terms of the Objectors' Settlement Agreement.

(b)     The Parties shall coordinate on the drafting of the Motion to Approve the Objectors' Settlement Agreement, and no Motion to Approve the Objectors' Settlement

6

Agreement shall be filed without each Party's consent to the Objectors' Settlement Agreement and to the Motion to Approve the Objectors' Settlement Agreement.

32.     <u>Modifications to the Amended Class Action Settlement Agreement and Motion to Approve the Second Amended Class Action Settlement Agreement</u>.

(a)     On November 30, 2022, the Parties shall file an updated Settlement Agreement that reflects the proposed changes to the Special Election Options made pursuant to this Agreement with the Settling Objectors, as described during the November 17, 2022 Final Approval Hearing (*see* ECF No. 98), including expanding the availability of one of the Special Election Options and increasing its Cash Damages payment, adding a new Special Election Option, and increasing Cash Damages payment for the Special Election Option for Non-Forfeiture Status Class Members.  The updated Special Election Options will appear in the Second Amended Class Action Settlement Agreement as follows:

**Appendix C (Special Election Options)**:[1]

**I.    Special Election Options For Class Members With Policies That Are Not In Non-Forfeiture Status**

\*\*\*

**B.  Reduced Benefit Options ("RBOs")**

Class Members who currently have in force policies, ***excluding*** (1) Class Members who previously elected a SPO, or FBO, and/or (2) Class Members whose level of benefits are below the level of benefits available in the defined option, will have the following options:

---

[1] Footnotes omitted.

1. For Class Members with a Benefit Inflation Option ("BIO"), a settlement option consisting of two components: **(a)** a change in the Class Member's policy benefits that removes BIO with a reduction of their Daily/Monthly Benefit Amount ("D/M BA") to their original D/M BA (i.e., the D/M BA that he or she had prior to any BIO increases) for a reduced annual premium, and **(b)** a damages payment of $6,000.

2. For Class Members with BIO whose policies are regulated by States that have approved 1% compound BIO, a settlement option consisting of two components: **(a)** a change in the Class Member's policy benefits that reduces his/her BIO benefit to 1% compound inflation and recalculates his/her D/M BA by applying 1% compound inflation to his/her original benefit amount, and **(b)** a damages payment of $6,000.

3. A settlement option consisting of two components: **(a)** a change in the Class Member's policy benefits that removes BIO (for those Class Members who have BIO), retains the Class Member's D/M BA, and for Class Members with a benefit period that is greater than three (3) years (four (4) years for shared policies), reduces the existing benefit period to three (3) years for Class Members with shared policies), and **(b)** a damages payment of $6,000.

4. For Class Members with BIO and a lifetime benefit period, a settlement option consisting of two components: **(a)** a reduction of the Class Member's existing lifetime benefit period to a six year benefit period and

8

a reduction to his or her current D/M BA (after benefit inflation) by 25%, and **(b)** a damages payment equal to $3,000.

Class Members who currently have in force policies, ***excluding*** Class Members who previously elected an FBO, and/or Class Members whose level of benefits are below the level of benefits available in the defined option, will have the following option:

5. A settlement option consisting of two components: **(a)** a reduction of the Class Member's current D/M BA by 25%, and **(b)** a damages payment of $1,200.

\*\*\*

### III.   Special Election Option For Class Members In Non-Forfeiture Status

1. Class Members who were in Non-Forfeiture Status after January 1, 2014 but prior to making an election in this settlement will be provided with an option to elect a damages payment of $1,150 and retain their current paid-up benefit.

33.   <u>Withdrawal of Objections</u>.  Upon entry of the Order Approving Objectors' Settlement Agreement, all Objections shall be deemed withdrawn.

34.   <u>Objectors' Covenant Not to Further Object, Seek Further Review, or Appeal, and Objectors' Waiver of and Limited Appeal Rights</u>.

