IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRED HANEY,
et al.,

    Plaintiffs,

v.                                    Civil Action No. 3:22cv55

GENWORTH LIFE INSURANCE
CO., et al.,

    Defendants.

**ORDER AMENDING MEMORANDUM OPINION (ECF NO. 122)**

It is hereby ORDERED that the Legal Framework section (pp. 16-20) in the MEMORANDUM OPINION (ECF No. 122) filed on December 12, 2022, is amended as follows:

**LEGAL FRAMEWORK**

A district court may approve a class action settlement agreement only after complying with the procedures set forth in Fed. R. Civ. P. 23(e). Rule 23(e) provides for three stages and two separate hearings to effectuate the settlement approval process. At the first stage, the parties must present the proposed settlement to the court for the court's preliminary approval, and, if the class has not yet been certified, for conditional class certification. In the second stage, assuming that the class action settlement was approved preliminarily, notice must be sent to potential class members describing the terms of the proposed

settlement, class members must be given an opportunity to object or to opt out of the settlement, and the court then must conduct a fairness hearing at which class members may appear and support or object to the settlement. At the third and last stage, the court must take into consideration all of the information before it and determine whether "final approval" of the settlement is merited.

Fed. R. Civ. P. 23(e) provides that "[t]he claims, issues, or defenses of a certified class-or a class proposed to be certified for purposes of settlement-may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(d). A class settlement can be approved "only after a hearing and on a finding" that the proposed class-action settlement is "fair, reasonable, and adequate." See In re MicroStrategy, Inc. Sec. Litig., 150 F. Supp. 2d 896, 903-04 (E.D. Va. 2001). When determining whether to approve a class action settlement, the court will first consider whether the process leading to the settlement was fair and then turn to whether the terms provided within the settlement are adequate. See Jiffy Lube Sec. Litig., 927 F.2d 155, 158-59 (4th Cir. 1991).

The Fourth Circuit has set a multifactor standard to assess whether a class action settlement is "fair, reasonable, and adequate." The "fairness" evaluation centers on the settlement

process itself. <u>Whitaker v. Navy Federal Credit Union</u>, No. 09cv2288, 2010 WL 3928618, at *2 (D. Md. Oct. 4, 2010). In making this determination, a court should consider:

> (1) the posture of the case at the time settlement was proposed;
>
> (2) the extent of discovery that had been conducted;
>
> (3) the circumstances surrounding the negotiations; and
>
> (4) the experience of counsel in the area of [the] class action litigation.

See <u>In re Jiffy Lube Sec. Litig.</u>, 927 F.2d 155, 159 (4th Cir. 1991). The "adequacy" evaluation focuses on the substance of the settlement. <u>Whitaker</u>, 2010 WL 3928616, at *2. In assessing the adequacy of the proposed settlement, a court must consider:

> (1) the relative strength of the plaintiffs' case on the merits;
>
> (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial;
>
> (3) the anticipated duration and expense of additional litigation;
>
> (4) the solvency of the defendant[ ] and the likelihood of recovery on a litigated judgment; and
>
> (5) the degree of opposition to the settlement.

See <u>In re Jiffy Lube Sec. Litig.</u>, 927 F.2d 155, 159 (4th Cir. 1991). The reasonableness, fairness, and adequacy analysis of the

3

overall settlement will be made in a separate order, but the basic principles must be kept in mind when assessing the objections.

A lack of objection to the settlement by class members, and the absence of (or a limited number of) opt outs from the class, are evidence of low opposition to the settlement and weighs in favor of its approval. See In re Mills Copr. Sec. Litig., 265 F.R.D. 246, 257-58 (E.D. Va. 2009). However, under Fed. R. Civ. P. 23(e), the Court must protect unnamed class members from "unjust or unfair settlements affecting their rights." Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 623 (1997).

Class members, of course, have a right to object to the proposed settlement terms; and, thus, they are entitled to present their objections before the court decides whether to approve the proposed settlement. See Fed. R. Civ. P. 23(e)(5)(A) ("Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection."). An objector to a class settlement first "must state the basis for its objection with enough specificity to allow the parties to respond and the Court to evaluate the issues at hand." 1988 Trust for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co., 28 F.4th 513, 521 (4th Cir. 2022). If the objector meets his or her burden, then "the parties propounding the settlement,

in addition to bearing the initial burden . . ., must show that the objection does not demonstrate that the proposed settlement fails one of [the] requirements" under Fed. R. Civ. P. 23(e). Id. A district court may require an objector "to specify and support its objection, while keeping the ultimate burden on the proponents of the settlement to demonstrate its fairness." Id. An objector is generally entitled "to be heard, to examine witnesses and to submit evidence on the fairness of the settlement." Flinn v. FMC Corp., 528 F.2d. 1169, 1173 (4th Cir. 1975).

In deciding whether to approve a settlement, the court must account for the "strong judicial policy in favor of settlement to conserve scarce resources that would otherwise be devoted to protracted litigation" when considering class members' objections. Robinson v. Carolina First Bank NA, No. 7:18-cv-02927, 2017 WL 719031, at *8 (D.S.C. Feb. 14, 2019).

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 6, 2023