IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| FRED HANEY, MARSHA MERRILL, SYLVIA RAUSCH, STEPHEN SWENSON, and ALAN WOOTEN, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br>v.<br><br>GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>*Defendants.* | Civil Action No.: 3:22-cv-00055-REP |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES TO CLASS COUNSEL, AND SERVICE AWARDS TO NAMED PLAINTIFFS

This matter having come before the Court on November 17 and December 13, 2022, on the CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO THE NAMED PLAINTIFFS (ECF No. 41) (the "Fees and Awards Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Second Amended Joint Stipulation of Class Action Settlement and Release ("Stipulation") (ECF No. 109-1), and all capitalized terms used herein, but not defined, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Class Counsel's Fees and Awards Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fees and Awards Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Class Counsel attorneys' fees in the amount of 15% of cash damages payments made by Genworth as the result of certain Special Election Options selected by the Class, in an amount no greater than $13,000,000.00, as well as payment of litigation expenses of $39,697.92, all to be paid in accordance with the terms of the Stipulation. The Court

also awards Service Payments of $15,000.00 to each of the Named Plaintiffs. For the reasons stated in the accompanying MEMORANDUM OPINION, the Court finds that the amount of fees, expenses and service payments awarded is fair and reasonable.

5. The awarded attorneys' fees and expenses shall be paid to Class Counsel subject to the terms, conditions, and obligations of the Stipulation and, in particular, ¶¶ 64-65 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

(a) through the efforts of Class Counsel, the Settlement has created substantial non-monetary and monetary benefits for the Class, and Class Members will greatly benefit from the Settlement negotiated by Class Counsel;

(b) more than 352,000 copies of the Notice were disseminated to potential Class Members indicating that Class Counsel would move for attorneys' fees in an amount of 15% of cash damages payments made by Genworth as the result of certain Special Election Options selected by the Class, in an amount no greater than $13,000,000.00, and for expenses in an amount not to exceed $50,000.00;

(c) Class Counsel have pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Class Counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Class Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Class Counsel have devoted more than 2,215 hours, with a lodestar value of approximately $1.327 million to achieve the Settlement, and will likely continue to devote their time and resources to the Class as necessary as the Class receives their Special Election Letters;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in class action litigation;

(j) the requested attorneys' fees and litigation expenses have been reviewed and approved by Named Plaintiffs, who were involved with and oversaw the Action; and

(k) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Eastern District of Virginia and the Fourth Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fees and Awards Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to established case law that "[service] awards [to class representatives] are commonplace in class actions in this District and elsewhere," Ryals v. Strategic Screening Sols., Inc., 2016 WL 7042947, at *2 (E.D. Va. Sept. 15, 2016), the Court awards $15,000.00 to each Named Plaintiff for the time they spent directly related to their representation of the Class.

9. The awarded service payments of $15,000.00 shall be paid to each of the Named Plaintiffs subject to the terms, conditions, and obligations of the Stipulation and, in particular, ¶ 66 thereof, which terms, conditions, and obligations are incorporated herein.

10. The Court has considered the non-withdrawn objections to the fee and service awards filed by Class Members and finds them to be substantively without merit. In particular, the objections pertaining to attorneys' fees and service awards filed by Johnathan Bos (ECF Nos. 35 and 48), Peter Michael and Keiko Howard (ECF No. 37), Paul and Marcia Berg (ECF No. 44), Julie Black (ECF No. 46), Lonny and Carol Lang (ECF No. 51), Richard Moore (ECF No. 54), and Kathryn Dimiduk (ECF No. 67) are overruled.

**IT IS SO ORDERED.**

DATED: January 30, 2023

/s/ REP
_____
ROBERT E. PAYNE
SENIOR UNITED STATES DISTRICT JUDGE