**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| **FRED HANEY, MARSHA MERRILL, SYLVIA RAUSCH, STEPHEN SWENSON, and ALAN WOOTEN, Individually and on Behalf of All Others Similarly Situated,** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 3:22-cv-00055-REP** |
| **vs.** | ) | **CLASS ACTION** |
| **GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT WITH THE LANG OBJECTORS

Pursuant to Fed. R. Civ. Pro. ("FRCP") 23(e)(5)(B), Plaintiffs Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson, and Alan Wooten ("Named Plaintiffs"), on behalf of themselves and the Class (collectively, "Plaintiffs"), Defendants Genworth Life Insurance Company ("GLIC") and Genworth Life Insurance Company of New York ("GLICNY") (collectively, GLIC and GLICNY, "Genworth," or "Defendants"), Goldman Scarlato & Penny, P.C., Robbins Geller Rudman & Dowd LLP, Milberg Coleman Bryson Phillips Grossman LLP, and Phelan Petty P.C. (collectively, "Class Counsel"), Objectors Lonny and Carrol Lang (collectively, the "Lang Objectors"), and Blake Weiner Law PLLC and Bandas Law Firm, P.C. (collectively, the "Lang Objectors' Counsel") jointly move for approval of an agreement of settlement reached between Plaintiffs, Defendants, and the Lang Objectors (the "Lang Objectors' Settlement Agreement") in the above-captioned Action. Together, the Plaintiffs, Defendants,

Lang Objectors, Class Counsel, and Lang Objectors' Counsel shall be referenced in this Motion as the "Parties."[1]

## BACKGROUND

A more detailed explanation of the facts and procedural history is presented in the Court's Memorandum Opinion (ECF No. 134) dated January 26, 2023. Only the facts and procedural history pertinent to this Joint Motion to Approve Settlement with the Lang Objectors are discussed below.

### I. Procedural History

On May 2, 2022, this Court issued an order granting preliminary approval of the settlement of this class action (the "April 1, 2022 Class Action Settlement Agreement") and directing notice to the Class. (ECF No. 31.) Plaintiffs and Defendants subsequently entered into an Amended Class Action Settlement Agreement on July 6, 2022, which the Court preliminarily approved on July 7, 2022. (ECF Nos. 33, 33-1, 34.) On August 1, 2022, the Class Administrator sent the Class Notice via USPS first-class mail to the Class Members, including the Lang Objectors. *See* Decl. of Cameron R. Azari, Esq. on Settlement Notice Plan and Administration at ¶ 13 (ECF No. 28-5.) The Class Administrator also provided notice to the Class by publication, including multiple ads in newspapers of national circulation and via the settlement website specifically designed for this Action. *Id.* at ¶¶ 15, 22. The deadline for Class Members to opt-out of or object to the Amended Class Action Settlement Agreement was September 30, 2022. *See* Amended Class Action Settlement Agreement at ¶¶ 62, 64 (ECF No. 33-1.)

---

[1] Where not inconsistent, all capitalized terms used in this Memorandum of Law shall have the meanings ascribed to them in the Lang Objectors' Settlement Agreement, attached as **Exhibit A**, and, where not inconsistent, the contemporaneously filed Third Amended Joint Stipulation of Class Action Settlement and Release ("Third Amended Class Action Settlement Agreement").

On September 16, 2022, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement. (ECF Nos. 39–40.) On September 30, 2022, the Court received the Lang Objectors' objections to the Amended Class Action Settlement Agreement. (*See* ECF No 51.) On November 3, 2022, Plaintiffs filed a Reply Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement. (ECF No. 79.)

Following extensive, arms-length negotiations, Plaintiffs and Defendants reached an agreement with certain objectors, pursuant to which Plaintiffs and Defendants submitted a Second Amended Class Action Settlement Agreement modifying certain Special Election Options, including increasing the cash damages amount for Non-Forfeiture Status Policyholders from $1,000 to $1,150. (ECF Nos. 106-1, 109.) The Court held a hearing on final approval on November 17, 2022. On November 30, 2022, Plaintiffs and Defendants filed a Joint Motion to Approve Settlement with Objectors. (ECF No. 105.) The Court held a hearing on December 13, 2022 on that Motion and on final approval of the Second Amended Class Action Settlement Agreement. (ECF No. 98.)

