# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

FRED HANEY, MARSHA MERRILL, )
SYLVIA RAUSCH, STEPHEN SWENSON, )
and ALAN WOOTEN, Individually and on )
Behalf of All Others Similarly Situated, )
                        )
         Plaintiffs, )
                        )
    vs. )
                        )
GENWORTH LIFE INSURANCE )
COMPANY and GENWORTH LIFE )
INSURANCE COMPANY OF NEW )
YORK, )
                        )
        Defendants. )
                        )

Civil Action No. 3:22-cv-00055-REP

<u>CLASS ACTION</u>

## <u>JOINT STIPULATION OF SETTLEMENT WITH THE LANG OBJECTORS</u>

# TABLE OF CONTENTS

I.      RECITALS ................................................................................................................. 1

II.     DEFINITIONS ........................................................................................................... 5

     23.     Business Days ................................................................................ 5

     24.     Class Counsel ................................................................................ 5

     25.     Class Notice .................................................................................. 5

     26.     Court .............................................................................................. 5

     27.     Final Lang Objectors' Settlement Agreement Date ...................... 5

     28.     Final Lang Objectors' Incentive Awards and Attorneys' Fees Settlement Date ................................................................................ 5

     29.     Final Settlement Date .................................................................... 6

     30.     Lang Objectors' Counsel .............................................................. 6

     31.     Langs' Objections ......................................................................... 6

     32.     Order Approving the Lang Objectors' Settlement Agreement ........ 6

     33.     Order on the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees ............................................................................ 7

     34.     Third Amended Class Action Settlement Agreement ...................... 7

     35.     Other Terms .................................................................................. 7

III.    TERMS OF SETTLEMENT ..................................................................................... 7

     36.     Motion to Approve the Lang Objectors' Settlement Agreement ........... 7

     37.     Modifications to the Second Amended Class Action Settlement Agreement and Joint Stipulation of Third Amended Class Action Settlement Agreement ................................................................... 8

     38.     Withdrawal of the Langs' Objections ........................................... 8

     39.     The Lang Objectors' Covenant Not to Further Object, Seek Further Review, or Appeal, and the Lang Objectors' Waiver of and Limited Appeal Rights ............................................................................... 9

40.     Incentive Awards to the Lang Objectors and the Lang Objectors' Counsel's Attorneys' Fees .................................................................................... 10

41.     No Admission of Liability. ................................................................................... 12

42.     Non-Disparagement and Public Statements ....................................................... 13

43.     Enforceability and Continuing Jurisdiction ....................................................... 14

44.     Mutual Full Cooperation .................................................................................... 14

45.     No Prior Assignments ........................................................................................ 14

46.     No Third-Party Beneficiaries .............................................................................. 14

47.     Construction and Choice of Law ........................................................................ 14

48.     Modifications ...................................................................................................... 15

49.     Notice ................................................................................................................. 15

50.     Entire Agreement ............................................................................................... 17

51.     Counterparts ....................................................................................................... 17

52.     Representations .................................................................................................. 17

This Joint Stipulation of Settlement with the Lang Objectors (the "Lang Objectors' Settlement Agreement") is made and entered into by and between Fred Haney, Marsha Merrill, Sylvia Rausch, Stephen Swenson, and Alan Wooten ("Named Plaintiffs"), on behalf of themselves and the Class (collectively, "Plaintiffs"), Defendants Genworth Life Insurance Company ("GLIC") and Genworth Life Insurance Company of New York ("GLICNY") (collectively, GLIC and GLICNY, "Genworth," or "Defendants"), Goldman Scarlato & Penny, P.C., Robbins Geller Rudman & Dowd LLP, Milberg Coleman Bryson Phillips Grossman LLP, and Phelan Petty P.C. (collectively, "Class Counsel"), Objectors Lonny and Carrol Lang (collectively, the "Lang Objectors"), and Blake Weiner Law PLLC and Bandas Law Firm, P.C. (collectively, the "Lang Objectors' Counsel"). Together, the Plaintiffs, Defendants, Lang Objectors, Class Counsel, and Lang Objectors' Counsel are referred to in the Lang Objectors' Settlement Agreement as the "Parties," or individually as the "Party."

Subject to Court approval as required by Federal Rules of Civil Procedure ("FRCP") 23(e)(5) and 23(h), the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in the Lang Objectors' Settlement Agreement and upon entry by the Court of a Final Order and Judgment Approving the Lang Objectors' Settlement Agreement (defined below), the Langs' Objections (defined below) shall be settled and compromised in accordance with the terms of the Lang Objectors' Settlement Agreement.

