UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| FRED HANEY, MARSHA MERRILL, SYLVIA RAUSCH, STEPHEN SWENSON, and ALAN WOOTEN, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs<br><br>　　v.<br><br>GENWORTH LIFE INSURANCE COMPANY and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 3:22-CV-00055-REP |

## DECLARATION OF ROBERT CLORE

I, Robert W. Clore, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am a Partner for the Bandas Law Firm, P.C., which maintains its principal place of business in Corpus Christi, Texas. I am an attorney licensed to practice law in Texas since 1999. I became a non-equity Partner at the Bandas Law Firm on June 1, 2021.

3. Blake Weiner and I represent objecting class members Carrol and Lonny Lang. Mr. Weiner is admitted in the Eastern District of Virginia. I was admitted *pro hac vice* by this Court on October 4, 2022. Additionally, attorney Mikell West with the Bandas Law Firm assisted with editing and drafting the papers in support of the objection and in discussing overall strategy

1

of the objection. However, since Mr. West did not move for *pro hac vice* admission, the Langs' counsel forego compensation for his labor.

**Counsel's Skill, Efficiency, and Lodestar**

4. I am an experienced attorney in civil appeals and class actions, having graduated *magna cum laude* from St. Mary's University School of Law. I served as Articles Editor with the St. Mary's Law Journal, held membership in Phi Delta Phi, and clerked two years at the Thirteenth Court of Appeals for the State of Texas before entering private practice. I served as appellate counsel for several highly respected defense firms in Texas before becoming Senior Appellate Counsel for the Bandas Law Firm, P.C., a respected personal injury plaintiff's firm, in early 2016. I am a member of the Appellate Section of the State Bar of Texas and the Corpus Christi Bar Association and am admitted to practice and in good standing with the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits as well as the United States Supreme Court.

5. I am an rated AV Preeminent by Martindale-Hubbell, and am "a seasoned plaintiffs attorney who has successfully represented clients objecting to a number of big-ticket MDL settlements before trial courts and on appeal." Dorothy Atkins, Settling On Zoom: The Rise of Pro Se MDL Objectors, Law360 (Dec. 22, 2020).[1] I have filed class actions in my own right. *See e.g., Arturo Garza, et al. v. Herrman & Herrman, PLLC, et al.*, No. 2:22-cv-00079 (S.D. Tex.). In the last three years, my representation of class members has resulted in nearly $30 million in benefits conveyed to class members Nationwide. *See e.g., In re Optical Disk Drive Prods. Antitrust Litig.*, No. 21- 16291, 2022 U.S. App. LEXIS 15571, at *7 (9th Cir. 2022) (securing vacatur of fee award that resulted in $4.38 million class benefit); *In re Optical Disk Drive Prod. Antitrust Litig.*, 959

---

[1] Accessible at https://www.law360.com/articles/1337218.

F.3d 922 (9th Cir. 2020) and *In re Optical Disk Drive Prod. Antitrust Litig.*, 804 Fed.Appx. 443 (9th Cir. 2020) (prevailing in appeal with vacatur of $52.8 million fee award that resulted in $21.8 million class benefit); *In re Syngenta*, 2:14-MD-02591, Dkt. 4318 at 8-9; 4278 at 3, 6-7 (D. Kan. Jan. 6, 2020) (securing a $3 million monetary benefit for a settlement class of corn farmers and supplying nonmonetary benefits to the claims process). Additionally, I have fought successfully in cases (including in this Circuit) that did not necessarily achieve financial gains, but nevertheless resulted in beneficial precedent for absent class members. *See e.g., In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 489 (4th Cir. 2020) (determining vouchers were coupons under 28 U.S.C. § 1712, the Class Action Fairness Act ("CAFA"), and vacating attorneys' fee award); *Chambers v. Whirlpool Corp.,* 980 F.3d 645 (9th Cir. 2020) (rejecting district court's failure to apply CAFA's coupon provision and vacating improper attorneys' fee award).