(a)   Subject to Paragraph 37 below, the Settling Objectors (1) covenant not to further object to or participate or assist in any additional objection to the Original Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, or the Second Amended Class Action Settlement Agreement; (2) covenant not to seek, and knowingly, voluntarily, and in consideration of the promises herein, waive any further judicial review or appeal, including filing any further objection, motion for reconsideration, or notice of appeal, in

relation to (a) the Original Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, or the Second Amended Class Action Settlement Agreement, (b) any order or judgment granting final approval of the Second Amended Class Action Settlement Agreement, (c) any order overruling objections to the Original Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, or the Second Amended Class Action Settlement Agreement, including but not limited to the Objections, and/or (d) any order granting, in whole or part, Class Counsel's requests for attorneys' fees and costs; and (3) covenant not to prevent or delay the Final Settlement Date in this Action or assist or cooperate with any other person or entity in attempting to do so.  Any Settling Objector's breach of a covenant within this Paragraph constitutes irreparable harm to the Genworth Released Parties and/or Plaintiffs.  If any Settling Objector breaches a covenant within this Paragraph, the Genworth Released Parties or Plaintiffs, as the case may be, shall be entitled to all available relief to remedy such a breach, including injunctive or other equitable relief, all damages resulting from the breach, and attorneys' fees and costs in enforcing the covenant or in opposing any objection or appeal.

(b)     The Settling Objectors or Objectors' Counsel may appeal or seek further review of the Final Order(s) on Objectors' Motions for Incentive Awards and Attorneys' Fees (subject to the Settling Objectors' covenants and waivers in Paragraph 34(a) above) if denied in whole or part.  Any such appeal or review will not challenge or affect the finality of the Second Amended Class Action Settlement Agreement or the Objectors' Settlement Agreement, and shall not prevent or delay Plaintiffs and Defendants from otherwise implementing and administering the Second Amended Class Action Settlement Agreement.  Plaintiffs and Defendants may oppose such an appeal or review and advocate for affirmance, in whole or in part, of the Order(s)

on Objectors' Motions for Incentive Awards and Attorneys' Fees, and will not be deemed to have waived such arguments.

35. <u>Incentive Awards to Objectors and Objectors' Counsel's Attorneys' Fees</u>.

(a)    Within thirty (30) Business Days of the Final Objectors' Incentive Awards and Attorneys' Fees Settlement Date or Final Objectors' Settlement Agreement Date, whichever is later, Defendants will pay each of the Settling Objectors (or if any of the Settling Objectors passes away at any time following the execution of this Objectors' Settlement Agreement, to the deceased Settling Objector's estate) an incentive award not to exceed $7,500 if and as awarded by the Court.   Objectors' Counsel shall provide payment instructions prior to the Final Objectors' Incentive Awards and Attorneys' Fees Settlement Date.

(b)    Settling Objectors shall not seek Court approval of incentive awards in excess of $7,500 per Settling Objector.  None of these Payments to the Settling Objectors shall be deducted from any payments to Class Members.

(c)    Defendants will pay Objectors' Counsel attorneys' fees (but not costs) if and as ordered by the Court, in an amount not to exceed $195,000 for ThorsenAllen, LLP and Jeffrey A. Belkin, Esq., combined, and in an amount not to exceed $390,000 for the Vernia Law Firm and Clinton & Peed, combined, and will not oppose applications by the respective Objectors' Counsel seeking up to such respective amounts.  If Objectors' Counsel do not appeal the Order(s) on Objectors' Counsel's Attorneys' Fees, then payments for Objectors' Counsel's Attorneys' Fees, if and as ordered by the Court, shall be paid in full within three (3) Business Days of the date that the first Contingency Fee to Class Counsel following the Final Objectors' Incentive Awards and Attorneys' Fees Settlement Date is paid.

(d)     Objectors' Counsel shall only seek attorneys' fees associated with certain modifications to the Special Election Options (described in Paragraph 32, above).  Specifically, ThorsenAllen, LLP and Jeffrey A. Belkin, Esq. may only seek fees by reference to the Special Election Options set forth in **Appendix C**, I.B.4–5 being made available to all eligible Class Members, and the Vernia Law Firm and Clinton & Peed may only seek fees by reference to the Special Election Option set forth in **Appendix C**, I.B.5 being made available to all eligible Class Members, to its Cash Damages payment being increased from $1,000 to $1,200, and to the Cash Damages payment for the Special Election Option set forth in **Appendix C**, III.1 being increased from $1,000 to $1,150.   In any papers filed with or statements made to the Court, Objectors' Counsel may make representations that:  "Genworth has agreed, after extensive arms-length negotiations, to not oppose Objectors' Counsels' request for attorneys' fees up to $195,000 for ThorsenAllen, LLP and Jeffrey A. Belkin, Esq., combined, and $390,000 for the Vernia Law Firm and Clinton & Peed, combined, and incentive awards up to $7,500 per Settling Objector, if and as ordered by the Court."  If asked by the Court for a statement concerning applications for such amounts, Defendants and Class Counsel will make and not contradict such representations, but may otherwise respond to the Court's request.  In any instance, such non-oppositions shall not be represented or characterized as acknowledgements by Defendants or Class Counsel of the reasonableness of the amounts requested or of the benefit conferred by the Settling Objectors.