On December 12, 2022, the Court issued an Order and Memorandum Opinion overruling objections to the Amended Class Action Settlement Agreement, including the Lang Objectors' objections. (ECF Nos. 122–123.) Following the December 13, 2022 Final Approval Hearing, the Court issued an Order and Memorandum Opinion approving the Objectors' Settlement Agreement and incorporating its terms into the Second Amended Class Action Settlement Agreement. (ECF Nos. 129–130.) On January 6, 2023, the Court amended the Opinion overruling objections dated December 12, 2022, including the objections made by the Lang Objectors. (ECF No. 128.) On January 26, 2023, the Court issued an Order and Memorandum

Opinion overruling the objections raised by certain other objectors and argued orally at the December 13, 2022 Final Approval Hearing. (ECF Nos. 134–135.)

After the December 13, 2022, Final Approval Hearing and additional extensive, arms-length negotiations, Plaintiffs and Defendants reached agreement with the Lang Objectors to withdraw their objections and forego further review of them, including filing any further objections, motion for reconsideration, or notice of appeal, in relation to (a) the April 1, 2022 Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, the Second Amended Class Action Settlement Agreement, or the Third Amended Class Action Settlement Agreement (collectively, the "Settlement"), (b) any order or judgment granting final approval of the Third Amended Class Action Settlement Agreement, (c) any order overruling objections to the April 1, 2022 Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, the Second Amended Class Action Settlement Agreement, or the Third Amended Class Action Settlement Agreement including but not limited to the Lang's objections, and/or (d) any order granting, in whole or part, Class Counsel's requests for attorneys' fees and costs, in exchange for a modification to the Second Amended Class Action Settlement Agreement, subject to approval by the Court. Plaintiffs and Defendants notified the Court of that agreement on January 25, 2023. The Court ordered Plaintiffs and Defendants to file this Joint Motion to Approve Settlement with the Lang Objectors and set a hearing on this Motion for February 7, 2023.[2]

---

[2] Because the modifications to the Second Amended Class Action Settlement Agreement contemplated by the Lang Objectors' Settlement Agreement are narrow and only further the interests of the Class, no further notice to Class Members is required. *See Shaffer v. Continental Cas. Co.*, 362 Fed. Appx. 627, 631 (9th Cir. 2010); *Harris v. Graddick*, 615 F. Supp. 239, 244 (M.D. Ala. 1985).

On January 30, 2023, the Court issued an Order and Memorandum Opinion Awarding Attorneys' Fees and Expenses to Class Counsel, and Service Awards to Named Plaintiffs. (ECF Nos. 137-138.) The Court has yet to issue a final approval order of the Settlement (as now reflected in the Third Amended Class Action Settlement Agreement).

## II. The Terms of the Lang Objectors' Settlement Agreement

Following the Lang Objectors' objections and the December 13, 2022, Final Approval Hearing, the Parties engaged in extensive, arms-length negotiations to attempt to resolve the Lang Objectors' concerns about the Settlement; in particular, with the cash damages amount in the Second Amended Class Action Settlement Agreement for the Special Election Option available to electing Policyholders in Non-Forfeiture Status. Those negotiations ultimately culminated in a settlement with the Lang Objectors, as embodied in the accompanying Lang Objectors' Settlement Agreement. Plaintiffs and Defendants agree that the resolution reached in the Lang Objectors' Settlement Agreement benefits the Class.[3]

The material terms of the Lang Objectors' Settlement Agreement are as follows:

First, the cash damages amount for the Special Election Option available to electing Policyholders in Non-Forfeiture Status will be increased from $1,150 to $1,250, with red text and strike outs indicating deletions and blue text and underlining indicating the additions in the Third Amended Class Action Settlement Agreement:

[3] Although Plaintiffs and Defendants continue to maintain that the Lang Objectors' objections lack merit, they have agreed to the Lang Objectors' Settlement Agreement upon taking account of the strengths and weaknesses of their respective positions and the risks of uncertainty absent settlement.

**<u>Appendix C (Special Election Options)</u>**:[4]

**III. Special Election Option For Class Members In Non-Forfeiture Status**

1. Class Members who were in Non-Forfeiture Status after January 1, 2014 but prior to making an election in this settlement will be provided with an option to elect a damages payment of ~~$1,150~~ $1,250 and retain their current paid-up benefit.

Lang Objectors' Settlement Agreement at ¶ 37.

Second, the Lang Objectors agree that all of their objections are withdrawn and, in addition to the reasons given in the Court's December 12, 2022 and January 11, 2022 Opinions overruling objections, the Lang Objectors' objections shall be additionally denied as moot. (ECF Nos. 122 and 129.)