## I.     RECITALS

1.     WHEREAS, on August 11, 2021, counsel for Plaintiffs provided pre-suit notice of this class action lawsuit to Genworth, alleging a course of conduct similar to that alleged in *Skochin v. Genworth Life Ins. Co.*, No. 3:19-cv-00049-REP (E.D. Va.) ("*Skochin*") and *Halcom*

1

*v. Genworth Life Ins. Co.*, No. 3:21-cv-00019-REP (E.D. Va.) ("*Halcom*"), but on behalf of policyholders with policies not included in those prior lawsuits;

2. WHEREAS, on January 28, 2022, Named Plaintiffs filed a complaint (the "Complaint") against Defendants for alleged misrepresentations based on the alleged failure to disclose material information in the premium rate increase letters sent for certain long-term care insurance policies issued by GLIC and GLICNY in the action styled *Haney v. Genworth Life Insurance Company*, No. 3:22-cv-00055-REP, in the United States District Court for the Eastern District of Virginia (the "Action"). Named Plaintiffs seek to represent a class of all Policyholders who had received such letters in all fifty states and the District of Columbia, and Named Plaintiffs asserted claims for Fraudulent Inducement by Omission and for Declaratory Relief;

3. WHEREAS, Genworth denies and continues to deny any wrongdoing or legal liability for any alleged wrongdoing, does not admit or concede any actual or potential fault, wrongdoing, or legal liability in connection with any facts or claims that have been or could have been alleged in the Action, and contends that neither Named Plaintiffs nor the putative Class have been injured or are entitled to any relief;

4. WHEREAS, on April 1, 2022, Plaintiffs and Defendants entered into a Joint Stipulation of Class Action Settlement and Release that superseded and replaced the Memorandum of Understanding (the "April 1, 2022 Class Action Settlement Agreement") (ECF No. 28-1);

5. WHEREAS, on April 1, 2022, Plaintiffs filed a Motion to Direct Notice of the Proposed Settlement to the Class (ECF Nos. 26–28), and on May 2, 2022, the Court issued an Order Granting Preliminary Approval of Settlement and Directing Notice to Class (ECF No. 31);

6.      WHEREAS, on July 6, 2022, Plaintiffs and Defendants entered into an Amended Joint Stipulation of Class Action Settlement and Release (the "Amended Class Action Settlement Agreement") (ECF Nos. 33, 33-1);

7.      WHEREAS on July 7, 2022, the Court issued an Order Granting Preliminary Approval of the Amended Settlement Agreement (ECF No. 34);

8.      WHEREAS, on August 1, 2022, the Claims Administrator sent the Class Notice to the Class (see ECF No. 28-5);

9.      WHEREAS, on September 16, 2022, Plaintiffs filed a Motion for Final Approval of the Amended Settlement Agreement (ECF Nos. 33-1, 39–40);

10.      WHEREAS, on September 30, 2022, the Court received the Langs' written objection to the Class Action Settlement (ECF No. 51);

11.      WHEREAS, Class Counsel initiated conversations with Genworth's counsel regarding additional benefits that might be offered in the Settlement;

12.      WHEREAS, on November 3, 2022, Plaintiffs filed a Reply Memorandum in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Plaintiffs' Reply Memorandum in Support of Final Approval") (ECF No. 79);

13.      WHEREAS, on November 17, 2022, the Court held a hearing on Final Approval (the "First Final Approval Hearing");

14.      WHEREAS, on December 1, 2022, the Parties filed a Second Amended Joint Stipulation of Class Action Settlement and Release ("Second Amended Class Action Settlement Agreement") (ECF No. 109-1) implementing certain modifications to the Special Election Options agreed to in a settlement with Objectors Jane and Jeffrey Belkin, William and Linda

Dudley, Doug and Bonnie Ebstyne, David Friedman, James Perry, Michael Podoll, and Thomas Toman (ECF No. 106-1);

15.     WHEREAS, on December 12, 2022, the Court overruled certain objections, including objections made by the Lang Objectors (ECF Nos. 122-123);

16.     WHEREAS, on December 13, 2022, the Court held a continued Final Approval Hearing (the "Continued Final Approval Hearing");

17.     WHEREAS, on January 6, 2023, the Court amended the Opinion overruling certain objections, including objections made by the Lang Objectors (ECF No. 128);

18.     WHEREAS, on January 11, 2023, the Court granted the Joint Motion to Approve Settlement with Objectors and ordered the terms of that Settlement with Objectors incorporated into the Second Amended Class Action Settlement Agreement (ECF No. 130);

19.     WHEREAS, following extensive, arms-length negotiations, the Parties reached an agreement with the Lang Objectors to withdraw their objections and waive any further review of them in exchange for an increase in the cash damages amount available to electing Class Members in Non-Forfeiture Status, subject to approval by the Court, and the Parties notified the Court of this agreement on January 25, 2023;