      6. I have an even broader array of victories in the context of civil appeals. *See e.g., Cavazos v. Stryker Sales Corp*., No. 13-21-00070-CV, 2022 Tex. App. LEXIS 8142, at *1 (Tex. App.—Corpus Christi Nov. 3, 2022, no pet. h.) (reversing in favor of client plaintiff); *Salinas v. World Houseware Producing Co*., 34 N.Y.3d 925, 926 (Sept. 12, 2019) (New York Court of Appeals reversing in favor of client plaintiff in products liability action); *Broussard v. Omni Hotels Corp. et al.*, 2019 WL 4309574 (Tex. App.—Corpus Christi Sept. 12, 2019, no pet.) (reversing in favor of plaintiff client); *City of San Antonio v. Peralta*, 476 S.W.3d 653, 661 (Tex. App.—San Antonio 2015, no pet.) (affirmance in favor of plaintiff client); *Schaffer v. Nationwide Mut. Ins. Co.*, No. 13-11-00503-CV, 2013 WL 2146833, at *1 (Tex. App. May 16, 2013) (reversal in favor of plaintiff client); *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 142–43 (Tex. 2012) (reversal in favor of client in the Texas Supreme Court); *Guerrero v. Bexar Cty. Civil Serv. Comm'n*, No. 04-12-00523-

3

CV, 2012 WL 6728260, at *1 (Tex. App. Dec. 28, 2012); *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 822 (Tex. 2010) (client's petition for writ of mandamus granted in the Texas Supreme Court); *Butters v. Noyola*, No. 13-07-00713-CV, 2008 WL 3984168, at *1 (Tex. App.—Corpus Christi-Edinburg, Aug. 29, 2008, no pet.) (reversal in favor of client); *Military Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 570 (Tex. 2005) (reversal in favor of client).

7. The Langs's counsel are requesting $237,500 in attorneys' fees as 7% of the $3,250,000 benefit bestowed by the Langs's objection. I believe this fee to be reasonable considering the substantial benefit conveyed to the class, and it compares favorably to percentages awarded to other objectors' attorneys. Indeed, courts often award counsel representing objectors 20% or more for similar efforts. *See In re Easysaver Rewards Litig.*, No. 09-cv-02094-BAS-WVG, 2021 U.S. Dist. LEXIS 13119, at *11 (S.D. Cal. 2021) (awarding objector 25% fees for $3.23 million benefit to *cy pres* beneficiary); *Eubank v. Pella Corp.*, No. 06-CV-4481, 2019 WL 1227832, at *8 (N.D. Ill. Mar. 15, 2019) ("It is well recognized that objectors who add value to litigation through their successful objections are entitled to recover a substantial share of overall attorney's fees. Seventh Circuit caselaw has previously placed such recoveries around 20% of the total attorney's fees."); *Kaufman v. American Express Travel Related Servs., Co.*, 2016 WL 806546, at *13-*14 (N.D. Ill. Mar. 2, 2016) (awarding objector fees of 34% of the benefit); *Arnett v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 149679, 2014 WL 5419125, at *3 (D. Or. Oct. 22, 2014) (25% fee to objector's counsel); *Lan v. Ludrof*, No. 1:06-cv-114, 2008 WL 763763, at *28 (W.D. Pa. Mar. 21, 2008) (awarding objector fee of 25% of the benefit).

8. A court recently awarded me a 14.27% fee for a similarly sized $4.3 million benefit to a settlement class. *See In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143, 2022 U.S. Dist. LEXIS 151727, at *19-20 (N.D. Cal. Aug. 22, 2022). The same court awarded me a 7% fee

4

for a much larger $21 million benefit, characterizing the fee as "relatively modest." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143, Dkt. 3062, 2021 U.S. Dist. LEXIS 171405, at *24 (N. D. Cal. Sept. 9, 2021).