(e)     Settling Objectors and Objectors' Counsel shall file Motions for Objectors' Incentive Awards and Objectors' Counsel's Attorneys' Fees ("Objectors' Motions for Incentive Awards and Attorneys' Fees") that seek entry of an Order or Orders concerning the Objectors' Motions for Incentive Awards and Attorneys' Fees as a separate, post-judgment order or orders.  Settling Objectors and Objectors' Counsel shall provide Plaintiffs and Defendants

with drafts of the Objectors' Motions for Incentive Awards and Attorneys' Fees sufficiently in advance of filing for Plaintiffs and Defendants to review and comment on the draft motion, and Settling Objectors and Objectors' Counsel agree to implement and not reject any changes reasonably requested by Plaintiffs or Defendants.

(f)     No payments for Objectors' Counsel's Attorney's Fees shall be deducted from any payments to Class Members.

(g)     Genworth will pay Objectors' Counsel's Attorneys' Fees in an amount awarded by the Court in accordance with the timing set forth in Paragraph 35(c) above. Objectors' Counsel shall provide wire instructions prior to the Final Objectors' Counsel's Attorneys' Fees Settlement Date.

(h)     <u>No Admission of Liability</u>.  This Objectors' Settlement Agreement is a compromise of disputed claims and the consideration provided for herein is not to be construed as an admission on the part of any Party hereto.

36.     <u>Non-Disparagement and Public Statements</u>.

(a)     The Parties and their respective counsel shall not make any statements relating to this Action, orally or in writing, to third parties that disparage, are inimical to, or damage the reputation of the Parties.  Disparaging remarks, comments, or statements are those that impugn the character, honesty, integrity, morality, business acumen, motives, or abilities of the Parties.

(b)     The Parties and their respective counsel shall not make any public statements, advertise, promote, or share news or information concerning or related to the Objectors' Settlement Agreement at any time with the media or others who are not necessary to effectuate the terms of the Objectors' Settlement Agreement, except that Class Counsel may,

13

subject to Genworth's prior approval, publish the Objectors' Settlement Agreement, along with a brief, accurate statement concerning the Objectors' Settlement Agreement, on the Action's settlement website, and Objectors' Counsel may communicate that they represented the Settling Objectors in this Action.

(c)     If, at any time, either Named Plaintiffs, Class Counsel, Defendants, Defendants' Counsel, Settling Objectors, Objectors' Counsel, or the Settlement Administrator receives any subpoena or other request for information or documents concerning the Objectors' Settlement Agreement, the recipient of such subpoena or request shall provide, within five (5) Business Days of receipt of such subpoena or request, notice of the subpoena or request to Class Counsel, Defendants' Counsel, and Objectors' Counsel and shall not disclose or produce any information or documents to the subpoenaing or requesting person or entity unless (i) Named Plaintiffs, Defendants, and Settling Objectors have approved disclosure or production, (ii) Named Plaintiffs, Defendants, and Settling Objectors have not objected to the subpoena or request within the applicable time to do so, or (iii) the Court or other tribunal with jurisdiction over the subpoena or request has authorized or directed production of such information or documents.

37.     <u>Enforceability and Continuing Jurisdiction</u>.  This Objectors' Settlement Agreement is fully enforceable and binding and is admissible and subject to disclosure in any proceeding to enforce its terms.  For the sake of clarity, any Party may seek to enforce this Objectors' Settlement Agreement by motion, suit, or otherwise.  The prevailing Party in any civil action to enforce this Objectors' Settlement Agreement may petition the Court for injunctive or other equitable relief and/or to recover costs and reasonable attorneys' fees incurred in

connection with such an enforcement action or motion.  The Court shall retain jurisdiction over the Parties to enforce this Objectors' Settlement Agreement.