Third, the Lang Objectors agree to: (a) not further object to, participate with, or assist in any additional objection to the Settlement whether by way of further objections, motions for reconsideration, or appeal; (b) abide by the Court's forthcoming orders on final approval, the objections to the Settlement, and Class Counsel's application for attorneys' fees and costs; and (c) not interfere with the finality of the Settlement, including its implementation and administration. *Id.* at ¶ 39.

Fourth, Defendants agree to pay each of the Lang Objectors an incentive award in an amount ordered by the Court, not to exceed $7,500, to compensate each of them for their contributions to the Second Amended Class Action Settlement Agreement. *Id.* at ¶¶ 28, 40. Defendants will pay the Lang Objectors' Counsel's attorneys' fees (but not costs) if and as ordered by the Court, in an amount not to exceed $237,500 for Blake Weiner Law, PLLC and

---

[4] Footnotes omitted.

Bandas Law Firm, P.C., combined, and neither Class Counsel nor Defendants will oppose applications by the Lang Objectors' Counsel seeking up to such respective amounts.[5] The Lang Objectors' Counsel shall only seek attorneys' fees by reference to the modifications to the cash damages amount for the Special Election Option available to electing Policyholders in Non-Forfeiture Status for which they are responsible—*i.e.*, the increase in that amount from $1,150 to $1,250. *Id.* at ¶ 40(d).

None of these payments to the Lang Objectors or to the Lang Objectors' Counsel, if and as ordered by the Court, shall be deducted from payments to Class Members; rather, all such payments will be made by Defendants without reducing recovery to the Class (whose benefits are uncapped and not part of a common fund in any event). *Id.* at ¶ 40(f). If the Court awards the Lang Objectors or the Lang Objectors' Counsel incentive awards or attorneys' fees in an amount less than they request, the Lang Objectors or the Lang Objectors' Counsel may appeal, but such an appeal will be taken only from the corresponding order and not from the final judgment, and any such appeal will not otherwise affect the finality of the Third Amended Class Action Settlement Agreement approved by the Court or any distribution to Class Members. *Id.* at ¶ 39(b).

## **LEGAL FRAMEWORK**

FRCP 23(e)(5) permits one or more Class Members to object to a proposed class action settlement and requires court approval, following a hearing, of any payment or exchange of consideration in connection with "(i) forgoing or withdrawing an objection, or (ii) forgoing, dismissing, or abandoning an appeal from a judgment approving" a settlement. FRCP

[5] The Lang Objectors' Counsel are filing their motion for attorneys' fees and incentive award contemporaneously with this motion for approval.

23(e)(5)(A)–(B)(ii).

Under FRCP 23(e)(5), the Court must approve class action settlement agreements, including agreements that provide payment or consideration in exchange for withdrawing an objection. *See In re Jiffy Lube Sec. Litig.,* 927 F.2d 155, 158 (4th Cir. 1991). A settlement can be approved "only after a hearing and on a finding" that the proposed settlement is "fair, reasonable, and adequate." *See In re MicroStrategy, Inc. Sec. Litig.*, 150 F. Supp. 2d 896, 903–04 (E.D. Va. 2001). The Fourth Circuit has articulated a multifactor standard to assess whether a class action settlement is "fair, reasonable, and adequate." The reviewing court first considers whether the process leading to the settlement was fair and then turns to whether the terms provided within the settlement are adequate. *See Jiffy Lube*, 927 F.2d at 158–59.

The "fairness" evaluation centers on the settlement process itself. *Whitaker v. Navy Federal Credit Union*, 2010 WL 3928618, at *2 (D. Md. Oct. 4, 2010). In making that determination, a court considers:

1. the posture of the case at the time settlement was proposed;
2. the extent of discovery that was conducted;
3. the circumstances surrounding the negotiations; and
4. the experience of counsel in the area of class action litigation.

*See Jiffy Lube*, 927 F.2d at 159.

The "adequacy" evaluation, in turn, focuses on the substance of the settlement. *Whitaker*, 2010 WL 3928616, at *2. In assessing the adequacy of the proposed settlement, a court considers:

1. the relative strength of the plaintiffs' case on the merits;
2. the existence of any difficulties of proof or strong defenses the plaintiffs are likely

to encounter if the case goes to trial;

3. the anticipated duration and expense of additional litigation;
4. the solvency of the defendant and the likelihood of recovery on a litigated judgment; and
5. the degree of opposition to the settlement.

*See Jiffy Lube*, 927 F.2d at 159.

## DISCUSSION

As described below, under FRCP 23(e)(5) and the *Jiffy Lube* factors, the Lang Objectors' Settlement Agreement is fair, reasonable, and adequate.