20.     WHEREAS, the Court ordered that the Parties submit all motions related to the agreement with the Lang Objectors by January 30, 2023 (ECF No. 136);

21.     WHEREAS, the Court set a hearing on a Joint Motion to Approve the Settlement with the Lang Objectors for February 7, 2023 (ECF No. 136); and

22.     WHEREAS, the Parties believe that the Lang Objectors' Settlement Agreement is in the best interests of the Class;

NOW THEREFORE, in consideration of the foregoing facts and of the agreements and consideration set forth below, the Parties mutually agree as follows:

## II.    DEFINITIONS

23.    <u>Business Days</u>:  "Business Days" means each day, not including the day of the act, event, or default from which a designated period of time begins to run, but including the last day of the period, unless it is a Saturday, Sunday, or U.S. federal government holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or U.S. federal government holiday.

24.    <u>Class Counsel</u>:  "Class Counsel" shall be defined as Goldman Scarlato & Penny, P.C., Robbins Geller Rudman & Dowd LLP, Milberg Coleman Bryson Phillips Grossman LLP, and Phelan Petty P.C.

25.    <u>Class Notice</u>:  "Class Notice" means the Court-directed appropriate notice pursuant to FRCP 23(e) that was sent in this Action beginning on August 1, 2022.

26.    <u>Court</u>:  "Court" means the United States District Court for the Eastern District of Virginia.

27.    <u>Final Lang Objectors' Settlement Agreement Date</u>:  "Final Lang Objectors' Settlement Agreement Date" means the date, if any, on which the Order Approving the Lang Objectors' Settlement Agreement becomes "Final."  For purposes of this provision, if no appeal has been taken from the Order Approving the Lang Objectors' Settlement Agreement, "Final" means the date, if any, on which the Order Approving the Lang Objectors' Settlement Agreement is entered by the Court or the Final Settlement Date, whichever is later.

28.    <u>Final Lang Objectors' Incentive Awards and Attorneys' Fees Settlement Date</u>:  "Final Lang Objectors' Incentive Awards and Attorneys' Fees Settlement Date" means the date, if any, on which the last Order on the Lang Objectors' Motions for Incentive Awards and

Attorneys' Fees becomes "Final." For purposes of this provision: (1) if no appeal has been taken from the Order(s) on the Lang Objectors' Incentive Awards and Attorneys' Fees, "Final" means the date that the time to appeal or seek any review therefrom has expired; or (2) if any appeal or review has been taken from the Order(s) on the Lang Objectors' Incentive Awards and Attorneys' Fees, "Final" means that all available appeals or review therefrom, including any petition for rehearing or reargument, petition for rehearing en banc, further appeals at any level, petition for certiorari, or any other form of review, have been finally disposed of in a manner that fully affirms the Order(s) on Objectors' Incentive Awards and Attorneys' Fees.

29.     <u>Final Settlement Date</u>: The "Final Settlement Date" means the date on which the Final Order and Judgment becomes "Final." For purposes of this provision: (1) if no appeal has been taken from the Final Order and Judgment, "Final" means that the time to appeal or seek any review therefrom has expired; or (2) if any appeal or review has been taken from the Final Order and Judgment, "Final" means that all available appeals or review therefrom, including any petition for rehearing or reargument, petition for rehearing en banc, further appeals at any level, petition for certiorari, or any other form of review, have been finally disposed of in a manner that fully affirms the Final Order and Judgment.

30.     <u>Lang Objectors' Counsel</u>: The "Lang Objectors' Counsel" shall be defined as Blake Weiner Law PLLC and Bandas Law Firm, P.C.

31.     <u>Langs' Objections</u>: The "Lang Objections" shall be defined as any and all objections filed or made, including orally, by the Lang Objectors.

32.     <u>Order Approving the Lang Objectors' Settlement Agreement</u>: "Order Approving the Lang Objectors' Settlement Agreement" means the order issued by the Court granting the

Motion to Approve the Lang Objectors' Settlement Agreement (as described in Paragraph 36 below).

33.    <u>Order on the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees</u>: "Order on the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees" means the order issued by the Court approving, partially approving and partially denying, or denying the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees (as described in Paragraph 40 below).

34.    <u>Third Amended Class Action Settlement Agreement</u>:  The "Third Amended Class Action Settlement Agreement" refers to the Third Amended Joint Stipulation of Settlement and Release, which amends the Second Amended Class Action Settlement Agreement by increasing the cash damages payment for the Special Election Option for Non-Forfeiture Status Class Members (as described in Paragraph 37 below).