9. The reasonableness of the Langs' requested $237,500 in attorneys' fees is further substantiated by a lodestar cross-check. As of January 24, 2023, the Langs counsels' total lodestar is $232,485. *See* Exhibit 1; *see also In re The Mills*, 265 F.R.D. at 264 ("[T]he Court may accept hours estimates provided by Lead Counsel."). The Langs' counsel total lodestar would amount to $268,605. However, since one of the attorneys who contributed to this lodestar, Mikell West of the Bandas Law Firm, did not move for *pro hac vice* admission, the Langs' counsel agree to forego his $36,120 lodestar (based on 51.6 hours at $700 per hour) for purposes of this fee motion. As such, the total lodestar is $232,485. This creates a multiplier of 1.02. This is far below the 2.4 multplier in *Halcom* as well as the 3 multiplier for Podoll/Friedman and 3.75 multiplier for Belkin in this case.

10. The following chart summarizes the Langs' counsels' lodestar:

| Attorney | Years Exp. | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Robert W. Clore, Partner, Bandas Law Firm | 22 | $750 | 298.7 | $224,025 |
| Blake A. Weiner Blake Weiner Law, PLLC | 4 | $450 | 18.8 | $8,460 |
| **TOTAL** | | | 317.5 | $232,485 |

11. My hourly rate is $750, which is comparable to the rates for counsel with similar experience approved by this Court in *Halcom*. It is also well below many of the rates charged by

class counsel. ECF No. 43-5 at PGID#1245 (hourly rates up to $1,100 per hour); PGID# 1412 (hourly rates up to $930 per hour); *see also In re Optical Disk Drive Prods. Antitrust Litig*., No. 10-md-02143-RS, 2021 U.S. Dist. LEXIS 171405, at *25-26 (N.D. Cal. 2021) (finding fee reasonable on lodestar cross-check where Mr. Clore billed at an hourly rate of $750; noting that this rate "falls on the lower end of the range that has been found reasonable in similar circumstances"). It is also well below the rates of the Adjusted Laffey Matrix for attorneys out of law school for more than twenty years. *See* http://www.laffeymatrix.com/see.html ($914/hour for attorneys out of law school for more than twenty years).

12. I accumulated my time in this matter between September 6, 2022 and January 24, 2023 by conferring with Carrol and Lonny Lang on a regular basis; analyzing the Skochin and Halcom dockets; conducting extensive legal research; drafting, editing, and finalizing drafts of the written objection and supporting papers; preparing for the final approval hearing; traveling to Richmond, Virginia from Corpus Christi, Texas to argue at the final approval hearing; preparing for and engaging in a formal mediation; extensive settlement negotiations with opposing counsel; and monitoring the docket.

13. Mr. Wiener accumulated his time between September 21, 2022 and January 24, 2023 by conferring with the Langs and with me; analyzing and editing drafts of the written objection and supporting papers; finalizing the objection and supporting papers for filing; attending the final approval hearing; and participating in mediation.

14. I believe our commitment of time on this case was both reasonable and necessary in furtherance of the Langs's objections which led to the additional $3,250,000 benefit bestowed on the class.

15. The nature of the Langs's objection required that we be familiar with the entire timeline of the case, including the proceedings and settlement benefits in the related *Skochin* and *Halcom* cases. Though the process of improving the larger settlement agreement may not have been as complex as negotiating the original agreement, it entailed its own complexity and unique challenges. In order to argue that the Non-Forfeiture Status class members were entitled to greater relief, counsel was required to, among other things, compare and contrast the *Halcom* and *Skochin* settlements relative to the relief offered in *Haney*.

16. We were also required to negotiate for several months longer than the Belkin and Podoll/Friedman objectors to secure the additional $100 increase for the Non-Forfeiture Status members. Had we not, the payments would have remained at $1,150. Further, unlike these objectors, we were required to advocate on behalf of their objections during the final approval hearing.

17. We took this case on a contingency basis and was accordingly prepared to put in the time and effort without the guarantee of payment.

18. The Langs do not seek separate reimbursement for any expenses that they might be entitled to for proceedings in this Court, including for expenses, printing, and legal research costs.

Dated this the 30th of January 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                    */s/ Robert W. Clore*
                                                  Robert W. Clore