38.    <u>Mutual Full Cooperation</u>.  The Parties shall fully cooperate with each other and use their best efforts to accomplish the terms of this Objectors' Settlement Agreement, including, but not limited to, execution of such documents and to take such other actions as may be reasonably necessary to implement the terms of this Objectors' Settlement Agreement.

39.    <u>No Prior Assignments</u>.  The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein discharged except as set forth herein.

40.    <u>No Third-Party Beneficiaries</u>.  This Objectors' Settlement Agreement does not confer any benefits to any third-party.

41.    <u>Construction and Choice of Law</u>.  The terms and conditions of this Objectors' Settlement Agreement are the result of extensive, arms-length negotiations between the Parties, and all Parties have participated in the drafting of this Objectors' Settlement Agreement and setting forth its terms, and this Objectors' Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or their counsel has participated in the drafting of this Objectors' Settlement Agreement.  The law of Virginia shall govern this Objectors' Settlement Agreement without reference to its conflict of law principles.

42.    <u>Modifications</u>.  This Objectors' Settlement Agreement may not be changed, altered, or modified except in a writing signed by GLIC, GLICNY, Class Counsel, each of the Named Plaintiffs (in their individual and representative capacities), each of the Settling Objectors, and Objectors' Counsel, or as ordered by the Court following a written stipulation

15

between GLIC, GLICNY, Class Counsel, Objectors' Counsel, each of the Named Plaintiffs (in their individual and representative capacities), and each of the Settling Objectors effectuated through their counsel or the verbal stipulation of counsel for GLIC, GLICNY, each of the Named Plaintiffs (in their individual and representative capacities), and each of the Settling Objectors in open court.

43.    <u>Notice</u>.  All notices provided for under or pursuant to this Objectors' Settlement Agreement shall be in writing and shall be given by email, with a courtesy copy by United States mail, first class, postage prepaid, as follows:

> <u>If to the Named Plaintiffs, the Class, or Class Counsel</u>:
> Brian D. Penny
> GOLDMAN SCARLATO & PENNY, P.C.
> 161 Washington Street, Suite 1025
> Conshohocken, PA 19428
> Telephone: (484) 342-0700
> Email: penny@lawgsp.com
>
> Stuart A. Davidson
> ROBBINS GELLER RUDMAN & DOWD LLP
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, FL 33432
> Telephone: (561) 750-3000
> Email: sdavidson@rgrdlaw.com
>
> Jonathan M. Petty
> PHELAN PETTY, PLC
> 3315 West Broad Street
> Richmond, VA 23230
> Telephone: (804) 980-7100
> Email: jpetty@phelanpetty.com
>
> Glen Abramson
> BERGER MONTAGUE PC
> 1818 Market Street, Suite 3600
> Philadelphia, PA 19103
> Telephone: (215) 875-3000
> Email: gabramson@bm.net
>
> <u>If to Defendants or Defendants' Counsel</u>:

Michael Duvall
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 892-2818
Email: michael.duvall@dentons.com

Brian Pumphrey
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-7745
Email: bpumphrey@mcguirewoods.com

If to Settling Objectors or Objectors' Counsel:

Benjamin J. Vernia
THE VERNIA LAW FIRM
1455 Pennsylvania Ave.
Washington, D.C. 20004
Telephone: (202) 349-4053
Email: bvernia@vernialaw.com

*Counsel for Objectors William and Linda Dudley, Doug and Bonnie Ebstyne, David Friedman, James Perry, Michael Podoll, and Thomas Toman*

James B. Thorsen
Jesse A. Roche
THORSENALLEN, LLP
5413 Patterson Avenue, Suite 201
P.O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
E-mail: jroche@thorsenallen.com
E-mail: jthorsen@thorsenallen.com

*Counsel for Objector Jane Belkin*

44.   <u>Entire Agreement</u>.  This Objectors' Settlement Agreement contains the entire

agreement between the Parties relating to Objections and the transactions contemplated herein

and supersedes all prior or contemporaneous agreements, understandings, representations, and

17

statements, whether oral or written, and whether by a Party or such Party's counsel, related to the Objections.