## I. Fairness and Reasonableness

### A. *Posture of the Case*

When the parties have "had adequate time to conduct sufficient discovery to fairly evaluate the liability and financial aspects of the case," this factor favors settlement approval. *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *11 (E.D. Va. Sep. 28, 2009) (quotations omitted). Here, after discovery and mindful of the evidence in other related cases, Plaintiffs and Defendants negotiated an Amended Settlement Agreement that was presented to the Class for opt-outs and objections. (*See* ECF No. 129, at 12.) Thus, there was adequate time for the Lang Objectors to fairly evaluate their options and decide whether to opt-out, retain their objections, or reach an agreement with Plaintiffs and Defendants. Accordingly, this factor weighs in favor of a finding of fairness. *Id.*

### B. *Extent of Discovery*

Relevant under this factor is the "complexity, expense, and duration of the litigation." *Pili v. Patel*, 2019 WL 8888162, at *2 (E.D. Va. Feb. 19, 2019). In general, this factor favors

settlement approval if an action has "advanced to a stage sufficient to permit the Parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and engage in arms-length settlement negotiations." *Lomascolo*, 2009 WL 3094955, at *11. Here, Plaintiffs and Defendants had adequate time to engage in discovery during pre-litigation discussions and once the Complaint was filed. Additionally, the Lang Objectors have had months to review the Amended Settlement Agreement and the Second Amended Class Action Settlement Agreement, consult with Class Counsel and Defendants to receive any pertinent information, and negotiate a settlement. Accordingly, this factor supports a finding of fairness.

### C. *Circumstances Surrounding the Negotiations*

"In the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred." *Gagliastre v. Capt. George's Seafood Rest., LP*, 2019 WL 2288441, at *3 (E.D. Va. May 29, 2019). Here, Plaintiffs and Defendants engaged in extensive, arms-length negotiations with the Lang Objectors to reach an agreement. Further, there is no evidence to suggest that any fraud or collusion occurred during the negotiations. Since there is no evidence of fraud or collusion, this factor favors settlement approval. *Id.*

### D. *Experience of Counsel*

In *Lomascolo*, the court found that this factor favored settlement approval when counsel had experience in federal litigation (and particularly representing multiple plaintiffs against corporations) and when counsel appeared competent based on the "pleadings, briefs, and arguments presented by counsel for the Parties throughout this case." *Lomascolo*, 2009 WL 3094955, at *12; *see also Kuntze v. Josh Enters., Inc.*, 2019 WL 2179220, at *3 (E.D. Va. May 20, 2019) (finding counsel was experienced and competent based on the pleadings, briefs, and arguments).

Here, while Plaintiffs and Defendants do not concede that the prior cash damages payment for Non-Forfeiture Status Policyholders was deficient or inadequate in any respect, Plaintiffs and Defendants agree that the proposed amendment will expand the Class recovery. Further, counsel for the Lang Objectors have significant legal experience, including in complex commercial litigation. Accordingly, this factor supports a finding a fairness.

## II. Adequacy

### A. *Strength of Plaintiffs' and Objectors' Case on the Merits and the Difficulties of Proof or Strong Defenses*

The first two adequacy factors may be considered together to assess whether the settlement is substantively adequate. To do that, it is necessary "to examine how much the class sacrifices in settling a potentially strong case in light of how much the class gains in avoiding the uncertainty of a potentially difficult case." *Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 573 (E.D. Va. 2016) (quotations omitted).

Here, while Plaintiffs and Defendants do not concede that the prior cash damages payment for Non-Forfeiture Status Policyholders was deficient or inadequate in any respect, they agree that the proposed amendment will expand the Class recovery. Further, the Lang Objectors' objections were not certain of succeeding, including on appeal. Hence, settlement was prudent. Accordingly, this factor shows that the Lang Objectors' Settlement Agreement is reasonable.

### B. *Anticipated Duration and Expenses of Additional Litigation*

The Court must also consider "the substantial time and expense litigation of this sort would entail if a settlement was not reached." *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 256 (E.D. Va. 2009).

Here, had a settlement not been reached, there was a risk of continued, perhaps lingering, litigation, which would have delayed the Class receiving relief. Additionally, resolution of the

challenges made by the Lang Objectors would have been costly for them, for Defendants, and for the other Class Members. Accordingly, this factor weighs in favor of approving the Lang Objectors' Settlement Agreement.