35.    <u>Other Terms</u>.  Other capitalized terms used in the Lang Objectors' Settlement Agreement but not defined in Section II shall have the meanings ascribed to them elsewhere in this Lang Objectors' Settlement Agreement.  Unless otherwise defined herein, all capitalized words, phrases or terms set forth herein shall have the meaning set forth in the Second Amended Joint Stipulation of Class Action Settlement and Release filed in this Action on December 1, 2022 (ECF No. 109).

## III.    TERMS OF SETTLEMENT

36.    <u>Motion to Approve the Lang Objectors' Settlement Agreement</u>.

(a)    No later than January 30, 2023, the Parties shall file a Joint Motion to Approve the Lang Objectors' Settlement Agreement in the Action that seeks approval of all terms of the Lang Objectors' Settlement Agreement.

(b)     The Parties shall coordinate on the drafting of the Motion to Approve the Lang Objectors' Settlement Agreement, and no Motion to Approve the Lang Objectors' Settlement Agreement shall be filed without each Party's consent to the Lang Objectors' Settlement Agreement and to the Motion to Approve the Lang Objectors' Settlement Agreement.

37.     <u>Modifications to the Second Amended Class Action Settlement Agreement and Joint Stipulation of Third Amended Class Action Settlement Agreement</u>.

(a)     No later than January 30, 2023, the Parties shall file a Third Amended Class Action Settlement Agreement that increases the cash damages payment for the Special Election Option for electing Non-Forfeiture Status Class Members from $1,150 to $1,250.  The updated Special Election Option will appear in the Third Amended Class Action Settlement Agreement as follows:

**Appendix C (Special Election Options)**:[1]

### III.  Special Election Option For Class Members In Non-Forfeiture Status

1.  Class Members who were in Non-Forfeiture Status after January 1, 2014 but prior to making an election in this settlement will be provided with an option to elect a damages payment of $1,250 and retain their current paid-up benefit.

38.     <u>Withdrawal of the Langs' Objections</u>.  Upon entry of the Order Approving the Lang Objectors' Settlement Agreement, the Langs' Objections shall be deemed withdrawn and, in addition to the reasons given in the Court's December 12, 2022 and January 6, 2023 Opinions overruling the objections, the Langs' Objections shall be additionally denied as moot.  (ECF No. 122 and 128.)

---

[1] Footnotes omitted.

39.     The Lang Objectors' Covenant Not to Further Object, Seek Further Review, or Appeal, and the Lang Objectors' Waiver of and Limited Appeal Rights.

(a)     Subject to Paragraph 43 below, the Lang Objectors (1) covenant not to further object to or participate or assist in any additional objection to the April 1, 2022 Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, the Second Amended Class Action Settlement Agreement, or the Third Amended Class Action Settlement Agreement; (2) covenant not to seek, and knowingly, voluntarily, and in consideration of the promises herein, waive any further judicial review or appeal, including filing any further objection, motion for reconsideration, or notice of appeal, in relation to (a) the April 1, 2022 Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, the Second Amended Class Action Settlement Agreement, or the Third Amended Class Action Settlement Agreement, (b) any order or judgment granting final approval of the Third Amended Class Action Settlement Agreement, (c) any order overruling objections to the April 1, 2022 Class Action Settlement Agreement, the Amended Class Action Settlement Agreement, the Second Amended Class Action Settlement Agreement, or the Third Amended Class Action Settlement Agreement including but not limited to the Langs' Objections, and/or (d) any order granting, in whole or part, Class Counsel's requests for attorneys' fees and costs; and (3) covenant not to prevent or delay the Final Settlement Date in this Action or assist or cooperate with any other person or entity in attempting to do so.  The Lang Objectors' breach of a covenant within this Paragraph constitutes irreparable harm to the Genworth Released Parties and/or Plaintiffs.  If either Lang Objector breaches a covenant within this Paragraph, the Genworth Released Parties or Plaintiffs, as the case may be, shall be entitled to all available relief to

remedy such a breach, including injunctive or other equitable relief, all damages resulting from the breach, and attorneys' fees and costs in enforcing the covenant or in opposing any objection or appeal.

(b)     The Lang Objectors or the Lang Objectors' Counsel may appeal or seek further review of the Final Order(s) on the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees (subject to the Lang Objectors' covenants and waivers in Paragraph 39(a) above) if denied in whole or part.  Any such appeal or review will not challenge or affect the finality of the Third Amended Class Action Settlement Agreement or the Lang Objectors' Settlement Agreement, and shall not prevent or delay Plaintiffs and Defendants from otherwise implementing and administering the Third Amended Class Action Settlement Agreement. Plaintiffs and Defendants may oppose such an appeal or review and advocate for affirmance, in whole or in part, of the Order on the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees, and will not be deemed to have waived such arguments.