45.    Counterparts.  This Objectors' Settlement Agreement may be executed in counterparts, which, when taken together with other signed counterparts, shall constitute one fully executed agreement that shall be binding upon and effective as to all Parties.  Photographic, facsimile, electronically signed, and scanned PDF copies of signatures shall have the same efficacy of original signatures and may be used for any purpose consistent with this Objectors' Settlement Agreement.

46.    Representations.  By signing this Objectors' Settlement Agreement, each of the Parties expressly represents and warrants as follows:

(a)    That it has read the Objectors' Settlement Agreement, knows and understands the contents thereof, and has entered into this Objectors' Settlement Agreement voluntarily and of its own volition.

(b)    That, in entering into this Objectors' Settlement Agreement, it has not relied on any representation, warranty, or promise made by any person, except for those expressly set forth herein.

(c)    That, in entering into this Objectors' Settlement Agreement, it has been advised of its meaning and consequences by its legal counsel.

(d)    That it, or the person executing this Objectors' Settlement Agreement on its behalf, has full power, capacity, and authority to execute and deliver this Objectors' Settlement Agreement.

[signatures on next page]

_____

18

Agreed to by:

**FRED HANEY**

_Fred Haney_

Fred Haney, Named Plaintiff in His Individual and
Representative Capacities

Date:      11/30/2022

**MARSHA MERRILL**

_Marsha Merrill_

Marsha Merrill, Named Plaintiff in Her Individual
and Representative Capacities

Date:      11/30/2022

**SYLVIA RAUSCH**

_Sylvia Rausch_

Sylvia Rausch, Named Plaintiff in Her Individual
and Representative Capacities

Date:      11/30/2022

**STEPHEN SWENSON**

_S. J. Sw_

Stephen Swenson, Named Plaintiff in His
Individual and Representative Capacities

Date:      11/30/2022

18

DocuSign Envelope ID: 9970ABC9-0D48-406C-AF86-157E918CC9C4

**ALAN WOOTEN**

*Alan Wooten*

Date: _____ 11/30/2022 _____

Alan Wooten, Named Plaintiff in His Individual
and Representative Capacities

**GENWORTH LIFE INSURANCE COMPANY**

Date: _____

Genworth Life Insurance Company

By:  Brian Haendiges

Its:  President, CEO, and Chief Risk Officer

**GENWORTH LIFE INSURANCE COMPANY
OF NEW YORK**

Date: _____

Genworth Life Insurance Company of New York

By:  Brian Haendiges

Its:  Senior Vice President and Chief Risk Officer

**JANE BELKIN**

Date: _____

Jane Belkin, Class Member and Objector

**JEFFREY BELKIN**

Date: _____

Jeffrey Belkin, Class Member and Objector

19

_____   Date: _____
Michael Podoll, Class Member and Objector

**GOLDMAN SCARLATO & PENNY, P.C.**

*Brian Penny*                        Date:        11/30/2022
_____                    _____
By (Print Name): ___Brian Penny___

*Attorneys for Named Plaintiffs and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Stuart Davidson*                    Date:        11/30/2022
_____                    _____
By (Print Name): ___Stuart Davidson___

*Attorneys for Named Plaintiffs and the Class*

**BERGER MONTAGUE P.C.**

*Glen Abramson*                      Date:        11/30/2022
_____                    _____
By (Print Name): ___Glen Abramson___

*Attorneys for Named Plaintiffs and the Class*

**PHELAN PETTY PLC**

*Jonathan Petty*                     Date:        11/30/2022
_____                    _____
By (Print Name): ___Jonathan Petty___

*Attorneys for Named Plaintiffs and the Class*

**DENTONS US LLP**

_____   Date: _____

By (Print Name): _____

21

*Brian Haendiges*

F941F03FFA674B8...

11/30/2022 | 10:07 AM EST

**GENWORTH LIFE INSURANCE COMPANY**

_____   Date: _____

Genworth Life Insurance Company

By:  Brian Haendiges

Its:  President, CEO

*Brian Haendiges*

F941F03FFA674B8...