**C. *Defendants' Solvency and the Likelihood of Recovery***

The Third Amended Class Action Settlement Agreement (like the Second Amended Class Action Settlement Agreement) contains a provision that ensures that Defendants are solvent and that "the payment of cash damages, Contingency Fees, Class Counsel's litigation expenses, and Named Plaintiffs' service payments (the 'Settlement Costs') will not cause GLIC or GLICNY to become insolvent." (ECF No. 109-1 at ¶ 76(a).) "Regardless [] of any clear evidence of Defendants['] risk of insolvency, this factor is largely considered 'beside the point given the other factors weighing in favor of preliminary approval.'" *Solomon v. Am. Web Loan, Inc.*, 2020 WL 3490606, at *5 (E.D. Va. June 26, 2020) (quoting *Henley v. FMC Corp.*, 207 F. Supp. 2d 489, 494 (S.D. W. Va. 2002)). Accordingly, this factor supports approval.

**D. *Degree of Opposition***

Finally, the fifth factor takes into account "the reaction of the Class to the proposed settlement and the attitude of the members of the Class, as expressed directly or by failure to object, after notice to the settlement is a proper consideration for the trial court." *In re The Mills*, 265 F.R.D. at 257. The Class Action Settlement itself was very well-received by the Class, which consists of approximately 352,000 Class Members. Only 187 policyholders opted out of the Settlement Agreement, and only 19 objections were filed thereto by only 27 Class Members. Eight other objectors who also objected to the amount of the cash damages payment for the Non-Forfeiture Status Policyholders previously withdrew their objections based on an enhancement to the cash damages payment. The terms of the Lang Objectors' Settlement Agreement further

increase that prior enhancement by another $100. It is therefore logical that there will be only favorable reaction to the Lang Objectors' Settlement Agreement. Accordingly, this factor weighs in favor of approval.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court approve the Lang Objectors' Settlement Agreement.

DATED: January 30, 2023

Respectfully submitted,

_/s/ Jonathan M. Petty (with permission)_
PHELAN PETTY PLC
JONATHAN M. PETTY, VSB No. 43100
BRIELLE M. HUNT, VSB No. 87652
3315 West Broad Street
Richmond, VA 23230
Tel: (804) 980-7100
Fax: (804) 767-4601
jpetty@phelanpetty.com
bhunt@phelanpetty.com

GOLDMAN SCARLATO & PENNY, P.C.
BRIAN DOUGLAS PENNY (*pro hac vice*)
Eight Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, PA 19428
Tel: (484) 342-0700
Fax: (484) 342-0701
penny@lawgsp.com

ROBBINS GELLER RUDMAN
& DOWD LLP
STUART A. DAVIDSON (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000
Fax: (561) 750-3364
sdavidson@rgrdlaw.com

MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN LLP
GLEN L. ABRAMSON (*pro hac vice*)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (866) 252-0878
Fax : (865) 522-0049
gabramson@milberg.com

***Counsel for Plaintiffs and the Settlement Class***

DATED: January 30, 2023

<u>*/s/ Brian E. Pumphrey*</u>
MCGUIREWOODS LLP
BRIAN E. PUMPHREY (VSB No. 47312)
HEIDI E. SIEGMUND (VSB No. 89569)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
bpumphrey@mcguirewoods.com
hsiegmund@mcguirewoods.com

DENTONS US LLP
REID L. ASHINOFF (*pro hac vice*)
DREW MARROCCO (VSB No. 38955)
MICHAEL J. DUVALL (*pro hac vice*)
CATHARINE LUO (*pro hac vice*)
SAMANTHA FAHR (*pro hac vice*)
HALEY GRISSOM (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
reid.ashinoff@dentons.com
drew.marrocco@dentons.com
michael.duvall@dentons.com
catharine.luo@dentons.com
samantha.fahr@dentons.com
haley.grissom@dentons.com

***Counsel for Defendants***

DATED: January 30, 2023

*/s/ Blake A. Weiner (w/ permission)*
BLAKE WEINER LAW, PLLC
BLAKE A. WEINER
VSB No. 94087
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Tel: (804) 482-1465
bweiner@blakeweinerlaw.com

*/s/ Robert W. Clore (w/ permission)*
BANDAS LAW FIRM P.C.
ROBERT W. CLORE (*pro hac vice*)
802 N. Carancahua, Suite 1400
Corpus Christie, TX 78401
Tel: (361) 698-5200
rclore@bandaslawfirm.com

***Counsel for Objectors Lonny and Carrol Lang***

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of January, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to all counsel of record.

/*s/ Brian E. Pumphrey*
MCGUIREWOODS LLP
BRIAN E. PUMPHREY (VSB No. 47312)
HEIDI E. SIEGMUND (VSB No. 89569)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
bpumphrey@mcguirewoods.com
hsiegmund@mcguirewoods.com

***Counsel for Defendants***