40.     <u>Incentive Awards to the Lang Objectors and the Lang Objectors' Counsel's Attorneys' Fees</u>.

(a)     Within thirty (30) Business Days of the Final Lang Objectors' Incentive Awards and Attorneys' Fees Settlement Date or Final Lang Objectors' Settlement Agreement Date, whichever is later, Defendants will pay each of the Lang Objectors (or if either of the Lang Objectors passes away at any time following the execution of the Lang Objectors' Settlement Agreement, to the deceased Lang Objectors' estate) an incentive award not to exceed $7,500 if and as awarded by the Court.  The Lang Objectors' Counsel shall provide payment instructions prior to the Final Lang Objectors' Incentive Awards and Attorneys' Fees Settlement Date.

(b)     The Lang Objectors shall not seek Court approval of incentive awards in excess of $7,500 per Lang Objector.  None of these Payments to the Lang Objectors shall be deducted from any payments to Class Members.

(c)     Defendants will pay the Lang Objectors' Counsel's attorneys' fees (but not costs) if and as ordered by the Court, in an amount not to exceed $237,500 for Blake Weiner Law PLLC and the Bandas Law Firm, P.C., and neither Class Counsel nor Defendants will oppose applications by the Lang Objectors' Counsel seeking up to such amount.  If the Lang Objectors' Counsel do not appeal the Order on the Lang Objectors' Counsel's Attorneys' Fees, then payments for the Lang Objectors' Counsel's Attorneys' Fees, if and as ordered by the Court, shall be paid in full within three (3) Business Days of the date that the first Contingency Fee to Class Counsel following the Final Lang Objectors' Incentive Awards and Attorneys' Fees Settlement Date is paid.

(d)     The Lang Objectors' Counsel shall only seek attorneys' fees associated with the increase of the cash damages payment for the Special Election Option for Policyholders in Non-Forfeiture Status (described in Paragraph 37, above).  Specifically, the Lang Objectors' Counsel may only seek fees by reference to the cash damages payment for the Special Election Option set forth in **Appendix C**, III.1 being increased from $1,150 to $1,250.   In any papers filed with or statements made to the Court, the Lang Objectors' Counsel may make representations that:  "Genworth has agreed, after extensive arms-length negotiations, to not oppose the Lang Objectors' Counsel's request for attorneys' fees up to $237,500 for Blake Weiner Law PLLC and the Bandas Law Firm, P.C., combined, and incentive awards up to $7,500 per Lang Objector, if and as ordered by the Court."  If asked by the Court for a statement concerning applications for such amounts, Defendants and Class Counsel will make and not

contradict such representations, but may otherwise respond to the Court's request. In any instance, such non-oppositions shall not be represented or characterized as acknowledgements by Defendants or Class Counsel of the reasonableness of the amounts requested or of the benefit conferred by the Lang Objectors.

(e)     The Lang Objectors and the Lang Objectors' Counsel shall file Motions for the Lang Objectors' Incentive Awards and the Lang Objectors' Counsel's Attorneys' Fees ("Lang Objectors' Motions for Incentive Awards and Attorneys' Fees") that seek entry of an Order or Orders concerning the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees as a separate, post-judgment order or orders. The Lang Objectors and the Lang Objectors' Counsel shall provide Plaintiffs and Defendants with drafts of the Lang Objectors' Motions for Incentive Awards and Attorneys' Fees sufficiently in advance of filing for Plaintiffs and Defendants to review and comment on the draft motion, and the Lang Objectors and the Lang Objectors' Counsel agree to implement and not reject any changes reasonably requested by Plaintiffs or Defendants.

(f)     No payments for the Lang Objectors' Counsel's Attorneys' Fees shall be deducted from any payments to Class Members.

(g)     Genworth will pay the Lang Objectors' Counsel's Attorneys' Fees in an amount awarded by the Court in accordance with the timing set forth in Paragraph 40(c) above. The Lang Objectors' Counsel shall provide wire instructions prior to the Final Lang Objectors' Counsel's Attorneys' Fees Settlement Date.

41.     <u>No Admission of Liability.</u>  The Lang Objectors' Settlement Agreement is a compromise of disputed claims and the consideration provided for herein is not to be construed as an admission on the part of any Party hereto.

42. <u>Non-Disparagement and Public Statements</u>.

(a)     The Parties and their respective counsel shall not make any statements relating to this Action, orally or in writing, to third parties that disparage, are inimical to, or damage the reputation of the Parties.  Disparaging remarks, comments, or statements are those that impugn the character, honesty, integrity, morality, business acumen, motives, or abilities of the Parties.