**GENWORTH LIFE INSURANCE COMPANY
OF NEW YORK**

11/30/2022 | 10:07 AM EST

_____   Date: _____

Genworth Life Insurance Company of New York

By:  Brian Haendiges

Its:  Senior Vice President

**JANE BELKIN**

_____   Date: _____

Jane Belkin, Class Member and Objector

**JEFFREY BELKIN**

_____   Date: _____

Jeffrey Belkin, Class Member and Objector

**WILLIAM DUDLEY**

_____   Date: _____

William Dudley, Class Member and Objector

**LINDA DUDLEY**

_____   Date: _____

Linda Dudley, Class Member and Objector

Genworth Life Insurance Co~ ~ ~ ~ork

By:  Brian Haendiges

Its:  Senior Vice President

**JANE BELKIN**

Jane Belkin, Class Member and ~~~                    Date  11/30/22

**JEFFREY BELKIN**

Jeffrey Belkin, Class Member ~~~ ~~~              Date  11-30-2022

**WILLIAM DUDLEY**

William Dudley, Class Member ~~~                   Date

**LINDA DUDLEY**

Linda Dudley, Class Member ~~~                      Date

**DOUG EBSTYNE**

Doug Ebstyne, Class Member ~~~                     Date

**BONNIE EBSTYNE**

Bonnie Ebstyne, Class Memb~~ ~~~  ~~~        Date

**DAVID FRIEDMAN**

                                                                              Date

*Attorneys for Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York*

**THE VERNIA LAW FIRM**

_____      Date: _____
By (Print Name): _____

*Attorneys for Objectors William and Linda Dudley, Doug and Bonnie Ebstyne, David Friedman, James Perry, Michael Podoll, and Thomas Toman*

**CLINTON & PEED**

_____      Date: _____
By (Print Name): _____

*Attorneys for Objectors William and Linda Dudley, Doug and Bonnie Ebstyne, David Friedman, James Perry, Michael Podoll, and Thomas Toman*

**THORSENALLEN, LLP**

_James B. Thorsen_      Date: _November 30, 2022_
By (Print Name): _JAMES B. Thorsen_

*Attorney for Objector Jane Belkin*

**JEFFREY A. BELKIN, ESQ.**

_____      Date: _____

*Attorney for Objector Jane Belkin*

22

By (Print Name): _____

*Attorneys for Objectors William and Linda*
*Dudley, Doug and Bonnie Ehstyne, David*
*Friedman, James Perry, Michael Powell, and*
*Thomas Toman*