(b)     The Parties and their respective counsel shall not make any public statements, advertise, promote, or share news or information concerning or related to the Lang Objectors' Settlement Agreement at any time with the media or others who are not necessary to effectuate the terms of the Lang Objectors' Settlement Agreement, except that Class Counsel may, subject to Genworth's prior approval, publish the Lang Objectors' Settlement Agreement, along with a brief, accurate statement concerning the Lang Objectors' Settlement Agreement, on the Action's settlement website, and the Lang Objectors' Counsel may communicate that they represented the Lang Objectors in this Action.

(c)     If, at any time, either Named Plaintiffs, Class Counsel, Defendants, Defendants' Counsel, the Lang Objectors, the Lang Objectors' Counsel, or the Settlement Administrator receives any subpoena or other request for information or documents concerning the Lang Objectors' Settlement Agreement, the recipient of such subpoena or request shall provide, within five (5) Business Days of receipt of such subpoena or request, notice of the subpoena or request to Class Counsel, Defendants' Counsel, and the Lang Objectors' Counsel and shall not disclose or produce any information or documents to the subpoenaing or requesting person or entity unless (i) Named Plaintiffs, Defendants, and the Lang Objectors have approved disclosure or production, (ii) Named Plaintiffs, Defendants, and the Lang Objectors have not

objected to the subpoena or request within the applicable time to do so, or (iii) the Court or other tribunal with jurisdiction over the subpoena or request has authorized or directed production of such information or documents.

43.     <u>Enforceability and Continuing Jurisdiction</u>.  The Lang Objectors' Settlement Agreement is fully enforceable and binding and is admissible and subject to disclosure in any proceeding to enforce its terms.  For the sake of clarity, any Party may seek to enforce the Lang Objectors' Settlement Agreement by motion, suit, or otherwise.  The prevailing Party in any civil action to enforce the Lang Objectors' Settlement Agreement may petition the Court for injunctive or other equitable relief and/or to recover costs and reasonable attorneys' fees incurred in connection with such an enforcement action or motion.  The Court shall retain jurisdiction over the Parties to enforce the Lang Objectors' Settlement Agreement.

44.     <u>Mutual Full Cooperation</u>.  The Parties shall fully cooperate with each other and use their best efforts to accomplish the terms of the Lang Objectors' Settlement Agreement, including, but not limited to, execution of such documents and to take such other actions as may be reasonably necessary to implement the terms of this Lang Objectors' Settlement Agreement.

45.     <u>No Prior Assignments</u>.  The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein discharged except as set forth herein.

46.     <u>No Third-Party Beneficiaries</u>.  The Lang Objectors' Settlement Agreement does not confer any benefits to any third-party.

47.     <u>Construction and Choice of Law</u>.  The terms and conditions of this Lang Objectors' Settlement Agreement are the result of extensive, arms-length negotiations between

the Parties, and all Parties have participated in the drafting of the Lang Objectors' Settlement Agreement and setting forth its terms, and the Lang Objectors' Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or their counsel has participated in the drafting of the Lang Objectors' Settlement Agreement. The law of Virginia shall govern the Lang Objectors' Settlement Agreement without reference to its conflict of law principles.

48.     Modifications.  The Lang Objectors' Settlement Agreement may not be changed, altered, or modified except in a writing signed by GLIC, GLICNY, Class Counsel, each of the Named Plaintiffs (in their individual and representative capacities), each of the Lang Objectors, and the Lang Objectors' Counsel, or as ordered by the Court following a written stipulation between GLIC, GLICNY, Class Counsel, the Lang Objectors' Counsel, each of the Named Plaintiffs (in their individual and representative capacities), and each of the Lang Objectors effectuated through their counsel or the verbal stipulation of counsel for GLIC, GLICNY, each of the Named Plaintiffs (in their individual and representative capacities), and each of the Lang Objectors in open court.

49.     Notice.  All notices provided for under or pursuant to the Lang Objectors' Settlement Agreement shall be in writing and shall be given by email, with a courtesy copy by United States mail, first class, postage prepaid, as follows:

> If to the Named Plaintiffs, the Class, or Class Counsel:
>
> Brian D. Penny
> GOLDMAN SCARLATO & PENNY, P.C.
> 161 Washington Street, Suite 1025
> Conshohocken, PA 19428
> Telephone: (484) 342-0700
> Email: penny@lawgsp.com

Stuart A. Davidson
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Email: sdavidson@rgrdlaw.com

Jonathan M. Petty
PHELAN PETTY, PLC
3315 West Broad Street
Richmond, VA 23230
Telephone: (804) 980-7100
Email: jpetty@phelanpetty.com