**THORSENALLEN, LLP**

By (Print Name): _____

*Attorney for Objector Jane Belkin*

**JEFFREY A. BELKIN, ESQ.**

*Attorney for Objector Jane Belkin*

11-30-2022

**WILLIAM DUDLEY**

William Dudley, Class Member

11/30/2022

**LINDA DUDLEY**

Linda Dudley, Class Member

Nov 30, 2022

**DOUG EBSTYNE**

Doug Ebstyne, Class Member and Objector

**BONNIE EBSTYNE**

Bonnie Ebstyne, Class Member and Objector

**DAVID FRIEDMAN**

David Friedman, Class Member and Objector

**JAMES PERRY**

James Perry, Class Member and Objector

**THOMAS TOMAN**

Thomas Toman, Class Member and Objector

**MICHAEL PODOLL**

**WILLIAM DUDLEY**

_____   Date: _____
William Dudley, Class Member and Objector

**LINDA DUDLEY**

_____   Date: _____
Linda Dudley, Class Member and Objector

**DOUG EBSTYNE**

_____   Date: _____11/30/2022_____
Doug Ebstyne, Class Member and Objector

**BONNIE EBSTYNE**

_____   Date: _____11/30/2022_____
Bonnie Ebstyne, Class Member and Objector

**DAVID FRIEDMAN**

_____   Date: _____
David Friedman, Class Member and Objector

**JAMES PERRY**

_____   Date: _____
James Perry, Class Member and Objector

**THOMAS TOMAN**

_____   Date: _____
Thomas Toman, Class Member and Objector

**MICHAEL PODOLL**

**WILLIAM DUDLEY**

_____ Date: _____
William Dudley, Class Member and Objector

**LINDA DUDLEY**

_____ Date: _____
Linda Dudley, Class Member and Objector

**DOUG EBSTYNE**

_____ Date: _____
Doug Ebstyne, Class Member and Objector

**BONNIE EBSTYNE**

_____ Date: _____
Bonnie Ebstyne, Class Member and Objector

**DAVID FRIEDMAN**

_____ Date: _11/30/2022_____
David Friedman, Class Member and Objector

**JAMES PERRY**

_____ Date: _____
James Perry, Class Member and Objector

**THOMAS TOMAN**

_____ Date: _____
Thomas Toman, Class Member and Objector

**MICHAEL PODOLL**

20

**WILLIAM DUDLEY**

_____  Date: _____
William Dudley, Class Member and Objector

**LINDA DUDLEY**

_____  Date: _____
Linda Dudley, Class Member and Objector

**DOUG EBSTYNE**

_____  Date: _____
Doug Ebstyne, Class Member and Objector

**BONNIE EBSTYNE**

_____  Date: _____
Bonnie Ebstyne, Class Member and Objector

**DAVID FRIEDMAN**

_____  Date: _____
David Friedman, Class Member and Objector

**JAMES PERRY**

_____  Date: 11/29/22
James Perry, Class Member and Objector

**THOMAS TOMAN**

_____  Date: _____
Thomas Toman, Class Member and Objector

**MICHAEL PODOLL**

**WILLIAM DUDLEY**

_____ Date: _____
William Dudley, Class Member and Objector

**LINDA DUDLEY**

_____ Date: _____
Linda Dudley, Class Member and Objector

**DOUG EBSTYNE**

_____ Date: _____
Doug Ebstyne, Class Member and Objector

**BONNIE EBSTYNE**

_____ Date: _____
Bonnie Ebstyne, Class Member and Objector

**DAVID FRIEDMAN**

_____ Date: _____
David Friedman, Class Member and Objector

**JAMES PERRY**

_____ Date: _____
James Perry, Class Member and Objector

**THOMAS TOMAN**

_____ Date: 11/30/22 _____
Thomas Toman, Class Member and Objector

**MICHAEL PODOLL**

20

_____   Date: _11/29/2022_____

Michael Podoll, Class Member and Objector

**GOLDMAN SCARLATO & PENNY, P.C.**

_____   Date: _____

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

_____   Date: _____

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**BERGER MONTAGUE P.C.**

_____   Date: _____

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**PHELAN PETTY PLC**

_____   Date: _____

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**DENTONS US LLP**

_____   Date: _____

By (Print Name): _____

*Attorneys for Defendants Genworth Life Insurance
Company and Genworth Life Insurance Company
of New York*

**MCGUIREWOODS LLP**

_____          Date: _____

By (Print Name): _____

*Attorneys for Defendants Genworth Life Insurance
Company and Genworth Life Insurance Company
of New York*

**THE VERNIA LAW FIRM**

_____          Date: November 30, 2022

By (Print Name): Benjamin J. Vernia_____

*Attorneys for Objectors William and Linda
Dudley, Doug and Bonnie Ebstyne, David
Friedman, James Perry, Michael Podoll, and
Thomas Toman*

**CLINTON & PEED**

_____          Date: Nov. 29, 2022

By (Print Name): Timothy R. Clinton_____

*Attorneys for Objectors William and Linda
Dudley, Doug and Bonnie Ebstyne, David
Friedman, James Perry, Michael Podoll, and
Thomas Toman*

**THORSENALLEN, LLP**

_____          Date: _____

By (Print Name): _____

*Attorney for Objector Jane Belkin*

*Attorneys for Named Plaintiffs and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

_____     Date: _____

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**BERGER MONTAGUE P.C.**

_____     Date: _____

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**PHELAN PETTY PLC**

_____     Date: _____

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**DENTONS US LLP**

_____     Date:   November 30, 2022

By (Print Name):   Michael J. Duvall

*Attorneys for Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York*

**MCGUIREWOODS LLP**

_____     Date: _____

By (Print Name): _____

21

*Attorneys for Named Plaintiffs and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

_____     Date: _____
By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**BERGER MONTAGUE P.C.**

_____     Date: _____
By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**PHELAN PETTY PLC**

_____     Date: _____
By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**DENTONS US LLP**

_____     Date: _____
By (Print Name): _____

*Attorneys for Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York*

**MCGUIREWOODS LLP**

_____     Date: 11/30/22 _____
By (Print Name): _____Heidi Siegmund_____

21