Glen Abramson
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Telephone: (866) 252-0878
Email: gabramson@milberg.com

If to Defendants or Defendants' Counsel:

Michael Duvall
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 892-2818
Email: michael.duvall@dentons.com

Brian Pumphrey
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-7745
Email: bpumphrey@mcguirewoods.com

If to the Lang Objectors or the Lang Objectors' Counsel:

Blake A. Weiner
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com

Robert W. Clore
BANDAS LAW FIRM P.C.
802 N. Carancahua, Suite 1400
Corpus Christie, TX 78401
Telephone: (361) 698-5200
Email: rclore@bandaslawfirm.com

*Counsel for Objectors Lonny and Carrol Lang*

50.     Entire Agreement.  The Lang Objectors' Settlement Agreement contains the entire agreement between the Parties relating to the Langs' Objections and the transactions contemplated herein and supersedes all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's counsel, related to the Langs' Objections.

51.     Counterparts.  The Lang Objectors' Settlement Agreement may be executed in counterparts, which, when taken together with other signed counterparts, shall constitute one fully executed agreement that shall be binding upon and effective as to all Parties.  Photographic, facsimile, electronically signed, and scanned PDF copies of signatures shall have the same efficacy of original signatures and may be used for any purpose consistent with this Lang Objectors' Settlement Agreement.

52.     Representations.  By signing the Lang Objectors' Settlement Agreement, each of the Parties expressly represents and warrants as follows:

        (a)     That it has read the Lang Objectors' Settlement Agreement, knows and understands the contents thereof, and has entered into the Lang Objectors' Settlement Agreement voluntarily and of its own volition.

(b)     That, in entering into the Lang Objectors' Settlement Agreement, it has not relied on any representation, warranty, or promise made by any person, except for those expressly set forth herein.

(c)     That, in entering into the Lang Objectors' Settlement Agreement, it has been advised of its meaning and consequences by its legal counsel.

(d)     That it, or the person executing the Lang Objectors' Settlement Agreement on its behalf, has full power, capacity, and authority to execute and deliver the Lang Objectors' Settlement Agreement.

[signatures on next page]

_____

(b)     That, in entering into the Lang Objectors' Settlement Agreement, it has

not relied on any representation, warranty, or promise made by any person, except for those

expressly set forth herein.

(c)     That, in entering into the Lang Objectors' Settlement Agreement, it has

been advised of its meaning and consequences by its legal counsel.

(d)     That it, or the person executing the Lang Objectors' Settlement Agreement

on its behalf, has full power, capacity, and authority to execute and deliver the Lang Objectors'

Settlement Agreement.

[signatures on next page]

_____

Agreed to by:

**FRED HANEY**

DocuSigned by:

*Fred Haney*                                    Date:      1/30/2023
_____                  _____
S2C2D0E5837D4FC...

Fred Haney, Named Plaintiff in His Individual and
Representative Capacities

**MARSHA MERRILL**

DocuSigned by:

*Marsha Merrill*                              Date:      1/30/2023
_____                  _____
5397B302C7574FA...

Marsha Merrill, Named Plaintiff in Her Individual
and Representative Capacities

**SYLVIA RAUSCH**

_____   Date: ___1/30/2023___

Sylvia Rausch, Named Plaintiff in Her Individual
and Representative Capacities

**STEPHEN SWENSON**

_____   Date: ___1/30/2023___

Stephen Swenson, Named Plaintiff in His
Individual and Representative Capacities

**ALAN WOOTEN**

_____   Date: ___1/30/2023___

Alan Wooten, Named Plaintiff in His Individual
and Representative Capacities

**GENWORTH LIFE INSURANCE COMPANY**

_____   Date: _____

Genworth Life Insurance Company

By:  Brian Haendiges

Its:  President and CEO

**GENWORTH LIFE INSURANCE COMPANY
OF NEW YORK**

_____   Date: _____

Genworth Life Insurance Company of New York

By:  Brian Haendiges

Its:  Senior Vice President

Date:
_____

Sylvia Rausch, Named Plaintiff in Her Individual
and Representative Capacities


**STEPHEN SWENSON**

Date:
_____

Stephen Swenson, Named Plaintiff in His
Individual and Representative Capacities


**ALAN WOOTEN**

_____ Date:     January 30, 2023

Alan Wooten, Named Plaintiff in His Individual
and Representative Capacities


**GENWORTH LIFE INSURANCE COMPANY**

Date:
_____

Genworth Life Insurance Company

By: Brian Haendiges

Its: President and CEO


**GENWORTH LIFE INSURANCE COMPANY
OF NEW YORK**

Date:
_____

Genworth Life Insurance Company of New York

By: Brian Haendiges

Its: Senior Vice President

Date: _____

_____
Sylvia Rausch, Named Plaintiff in Her Individual
and Representative Capacities

**STEPHEN SWENSON**

Date: _____

_____
Stephen Swenson, Named Plaintiff in His
Individual and Representative Capacities

**ALAN WOOTEN**

Date: _____

_____
Alan Wooten, Named Plaintiff in His Individual
and Representative Capacities

**GENWORTH LIFE INSURANCE COMPANY**

Date: _____

_____
Genworth Life Insurance Company

By: Brian Haendiges

Its: President and CEO

**GENWORTH LIFE INSURANCE COMPANY
OF NEW YORK**

Date: _____

_____
Genworth Life Insurance Company of New York

By: Brian Haendiges

Its: Senior Vice President

**LONNY LANG**

_Lonny Lang_      Date:   1-30-23
_____
Lonny Lang, Class Member and Objector

**CARROL LANG**

_Carrol Lang_      Date:   01-30-2023
_____
Carrol Lang, Class Member and Objector

**GOLDMAN SCARLATO & PENNY, P.C.**

_____   Date: _____
By (Print Name): _____

_Attorneys for Named Plaintiffs and the Class_

**ROBBINS GELLER RUDMAN & DOWD LLP**

_____   Date: _____
By (Print Name): _____

_Attorneys for Named Plaintiffs and the Class_

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP**

_____   Date: _____
By (Print Name): _____

_Attorneys for Named Plaintiffs and the Class_

**PHELAN PETTY PLC**

_____   Date: _____

**LONNY LANG**

_____     Date: _____
Lonny Lang, Class Member and Objector

**CARROL LANG**

_____     Date: _____
Carrol Lang, Class Member and Objector

**GOLDMAN SCARLATO & PENNY, P.C.**

_Brian Penny_
77E00C9EB9824DC...              Date:   1/30/2023
By (Print Name): _____

_Attorneys for Named Plaintiffs and the Class_

**ROBBINS GELLER RUDMAN & DOWD LLP**

_Stuart Davidson_                 Date:  1/30/2023
By (Print Name): _____

_Attorneys for Named Plaintiffs and the Class_

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP**

_[signature]_                     Date:  1/30/2023
9FBC1C82CCDA7490...
By (Print Name): _____

_Attorneys for Named Plaintiffs and the Class_

**PHELAN PETTY PLC**

_Jonathan Petty_                  Date:  1/30/2023
FE6D593AC979472...

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*

**DENTONS US LLP**

_____     Date:     _____
By (Print Name):     Michael J. Duvall                    January 30, 2023

*Attorneys for Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York*

**MCGUIREWOODS LLP**

_____     Date:     _____
By (Print Name): _____

*Attorneys for Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York*

**BLAKE WEINER LAW, PLLC**

_____     Date:     _____
By (Print Name): _____

*Attorneys for Objectors Lonny and Carrol Lang*

**BANDAS LAW FIRM P.C.**

_____     Date:     _____
By (Print Name): _____

*Attorneys for Objectors Lonny and Carrol Lang*

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*


**DENTONS US LLP**

_____    Date: _____

By (Print Name): _____

*Attorneys for Defendants Genworth Life Insurance*
*Company and Genworth Life Insurance Company*
*of New York*


**MCGUIREWOODS LLP**

_____    Date: 1/30/23

By (Print Name): Brian E. Pumphrey

*Attorneys for Defendants Genworth Life Insurance*
*Company and Genworth Life Insurance Company*
*of New York*


**BLAKE WEINER LAW, PLLC**

_____    Date: _____

By (Print Name): _____

*Attorneys for Objectors Lonny and Carrol Lang*


**BANDAS LAW FIRM P.C.**

_____    Date: _____

By (Print Name): _____

*Attorneys for Objectors Lonny and Carrol Lang*

By (Print Name): _____

*Attorneys for Named Plaintiffs and the Class*


**DENTONS US LLP**

_____ Date: _____
By (Print Name): _____

*Attorneys for Defendants Genworth Life Insurance
Company and Genworth Life Insurance Company
of New York*


**MCGUIREWOODS LLP**

_____ Date: _____
By (Print Name): _____

*Attorneys for Defendants Genworth Life Insurance
Company and Genworth Life Insurance Company
of New York*


**BLAKE WEINER LAW, PLLC**

*Blake A. Weiner* Date: 1/30/2023
By (Print Name): Blake A. Weiner

*Attorneys for Objectors Lonny and Carrol Lang*


**BANDAS LAW FIRM P.C.**

*Rob Clore* Date: 1/30/2023
By (Print Name): Robert Clore

*Attorneys for Objectors Lonny and Carrol Lang*